# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: FIRE APPARATUS ANTITRUST LITIGATION                    MDL No. 3179

## TRANSFER ORDER

**Before the Panel:**[*]  The common defendants in all actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, the District of Kansas.[1]  This litigation consists of twelve actions pending in three districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of seven additional related actions – three in the Central District of California, one in the Southern District of California, one in the District of Kansas, one in the Western District of Oklahoma, and one in the Eastern District of Wisconsin.[2]  The actions allege that the leading fire apparatus manufacturers in the United States and various related entities have engaged in conduct from at least 2016 to the present to substantially lessen competition in the U.S. fire truck industry, artificially inflate prices, and restrain trade, in violation of federal antitrust law and/or state laws.

Plaintiffs in nine actions support centralization, though their views vary on the selection of a transferee district.  Most request the Eastern District of Wisconsin as their first choice, with some suggesting the District of Kansas, the Northern District of California, or the Central District of California as a second choice.  One plaintiff requests the District of Kansas as its first choice or, alternatively, the Northern District of Illinois.  Plaintiffs in six actions oppose centralization under Section 1407 in favor of using motions for transfer under Section 1404 to consolidate all related actions in a single district; alternatively, they request the Eastern District of Wisconsin as transferee district.  Plaintiffs in four potential tag-along actions in the Central and Southern

---

[*] Judge David C. Norton and Judge Roger T. Benitez did not participate in the decision of this matter.

[1] The moving defendants are Oshkosh Corporation; Pierce Manufacturing, Inc.; REV Group, Inc.; E-One, Inc.; Ferrara Fire Apparatus, Inc.; Kovatch Mobile Equipment Corporation; Spartan Fire, LLC; Smeal SFA, LLC; Smeal LTC, LLC; Rosenbauer America, LLC; Rosenbauer South Dakota, LLC; Rosenbauer Minnesota, LLC; AIP, LLC; American Industrial Partners Capital Fund IV, LP; American Industrial Partners Capital Fund IV (Parallel), LP; AIP/CHC Holdings, LLC; and the Fire Apparatus Manufacturers' Association ("FAMA").

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i) and 7.1.

-2-

Districts of California request exclusion of their actions from any MDL.[3]   Alternatively, they request a separate MDL in the Central District of California that would be limited to their actions and any future actions that principally concern mergers and acquisitions in the fire truck industry, in contrast to the alleged conspiracy involving FAMA in the actions on the motion.  If a single MDL is ordered over their objections, they request the Central District of California. Eleven defendants in the California actions support centralization of all actions, including the California potential tag-along actions, in a single MDL in the Northern District of Illinois or, alternatively, the District of Kansas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions present common factual questions arising out of allegations that, as a result of a series of acquisitions, three manufacturers – the REV Group, Oshkosh Corporation, and Rosenbauer America, LLC – dominate the U.S. fire truck manufacturing industry and have used their market power to fix, raise, maintain, or stabilize the price of fire trucks sold in the United States from January 2016 through the present, in violation of federal antitrust law.  Plaintiffs in all actions on the motion allege that defendants have engaged in a conspiracy to increase the price of fire trucks principally by (1) restraining the production of fire trucks; and (2) exchanging competitively sensitive information.  Common questions of fact will include: the duration and scope of the alleged conspiracy; whether defendants restrained the production of fire trucks or exchanged competitively sensitive information; whether defendants wield market power in the relevant market; the extent of price increases; the role of private equity firm American Industrial Partners and its affiliates in the alleged price increases; and whether plaintiffs suffered injury. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs opposing centralization principally argue that transfer under Section 1404 is practicable and preferable to centralization, asserting, *inter alia*, that plaintiffs have made significant progress in self-organizing the actions in the Eastern District of Wisconsin, Section 1404 transfer of all related actions to that district would enable the actions to be consolidated for all purposes including trial, and Section 1404 transfer motions are pending in three actions.  On a number of occasions, the Panel has denied centralization where a "reasonable prospect" exists that Section 1404 motions will eliminate the multidistrict character of a litigation. *See, e.g., In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012).  The mere pendency of such motions, though, is not necessarily sufficient to defeat centralization.  We look to other circumstances to determine whether there is a reasonable prospect that the Section 1404 motions will resolve the difficulties posed by duplicative multidistrict litigation including, for example, the number of involved districts; the amenability of counsel to Section 1404 transfer; orders addressing transfer in the underlying actions; and the likelihood of potential tag-along actions.  *See In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 619 F. Supp. 3d 1349, 1350-51 (J.P.M.L. 2022).

---

[3] The California actions are *People of the State of California v. REV Group, Inc.*, No. 26-01468 (C.D. Cal.); *People of the State of California v. REV Group, Inc.*, No. 26-2045 (S.D. Cal.); *Ebbetts Pass Fire Protection District v. REV Group, Inc.,* No. 26-02926 (C.D. Cal.); and *City of Santa Barbara v. REV Group, Inc.*, No. 26-03045 (C.D. Cal.).

-3-

Here, we find that the pending and anticipated transfer motions in the actions outside of the Eastern District of Wisconsin do not provide a practicable alternative to centralization, given the number of actions, districts, and involved counsel. Including potential tag-along actions, the actions are pending in seven districts and involve at least seven distinct slates of plaintiffs' counsel. Defendants have opposed the Section 1404 transfer motions, and no transfer orders have issued. Moreover, there has been no indication that Section 1404 transfer motions will be filed in the six most recently-filed potential tag-along actions. These circumstances portend significant obstacles and inefficiencies to transfer of these actions to a single district under Section 1404.

Plaintiffs in the four potential tag-along actions in California oppose their inclusion in the MDL based on asserted factual and legal differences raised by their actions, while defendants support inclusion of the actions, pointing to common factual and legal issues concerning the alleged supracompetitive pricing in the fire truck industry. Because the actions are potential tag-along actions, we will not decide at this time whether their transfer is appropriate.[4] Any objections to the inclusion of potential tag-along actions will be considered in the context of a motion to vacate a conditional transfer order (if issued) or a motion to transfer.[5]

We conclude that the Eastern District of Wisconsin is the appropriate transferee district for this litigation. Defendants Oshkosh Corporation, Pierce Manufacturing, and the REV Group reportedly are headquartered in this district, where common witnesses and other evidence likely will be found. Nine of the twelve actions on the motion are pending there, along with one potential tag-along action. Additionally, the vast majority of plaintiffs support this district as their first or second choice for transferee district. The Honorable William C. Griesbach, to whom we assign this litigation, is an experienced transferee judge who has the willingness and ability to manage this litigation. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Wisconsin are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable William C. Griesbach for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton　　　　　Matthew F. Kennelly
Dale A. Kimball　　　　　　　Madeline Cox Arleo

---

[4] *See, e.g., In re FCA US LLC Monostable Elec. Gearshift Litig.*, 214 F. Supp. 3d 1354, 1356 & n.4 (J.P.M.L. 2016).

[5] *See* Panel Rules 6.1 and 7.1.

IN RE: FIRE APPARATUS ANTITRUST LITIGATION          MDL No. 3179

## SCHEDULE A

District of Massachusetts

CITY OF REVERE v. AIP, LLC, ET AL., C.A. No. 1:25−13462
CITY OF CHELSEA v. FIRE APPARATUS MANUFACTURERS'
    ASSOCIATION, ET AL., C.A. No. 1:25−13643

District of New Jersey

BOROUGH OF ROSELAND v. FIRE APPARATUS MANUFACTURERS'
    ASSOCIATION, ET AL., C.A. No. 2:25−18312

Eastern District of Wisconsin

IN RE: FIRE APPARATUS ANTITRUST LITIGATION, C.A. No. 1:25−01252

IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION,
    C.A. No. 1:25−01543

THE NEWSTEAD FIRE CO., INC. v. OSHKOSH CORPORATION, ET AL.,
    C.A. No. 1:25−01693

CITY OF ONALASKA v. OSHKOSH CORPORATION, ET AL., C.A. No. 1:25−01717

CITY OF PHILADELPHIA v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−01801

CITY OF ANN ARBOR v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−01973

CITY OF LIBERTY, MISSOURI v. OSHKOSH CORPORATION, ET AL., C.A.
    No. 1:25−02002

CITY OF ARCADIA v. AMERICAN INDUSTRIAL PARTNERS LLC, ET AL.,
    C.A. No. 1:25−02005

COMMACK FIRE DISTRICT v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−02013