**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

|  |  |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

**[PROPOSED] ORDER ON CONFIRMATION OF APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL FOR THE PUTATIVE DIRECT PURCHASER PLAINTIFF CLASS**

WHEREAS, the Judicial Panel on Multidistrict Litigation coordinated for pretrial proceedings, among other cases, the following matters, *In Re: Direct Purchaser Fire Apparatus Litigation*, 1:25-cv-01252 (E.D. Wis.),[1] *City of Revere v. AIP, et al.,* 1:25-cv-13462 (D. Mass.), *City of Chelsea v. Fire Apparatus Manufacturers Association, et al.,* 1:25-cv-13643 (D. Mass.), and *Borough of Roseland v. Fire Apparatus Manufacturers Association, et al.,* 2:25-cv-18313 (D.N.J.) (collectively, "Direct Purchaser Antitrust Actions");

WHEREAS, Plaintiffs' requested interim leadership for the putative Direct Purchaser Antitrust Class Action satisfies the standards for the appointment to the respective positions pursuant to Fed. R. Civ. P. 23(g);

---

[1] Consolidated matters include: *City of Augusta v. Oshkosh Corp., et al.,* 1:25-cv-01543, *The Newstead Fire Co., Inc. v. Oshkosh Corp, et al.,* 1:25-cv-01693 (E.D. Wis.); and *City of Philadelphia v. v. Oshkosh Corp., et al.,* 1:25-cv-01801 (E.D. Wis.). These cases were first consolidated on November 25, 2025 at 1:25-cv-01543 and were captioned, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation.* Later, by further order of the Court, these consolidated matters were further consolidated at 1:25-cv-01252, and the matter was to be known as *In Re: Fire Apparatus Antitrust Litigation,* but for matters concerning only the putative Direct Purchaser Class, the case would be called *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation. See* 1:25-cv-01543 (E.D. Wis.) at ECF 78.

WHEREAS, Plaintiffs' requested interim leadership for the putative Direct Purchaser Antitrust Class Action was previously ordered on November 25, 2025 and modified on December 29, 2025 by the Honorable Byron B. Conway, another judge of this Court; and

WHEREAS, the appointment of interim leadership will best serve the interests of all Direct Purchaser Plaintiffs and the proposed direct purchaser class, and will enable the orderly and efficient progress of the litigation.

It is hereby ORDERED:

1. The prior orders of the Honorable Byron B. Conway, as referred to above remain in full force and effect. What follows is for clarification and to the extent that there is any discrepancy between this Order and the prior orders, this Order shall be deemed a modification of the prior Orders.

2. To the extent pleadings, motions, or any other filed document pertain to both putative classes, and all individual actions (non-class actions) that are part of this MDL, the case caption shall state: "*This Document Relates to All Actions*." When a pleading, motion, or any other filed document pertains only to the putative Direct Purchaser Class, the caption shall state: "*This Document Relates to the Direct Purchaser Actions*."

3. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Interim Class Counsel to act on behalf of the putative direct purchaser class before determining whether to certify the action as a class action. The following appointments in the *In re: Fire Apparatus Antitrust Litigation* (the "Action") as related to the Direct Purchase Actions:

Interim Co-Lead Class Counsel:

- Barrack, Rodos & Bacine

- Cuneo Gilbert Flannery & LaDuca, LLP

- Preti, Flaherty, Beliveau & Pachios, LLP

- The Saveri Law Firm

Interim Liaison Class Counsel:

- von Briesen & Roper, s.c.

These appointments apply to the firms. The Court may add or replace the appointed firms upon request of Interim Co-Lead Class Counsel or on the Court's own motion where circumstances warrant.

4. Interim Co-Class Counsel shall be responsible, in their discretion, for coordinating pre-trial activities on behalf of all Direct Purchaser Plaintiffs and the proposed putative class in the Action, and shall:

- Determine and present to the Court and Defendants, Direct Purchaser Plaintiffs' position on all matters during pretrial proceedings (whether by brief, oral argument, or other manner, personally or by a designee);

- Coordinate and conduct discovery on behalf of Direct Purchaser Plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26, including propounding and responding to written discovery and noticing, taking and defending depositions, and making decisions regarding the staffing of depositions and coordinating with other firms;

- Coordinate, direct, and monitor the work of all Direct Purchaser Plaintiffs' counsel to ensure the efficient, orderly, non-duplicative, and cost-effective prosecution of Direct Purchaser Plaintiffs' claims;

- Conduct and coordinate settlement negotiations, and enter into any settlement agreements on behalf of Direct Purchaser Plaintiffs and the proposed class;

- Enter into stipulations or other agreements with opposing counsel and any non-party counsel for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties as needed;

- Maintain adequate time and disbursement records covering services for Direct Purchaser Plaintiffs' counsel;

- Appoint any committees to handle specific tasks or areas of responsibility as appropriate;

- Allocate among Direct Purchaser Plaintiffs' counsel any award of attorney's fees and expenses; and

- Perform such other duties on behalf of Direct Purchaser Plaintiffs and the proposed class as necessary or incidental to the proper coordination and execution of pretrial activities or as authorized by Court order.

**SO ORDERED** this            day of                                    , 2026.

_____
HON. WILLIAM C. GRIESBACH, U.S.D.J.

4