| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Direct (Non-Class) Actions | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

## [PROPOSED] ORDER APPOINTING LEAD COUNSEL AND ESTABLISHING A SEPARATE TRACK FOR THE DIRECT (NON-CLASS) ACTIONS

On May 13, 2026, this Court convened its preliminary conference in the above-captioned proceeding. The Court ordered the recognition of three tracks to this litigation—the Direct (Non-Class) Action Track, the Direct Purchaser Class Action Track, and the Indirect Purchaser Class Action Track—and that Simonsen Sussman LLP ("Simonsen Sussman") and Baron & Budd, P.C. ("Baron & Budd"), who represent the plaintiffs in all of the currently filed Direct (Non-Class) Actions,[1] be appointed Lead Counsel for the Direct Action Plaintiffs. Consistent with that order,

---

[1] The currently filed Direct (Non-Class) Actions are:
1. *People of the State of California, acting by and through the Los Angeles County Counsel; County of Los Angeles; and Consolidated Fire Protection District of Los Angeles County v. REV Group, Inc., et al.* (Case No. 2:26-cv-01468 (C.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00632);
2. *People of the State of California, acting by and through the Office of the County Counsel, County of San Diego; County of San Diego; and San Diego County Fire Protection District v. REV Group, Inc., et al.* (Case No. 3:26-cv-02045 (S.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00635);
3. *People of the State of California, acting by and through the San Diego City Attorney's Office; and City of San Diego v. Rev Group, Inc., et al.* (Case No. 3:26-cv-02412 (S.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00729);
4. *Ebbetts Pass Fire Protection District v. REV Group, Inc., et al.* (Case No. 2:26-cv-02926 (C.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00633);

the Court orders as follows:

1.      This Order shall govern pretrial practice and procedure of the existing and any future-filed Direct (Non-Class) Actions in this litigation.

2.      The Direct Actions shall be consolidated for pretrial purposes in the "Direct (Non-Class) Action Track" pursuant to Fed. R. Civ. P. 42(a). Such consolidation shall have no substantive effect on any individual claims asserted, nor does it render any person or entity a party to any action in which it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. The individual cases that are hereby consolidated shall not lose their separate identities for substantive purposes, including entry of final orders and judgments. The Direct Actions shall be coordinated with the Direct Purchaser Class Actions and the Indirect Purchaser Class Actions proceeding on parallel tracks in this litigation.

---

5.  *City of Santa Barbara v. REV Group, Inc., et al.* (Case No. 2:26-cv-03045 (C.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00634);
6.  *Unified Fire Authority v. REV Group, Inc., et al.* (Case No. 2:26-cv-00284 (D. Utah), transferred to E.D. Wis., Case No. 2:26-cv-00684);
7.  *County of Butte v. REV Group, Inc., et al.* (Case No. 2:26-cv-03725 (C.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00727);
8.  *County of Shasta v. REV Group, Inc., et al.* (Case No. 2:26-cv-03756 (C.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00728);
9.  *City of Hartford v. REV Group, Inc., et al.* (Case No. 3:26-cv-00548 (D. Conn.), transferred to E.D. Wis., Case No. 2:26-cv-00731);
10. *City of Portland, Oregon v. REV Group, Inc., et al.* (Case No. 3:26-cv-00742 (D. Or.), transferred to E.D. Wis., Case No. 2:26-cv-00732);
11. *City of Allentown v. Rev Group, Inc., et al.* (Case No. 5:26-cv-02649 (E.D. Pa.), transferred to E.D. Wis., Case No. 2:26-cv-00811);
12. *City of Oakland v. REV Group, Inc., et al.* (Case No. 4:26-cv-03503 (N.D. Cal.), transferred to E.D. Wis., Case No. 2:26-cv-00810);
13. *City of Portsmouth v. REV Group, Inc., et al.* (Case No. 1:26-cv-00737 (E.D. Wis.));
14. *City of Green Bay v. REV Group, Inc., et al.* (Case No. 2:26-cv-00819 (E.D. Wis.));
15. *City of Santa Clara v. REV Group, Inc., et al.* (Case No. 5:26-cv-04274 (N.D. Cal.), notice of tag-along filed with JPML);
16. *City of Yonkers v. REV Group, Inc., et al.* (Case No. 7:26-cv-03894 (S.D.N.Y.), notice of tag-along filed with JPML).

2

3.      If any non-class action that arises from the same facts and circumstances and makes substantially the same allegations as those asserted in the Direct Actions is filed in or removed or transferred to this Court, the Clerk of Court shall mail or send via electronic mail a copy of this Order to the attorneys for the parties in that case. That subsequent case shall be deemed consolidated with the other Direct Actions unless an objection is filed within 10 days of notice to counsel for plaintiffs in the subsequent case and the objection is sustained.

4.      Lead Counsel for the Direct Action Plaintiffs shall call to the attention of the Clerk of this Court the filing or transfer of any case that might properly be placed in the Direct Action Track.

5.      When a pleading or other filing is intended to be applicable to all the Direct Actions, the words "All Direct (Non-Class) Actions" shall appear immediately after or below the words "This Document Relates to:" in the caption for this multidistrict litigation:

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Direct (Non-Class) Actions | Case No. 2:26-md-03179-WCG |

6.      All of the Direct Actions shall be placed on the Direct Action Track. All cases described in paragraph 3, *supra*, shall also be placed on the Direct Action Track once they are deemed consolidated with the other actions subject to this Order.

7.      Simonsen Sussman and Baron & Budd are hereby appointed Lead Counsel for the Direct Action Plaintiffs ("Lead Direct Action Plaintiffs' Counsel").

8.      Simonsen Sussman and Baron & Budd, as Lead Direct Action Plaintiffs' Counsel,

are hereby designated as the counsel for Direct Actions upon whom all notices, orders, pleadings, motions, discovery, and memoranda in this litigation shall be served, and all parties shall serve papers on any plaintiff in any Direct Action by serving each of the Lead Direct Action Plaintiffs' Counsel. An agreement reached between Defendant(s) and Lead Direct Action Plaintiffs' Counsel or their designee(s) shall be binding on all the other plaintiffs' counsel in the Direct Actions. Only Lead Direct Action Plaintiffs' Counsel may file papers with the Court on behalf of the Direct Action Track.

9.    Duties of Lead Direct Action Plaintiffs' Counsel: Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of the Direct Action Plaintiffs in this multidistrict litigation, including:

    a. Signing any pleadings, motions, briefs, discovery requests or objections, subpoenas, notices, and other documents on behalf of Direct Action Plaintiffs;

    b. Determining and presenting in motions, briefs, oral argument, or such other fashion as may be appropriate, the position of Direct Action Plaintiffs as to all matters arising during pretrial proceedings;

    c. Coordinating and conducting discovery on behalf of the Direct Action Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including propounding and responding to written discovery and noticing, taking, and defending depositions, and making decisions regarding the staffing of depositions and coordinating with other firms;

    d. Designating attorneys to act as representatives, speakers, and liaisons for Direct Action Plaintiffs;

    e. Negotiating and entering into stipulations and agreements with counsel for

4

Defendant(s) with respect to all pretrial matters in this litigation on behalf of the Direct Action Plaintiffs, including discovery and settlement matters;

f.  Employing and consulting with experts;

g.  Calling meetings of Direct Action Plaintiffs' counsel when deemed appropriate;

h.  Identifying and assigning work and tasks that are eligible for attorneys' fees to counsel for Direct Action Plaintiffs; coordinating, directing, and monitoring the work of all Direct Action Plaintiffs' counsel to ensure the efficient, orderly, non-duplicative, and cost-effective prosecution of Direct Action Plaintiffs' claims; and performing such other duties as the Lead Direct Action Plaintiffs' Counsel deem necessary or as authorized by further order of the Court. With respect to the Direct Action Track, only work assigned by Lead Direct Action Plaintiffs' Counsel will be eligible for compensation;

i.  Appointing any committees to handle specific tasks or areas of responsibility as appropriate;

j.  Allocating any attorneys' fees or expenses that the Court may award in this matter amongst the various Direct Action Plaintiffs' counsel participating in the case based on the reasonable judgment of Lead Counsel as to the contributions of each respective firm to the success of the case;

k.  On a monthly basis, collecting reports of contemporaneously prepared attorney and paralegal time and expense records from each firm representing any Direct Action Plaintiff. Each Direct Action Plaintiff firm that may seek a portion of any fee awarded by the Court shall serve, on a monthly basis, a

report on Lead Direct Action Plaintiffs' Counsel summarizing, according to each separate activity, the time and expense spent by its members, associates, or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates, and expenses to date; and

l. Performing such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

10. Lead Direct Action Plaintiffs' Counsel shall promptly file a Consolidated Amended Direct Action Complaint consolidating all of the Direct Action complaints into a single consolidated amended complaint. The filing of the Consolidated Amended Direct Action Complaint shall not prejudice Direct Action Plaintiffs' ability to amend as of right under Fed. R. Civ. P. 15(a)(1).

11. Lead Direct Action Plaintiffs' Counsel shall meet and confer with counsel for Defendants and propose a stipulation for the incorporation of subsequently filed Direct Actions into the Consolidated Amended Direct Action Complaint.

**IT IS SO ORDERED**, this____ day of May, 2026.

_____
HONORABLE WILLIAM C. GRIESBACH
UNITED STATES DISTRICT JUDGE

6