**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

|  |  |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | MDL No. 3179 |
|  | Case No. 2:26-md-03179-WCG |
|  | Hon. William C. Griesbach |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS CITY OF LA CROSSE, CITY OF ONALASKA, AND CLAVERACK FIRE DISTRICT'S MOTION FOR APPOINTMENT OF CLASS COUNSEL**</u>

**Page**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 3

    A. Legal Standard ............................................................................................ 3

    B. Proposed Co-Lead Counsel satisfy Rule 23(g) ......................................... 4

        1. IPPs overwhelmingly support the leadership of Proposed Co-Lead Counsel. ................................................................... 4

        2. Proposed Co-Lead Counsel have expended significant time and resources to investigate Plaintiffs' claims and advance this litigation, including filing the first complaint nine months ago. ................................................................................. 5

        3. Proposed Co-Lead Counsel are highly qualified and sufficiently resourced. .............................................................. 8

            a. HB is qualified to serve as interim co-lead counsel. ....................... 8

            b. CD is qualified to serve as interim co-lead counsel. ...................... 11

            c. GG is qualified to serve as interim co-lead counsel. .................... 13

        4. Proposed Co-Lead Counsel have the resources necessary to effectively prosecute this litigation ............................................ 18

        5. Proposed Co-Lead Counsel will continue to work collaboratively with all counsel, including those appointed to a Plaintiff Executive Committee. ............................................ 18

        6. Proposed Co-Lead Counsel stands ready to incorporate additional claims for the class and file a complaint accordingly. ................................................................................. 23

    C. The Proposed Leadership Structure Best Protects the Interests of the Class. ................................................................................................... 24

III. CONCLUSION .................................................................................................... 25

011328-11/3597419 V1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Actos Antirust Litigation*,
  No. 1:13-cv-09244 (S.D.N.Y.)...................................................................................22

*In re Amitiza Antitrust Litig.*,
  No. 1:21-cv-11057 (D. Mass.) ....................................................................................9

*In re: Amitiza Antitrust Litigation.*,
  21-cv-11057 (D.Mass.) ...............................................................................................21

*In Re: Aqueous Film-Forming Foams Prods. Liability Litig.*,
  18-mn-2873 (D.S.C. 2018) ....................................................................................11, 12

*Arizona v. RealPage, Inc.*,
  No. CV2024-003889 (Ariz. Super. Ct) ......................................................................10

*In re Auto. Parts Antitrust Litig.*,
  No. 2:12-md-02311 (E.D. Mich.) ...............................................................................23

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret.*
  *Income Sec. Act (ERISA) Litig.*,
  No. 09-MD-2058, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011).............................8

*In re Bear Stearns Companies, Inc. Sec., Derivative, & Emp.*
  *Ret. Income Sec. Act (Erisa) Litig.*,
  No. 08-MD-1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ......................................4

*United States, ex rel. Behnke v. CVS Health Corp., et al.*,
  No. 2:14-cv-00824 (MSG)..........................................................................................22

*Bhatia v. 3M Co.*,
  No. 16 cv-1304 (D. Minn) ..........................................................................................16

*In re Broiler Chicken Antitrust Litig.*,
  No. 1:16-cv-08637 (N.D. Ill.) ...............................................................................14, 17

*Canchola v. Allstate Ins. Co.*,
  8:23-cv-00734 (C.D. Cal. 2023) ................................................................................12

*In re Cattle and Beef Antitrust Litig.*,
  No. 0:22-cv-3031 (D. Minn.)..............................................................................14, 15, 17

011328-11/3597419 V1

*In re Change Healthcare Inc. Customer Data*
  *Security Breach Litig.*,
  MDL 3108 (D. Minn.) ..................................................................................................17, 18

*City of Augusta v. Oshkosh Corp.*,
  No. 1:25-cv-01543, ECF 1 ....................................................................................................6

*City of Philadelphia v. Oshkosh Corp.*,
  No. 1:25-cv-01801 (E.D. Wis.)..............................................................................................6

*City of Rochester, New York v. Oshkosh Corp., et al.*,
  No. 1:26-cv-00823 (E.D. Wis.)............................................................................................24

*In re College Athlete NIL Litig.*,
  No. 4:20-cv-03919 (N.D. Cal.) ........................................................................................9, 10

*In re Combat Arms Earplugs Litig.*,
  MDL 2885 (Minn.) ..............................................................................................................17

*Cumberland County v. The Chemours Co.*,
  22 CVS 1569 (N.C. Sup. Ct.) ..............................................................................................11

*De Coster et al. v. Amazon.com, Inc.*,
  No. 2:21-cv-00693 (W.D. Wash. Aug. 6, 2025).................................................................10

*In Re Dealer Mgmt. Sys. Antitrust Litig.*,
  MDL No. 2817 (N.D. Ill.)....................................................................................................16

*In re Deere & Co. Repair Services Antitrust Litig.*,
  MDL 3030 (N.D. Ill.)...........................................................................................................17

*In re Deere & Co. Repair Servs. Antitrust Litig.*,
  MDL No. 3030 (N.D. Ill.).....................................................................................................16

*In re Delphi ERISA Litig.*,
  230 F.R.D. 496 (E.D. Mich. 2005) ........................................................................................3

*In re Elec. Books Antitrust Litig.*,
  No. 11-md 02293 (S.D.N.Y.).................................................................................................9

*In re Fire Apparatus Antitrust Litig.*,
  No. 1:25-cv-01252 (E.D. Wis.)..........................................................................................2, 7

*In re: Fire Apparatus Antitrust Litig.*,
  No. 2:26-md-03179 (E.D. Wis.) .......................................................................................2, 25

*In re Forefront Data Breach Litig.*,
  No. 21-CV-1105, 2022 WL 20690780 (E.D. Wis. Jan. 27, 2022) .....................................2, 3

*In re Foundry Resins Antitrust Litig.*,
No. 2:04-md-1638 (S.D. Ohio Dec. 10, 2004).................................................................5

*Friedman v. Rayovac Corp.*,
219 F.R.D. 603 (W.D. Wis. 2002)....................................................................................24

*In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
No. 23-MD-3078, 2023 WL 5878523 (E.D. Wis. July 18, 2023) .....................................1

*In re Granulated Sugar Antitrust Litig.*,
No. 24-md 0311 (D. Minn).........................................................................................16, 18

*In re H & R Block Mortg. Corp., Prescreening Litig.*,
No. 2:06-MD-230, 2006 WL 8452445 (N.D. Ind. Oct. 25, 2006)..................................4, 5

*Hill v. The Trib. Co.*,
No. 05-CV-2606, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) .....................................3, 4

*In re International Air Transportation Surcharge Antitrust Litigation*,
No. 3:06-md-01793 (N.D. Cal.).......................................................................................23

*Iron Workers Mid–South Pension Fund on Behalf of Caterpillar
Inc. v. Oberhelman*,
No. 1:13-cv-01104, 2014 WL 5801508 (C.D. Ill. Nov. 7, 2014) ......................................5

*Jammal v. Am. Family*,
13-CV-437 (N.D. Ohio 2013)...........................................................................................12

*Marchese v. Cablevision Systems Corp., and CSC Holdings, Inc.*,
10-cv-02190 (D.N.J.) .......................................................................................................21

*In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.*,
MDL No. 1905 (D. Minn.)..........................................................................................15, 16

*In Re: Nat'l Prescription Opiate Litig.*,
17-md-2804 (N.D. Ohio 2017) .........................................................................................11

*In re National Collegiate Athletic Association Athletic Grant-In-Aid
Cap Antitrust Litig.*,
No. 4:14-md-02541 (N.D. Cal.).....................................................................................9, 10

*In Re: National Prescription Opiate Litig.*,
17-md-2804 (N.D. Ohio 2017) .........................................................................................12

*Parry v. Farmers Ins. Exch.*,
BC683856 (Sup. Ct. Cal. 2017) .......................................................................................12

011328-11/3597419 V1

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    No. 05-MD-1720, 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006)................................4

*In re Pork Antitrust Litig.*,
    No. 0:18-cv-01776 (D. Minn.).......................................14, 15, 16, 17, 18

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
    No. 1:08-cv-00042 (E.D.N.Y.) ...............................................17

*Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*,
    574 F.3d 852 (7th Cir. 2009) ................................................24

*In re Seroquel XR (Extended Release Quetiapine Fumarate)*
*Antitrust Litig.*,
    No., 1:20-cv-01076 (D. Del.)...............................................22

*Smith v. State Farm Mut. Auto Ins. Co.*,
    301 F.R.D. 284 (N.D. Ill. 2014)..............................................3

*In re Syngenta Litig.*,
    No: 27-cv-15-3785 (Minn. Dist. Ct.) .........................................14

*In re Syngenta Litig.*,
    No. 27-cv-15-3785 (Minn. Dist. Ct.) .........................................15

*In re Terzaosin Hydrochloride*,
    220 F.R.D. 672 (S.D. Fla. 2004)..............................................4

*The Newstead Fire Co., Inc. v. Oshkosh Corp.*,
    No. 1:25-cv-01693 (E.D. Wis.)................................................6

*In re Transpacific Passenger Air Transportation Antitrust Litig.*,
    3:07-cv-05634 (N.D. Cal.)...................................................23

*In re Treasury Sec. Auction Antitrust Litig.*,
    No. 15-MD-2673, 2017 WL 10991411 (S.D.N.Y. Aug. 23, 2017)....................24

*Walker v. Discover Fin. Servs.*,
    No. 10-CV-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011)....................3, 5, 24

*Wilcosky v. Amazon.com, Inc.*,
    No. 19-CV-05061, 2022 WL 18937690 (N.D. Ill. May 16, 2022)....................25

*In re Yardi Revenue Management Antitrust Litig.*,
    No. 2:23-cv-01391 (W.D. Wash.)...............................................11

**Rules**

Fed. R. Civ. P. 23 ...............................................1, 2, 3, 4, 8, 25

011328-11/3597419 V1

**Other Authorities**

2023 Annual Antitrust Report, UC LAW SAN FRANCISCO, CENTER FOR LITIGATION AND COURTS (November 2024)......................................................................9

Disaster Management, *Sounding the Alarm on America's Fire Apparatus Crisis* (Sept. 10, 2025), https://www.hsgac.senate.gov/subcommittees/dmdcc/hearings/sounding-the-alarm-americas-fire-apparatus-crisis/ ................................................................6

Manual for Complex Litigation, Fourth.....................................................................4, 5

Marcus Torres, *The $19.8 Billion Fire Truck Antitrust War: What Every Department Needs to Know*, US Fire Dep't (Feb. 26, 2026), https://usfiredept.com/blog/fire-truck-antitrust-lawsuits .........................................6

Moore's Federal Practice (2007) ......................................................................................5

The 2024 Elite Trial Lawyer Winners, THE NAT'L L. J. (Jul. 11, 2024) .....................................9

# I. INTRODUCTION

At the May 13, 2026 Status Conference, this Court encouraged counsel for indirect purchaser plaintiffs ("IPPs") to resolve selection of interim leadership for the putative IPP class. Following this Court's suggestion, Hagens Berman Sobol Shapiro, LLP ("HB"), Crueger Dickinson LLC ("CD"), and Gustafson Gluek PLLC ("GG") (together, "Proposed Co-Lead Counsel") can report that all—but one—IPP counsel have conferred and agreed on who should lead this case and how to best represent the interests of the putative IPP class.[1] Therefore, all IPPs—with the exception of Plaintiff City of Rochester ("Rochester")—move to appoint HB, CD, and GG as interim co-lead counsel for the putative IPP class, to appoint O'Neil, Cannon, Hollman, DeJong & Laing S.C. as Liaison Counsel, and to establish a Plaintiffs' Executive Committee ("PEC") consisting of the following firms: Cotchett, Pitre & McCarthy LLP; Miller Shah, LLP; Taus, Cebulash & Landau, LLP; Weitz & Luxenberg P.C.; and Zelle LLP.

This proposed structure best serves two central considerations governing appointment of interim class counsel: (1) protecting the interests of the class, and (2) promoting efficient case management.[2] Proposed Co-Lead Counsel have already coordinated with PEC firms and agreed

---

[1] The following IPP counsel agree on the proposed leadership structure: Hagens Berman Sobol Shapiro, LLP and Crueger Dickinson LLC (representing Plaintiffs City of La Crosse and Claverack Fire District); Gustafson Gluek PLLC (representing Plaintiff City of Onalaska); Zelle LLP (representing Plaintiffs the Unified Government of Wyandotte County and Kansas City, Kansas and City of Las Vegas, Nevada); Weitz & Luxenberg P.C. (representing Plaintiffs Cities of Ann Arbor, Middletown, and Ridgeland); Taus, Cebulash & Landau, LLP (representing Plaintiff Commack Fire District); O'Neil, Cannon, Hollman, DeJong & Laing S.C. and Miller Shah, LLP (representing Plaintiff City of Milwaukee); Cotchett, Pitre & McCarthy LLP (representing Plaintiff City of Arcadia); Korein Tillery LCC (representing Plaintiff City of Fullerton); R. Christopher Cowan, Esq., LTD (representing Plaintiff The Durango Fire Protection District); and Williams Dirks Dameron LLC (representing Plaintiff City of Liberty, Missouri).

[2] *See* Fed. R. Civ. P. 23(g); *In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 23-MD-3078, 2023 WL 5878523, at *2 (E.D. Wis. July 18, 2023). Internal citations and quotations omitted, and emphasis added throughout, unless otherwise indicated.

011328-11/3597419 V1

to file an amended consolidated complaint within one week of appointment—specifically, adding Section 7 claims identified by counsel for Plaintiff City of the Unified Government of Wyandotte County and Kansas City, Kansas at the May 13 Status Conference.[3]

As Judge Conway previously recognized, Proposed Co-Lead Counsel satisfy Rule 23(g)'s requirements and are well-equipped to lead this litigation, and any additional co-lead counsel will result in unnecessary costs to the class and inefficiency.[4]

Rochester—the only IPP not to agree to this expanded leadership structure—did not file a complaint until after the transfer order by the JPML to this district, and *more than eight months after* Proposed Co-Lead Counsel filed the first complaint in this action.[5] Nor does Rochester bring diverging claims, or even additional state representation as Proposed Co-Lead Counsel already represent a New York plaintiff.[6] Importantly, Rochester does not appear to challenge the adequacy of Proposed Co-Lead Counsel.[7]

---

[3] *See* Declaration of Steve W. Berman in Support of Indirect Purchaser Plaintiffs' Motion for Appointment of Class Counsel ("Berman Decl.") , ¶ 3; Declaration of Daniel C. Hedlund in Support of Motion for Appointment of Interim Class Counsel for Indirect Purchaser Plaintiffs ("Hedlund Decl."), ¶ 2; Declaration of Erin K. Dickinson in Support of Indirect Purchaser Plaintiffs' Motion for Appointment of Class Counsel ("Dickinson Decl."), ¶ 5.

[4] *In re Fire Apparatus Antitrust Litig.*, No. 1:25-cv-01252, ECF No. 49 at 4; ECF No. 87 at 2-3 (denying addition of fourth co-lead counsel); *see also In re Forefront Data Breach Litig.*, No. 21-CV-1105, 2022 WL 20690780, at *3 (E.D. Wis. Jan. 27, 2022) (acknowledging there was "no good reason to disrupt [the] momentum" by appointing a different lead-counsel group).

[5] Fed. R. Civ. P. 23(g)(1)(A)(i) (the court must consider "the work counsel has done in identifying or investigating potential claims in the action").

[6] *In re Fire Apparatus Antitrust Litig.*, 1:25-cv-01252-BBC, ECF No. 94 ¶¶ 36, 39 (E.D. Wis.) (listing Claverack Fire District, represented by Proposed Co-Lead Counsel, and Commack Fire District, represented by a member of the proposed PEC); *infra* n.109.

[7] *In re: Fire Apparatus Antitrust Litig.*, No. 2:26-md-03179, ECF No. 37 (City of Rochester, New York's Status Report Re: Indirect Purchaser Plaintiffs' Committee Leadership).

Therefore, Proposed Co-Lead Counsel are qualified and unanimously supported by the undersigned counsel and plaintiffs to lead the putative class and request appointment as Interim Co-Lead Counsel.

## II.  ARGUMENT

### A.  Legal Standard

In selecting interim lead class counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.[8]

Courts routinely favor counsel who investigated the claims, filed the earliest actions, and established momentum before later-filed plaintiffs entered the litigation.[9] Other pertinent factors include any matter that is relevant to "counsel's ability to fairly and adequately represent the interests of the class."[10] Courts have recognized that proposed counsel's knowledge and

---

[8] *See* Fed. R. Civ. P. 23(g)(1)(A); *Smith v. State Farm Mut. Auto Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014); *Hill v. The Trib. Co.*, No. 05-CV-2606, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005).

[9] *See, e.g.*, *In re Forefront*, 2022 WL 20690780, at *3 (declining to disrupt an existing leadership structure where earlier-filed counsel had already organized and advanced the litigation); *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *4 (N.D. Ill. May 26, 2011) (noting that because one applicant filed two months after the first, and another filed a month later "after the JPML issued the Transfer Order," "it would follow that [the third-filed applicant] has not had the opportunity, given the relatively short period of time it has been involved in the case, to conduct that degree of investigation and analysis as had [the first- and second-filed applicants].").

[10] *Smith*, 301 F.R.D. at 288; *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005).

011328-11/3597419 V1

experience can be the "most persuasive factor when choosing lead counsel."[11] In *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, the court observed that "[t]he appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings."[12] The court also noted that "[t]he Manual . . . counsels that in making such an appointment, [the court] should consider such factors as the qualification and competence of counsel, the ability of counsel to fairly represent diverse interests, and the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court."[13]

Finally, "if more than one adequate applicant seeks appointment as class counsel, the court *must* appoint the applicant best able to represent the interests of the class."[14]

## B. Proposed Co-Lead Counsel satisfy Rule 23(g)

### 1. IPPs overwhelmingly support the leadership of Proposed Co-Lead Counsel.

The court's review of the consensus among plaintiffs as to who should serve as interim lead and liaison class counsel—"private ordering"—is the "most common method" for selecting interim class counsel and is strongly encouraged by the Manual.[15] The purpose is to accomplish optimal and efficient representation of the proposed class members. Under the private-ordering

---

[11] *In re Bear Stearns Companies, Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (Erisa) Litig.*, No. 08-MD-1963, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009) (citing *In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004)), *amended on denial of reconsideration sub nom. In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, No. 08-MD-1963, 2009 WL 2168767 (S.D.N.Y. July 16, 2009).

[12] No. 05-MD-1720, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006).

[13] *Id.*

[14] *In re H & R Block Mortg. Corp., Prescreening Litig.*, No. 2:06-MD-230, 2006 WL 8452445, at *2 (N.D. Ind. Oct. 25, 2006) (emphasis in original) (quoting Fed. R. Civ. P. 23(g)(2)(B) and citing *Hill*, 2005 WL 3299144, at *3-4).

[15] *See* Manual for Complex Litigation, Fourth, § 21.272 ("Manual").

011328-11/3597419 V1

approach, counsel agree on who would best serve as interim class counsel, and the court reviews the selection to "ensure that counsel selected is adequate to represent the class interests."[16]

Even when there are competing leadership proposals, the proposal with majority support is favored for the same reasons private ordering is preferred.[17] When the vast majority of experienced plaintiffs' counsel agree to the appointment of certain firms, such counsel are generally considered to be well-suited to serve as interim class counsel.[18]

Here, all but one plaintiff who asserts IPP antitrust claims support maintaining the current leadership structure of HB, CD, and GG as interim co-lead class counsel.[19] The Court should give significant weight to that support.

### 2. Proposed Co-Lead Counsel have expended significant time and resources to investigate Plaintiffs' claims and advance this litigation, including filing the first complaint nine months ago.

Proposed Co-lead Counsel have taken significant steps to identify and investigate IPP claims and advance this litigation.[20] Courts may weigh "whether an attorney has undertaken 'the process of drafting the complaint [which] requires investigatory and analytical effort.'"[21]

---

[16] *Id.*

[17] *See, e.g.*, *Iron Workers Mid–South Pension Fund on Behalf of Caterpillar Inc. v. Oberhelman*, No. 1:13-cv-01104, 2014 WL 5801508, at *3 (C.D. Ill. Nov. 7, 2014) (favoring the proposed leadership structure that "has also garnered majority, if not unanimous, support").

[18] *See In re Foundry Resins Antitrust Litig.*, No. 2:04-md-1638, Order Appointing Interim Co-Lead Counsel, ECF No. 25, 2-3 (S.D. Ohio Dec. 10, 2004) (appointing counsel that had support of 88 percent of Plaintiffs); *see also* Manual for Complex Litigation, § 10.224 (stating that "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important factor in selecting class counsel).

[19] *See* Berman Decl., ¶ 1; Dickinson Decl. ¶ 7; Hedlund Decl., ¶ 2.

[20] Berman Decl., ¶ 6; Hedlund Decl., ¶ 4; Dickinson Decl., ¶ 1.

[21] *Walker*, 2011 WL 2160889, at *3 (quoting Moore's Federal Practice § 23.120[3][a] (2007)) (appointing as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims).

011328-11/3597419 V1

HB and CD were the first to file any class action antitrust complaint on behalf of any plaintiff—direct or indirect—against Defendants in this matter. That process required a significant investment of time and resources, including investigating and researching the facts underlying the market for direct sales by Manufacturer Defendants, researching the impact of the Defendants' alleged anticompetitive behavior on class members, and investigating the mechanisms through which the Defendants coordinated their behavior. Indeed, the *La Crosse* Complaint was cited in a recent United States Senate investigation, wherein "Federal enforcers" were encouraged to "follow [La Crosse's] lead and investigate REV Group and Pierce's anti-competitive business practices."[22] And the *La Crosse* Complaint has inspired the subsequent related actions, many of which use language nearly identical to that in the *La Crosse* Complaint.[23] Industry commentators have referred to the *La Crosse* Complaint as "the lawsuit that broke it open."[24] No other firm seeking leadership can make this claim, and while not dispositive, it is a significant factor. The *City of Onalaska* Complaint was the second filed complaint, which built on the *La Crosse* Complaint, and was the product of GG's investigation undertaken months before any complaint was on file.[25]

---

[22] *See* Senate Subcommittee on Disaster Management, *Sounding the Alarm on America's Fire Apparatus Crisis*, at 26:00 (Sept. 10, 2025), https://www.hsgac.senate.gov/subcommittees/dmdcc/hearings/sounding-the-alarm-americas-fire-apparatus-crisis/.

[23] *See, e.g., City of Philadelphia v. Oshkosh Corp.*, No. 1:25-cv-01801, ECF 1, at ¶ 1; *City of Augusta v. Oshkosh Corp.*, No. 1:25-cv-01543, ECF 1, at ¶ 4; *The Newstead Fire Co., Inc. v. Oshkosh Corp.*, No. 1:25-cv-01693, ECF 1, at ¶ 8.

[24] Marcus Torres, *The $19.8 Billion Fire Truck Antitrust War: What Every Department Needs to Know,* US Fire Dep't (Feb. 26, 2026), https://usfiredept.com/blog/fire-truck-antitrust-lawsuits.

[25] Hedlund Decl. ¶ 4.

011328-11/3597419 V1

On December 29, 2025, Judge Byron Conway appointed HB, CD, and GG as Interim Class Counsel to act on behalf of the putative IPP class.[26] HB, CD, and GG then began coordinating with other IPP counsel, direct purchaser plaintiff counsel, and defense counsel regarding filing an amended complaint. After negotiating with Defendants a date for filing responsive pleadings or motions, on March 23, 2026, HB, CD, and GG filed a consolidated complaint.[27]

Additionally, since being appointed as Interim Class Counsel, HB, CD, and GG have engaged in research and discussions with other IPP counsel to make strategic decisions regarding adding additional claims to a future amended complaint. As a result, HB, CD, and GG, are committed to amending the IPP class complaint to include a Clayton Act Section 7 claim against certain Defendants. Proposed Co-Lead Counsel have already began this work and will file an amended complaint within one week of appointment.[28]

To the extent there are other legal claims to consider pursuing, HB, CD, and GG are dedicated to advancing legal theories that are in the best interest of the class. The overwhelming majority of counsel representing IPPs—all of whom, as described below, have extensive experience litigating antitrust class actions—agree on the claims to pursue: Sherman Act Section 1 and Clayton Act Section 7 claims. Proposed Co-Lead Counsel have been investigating the Fire Apparatus market for over fifteen months.[29] They have committed hundreds of hours researching the Fire Apparatus market and conducting extensive legal research on potential causes of

---

[26] *In re Indirect Purchaser Fire Apparatus Antitrust Litig.*, No. 25-cv-1252, ECF No. 49.

[27] *Id.* at ECF No. 94.

[28] Berman Decl., ¶ 3; Hedlund Decl., ¶ 2; Dickinson Decl., ¶ 5.

[29] Berman Decl. .¶ 3; Hedlund Decl. .¶ 4; Dickinson Decl. ¶ 5.

011328-11/3597419 V1

action.[30] Accordingly, HB, CD, and GG are qualified, and supported by nearly every IPP counsel, in determining which claims to add in an amended complaint.[31]

As evidenced by their actions thus far, HB, CD, and GG will continue to coordinate and collaborate with plaintiffs' counsel in the direct purchaser cases and with counsel for Defendants to efficiently and effectively advance this litigation.[32]

**3.      Proposed Co-Lead Counsel are highly qualified and sufficiently resourced.**

Class members should be represented by the counsel that will get them the best results.[33] HB, CD, and GG are all eminently qualified to serve as interim co-lead class counsel because they possess the requisite experience, specialized knowledge, and resources to skillfully and efficiently prosecute this litigation.

**a.      HB is qualified to serve as interim co-lead counsel.**

HB attorneys have been investigating price fixing in the Fire Trucks market since January 2025. HB, together with CD, was first to file a complaint against the named Defendants for their role in conspiring to raise the price of firetrucks.

HB brings more antitrust lawsuits than any other firm, is in the top five in total dollars recovered, and was named the top "2024 Elite Trial Lawyer" in the antitrust category by the

---

[30] Berman Decl., ¶ 6; Hedlund Decl., ¶ 4; Dickinson Decl., ¶ 1.

[31] *See In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09-MD-2058, 2011 WL 4538428, at *1 (S.D.N.Y. Sept. 29, 2011) (acknowledging that "lead plaintiffs had authority to decide what claims to assert against which defendants").

[32] *See* Berman Decl., ¶ 2; Dickinson Decl., ¶ 3; Hedlund Decl., ¶ 2.

[33] *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) (a court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action").

National Law Journal.[34] The firm has successfully acted as lead counsel in several of the highest profile antitrust cases in recent history.[35]

With over 80 attorneys in eight offices nationwide, the firm has represented plaintiffs in a broad spectrum of complex antitrust cases. A "firm resume" detailing its antitrust accomplishments and the team's biographies is attached as Exhibit A to the Berman Declaration. The following HB attorneys will spearhead this Fire Apparatus case for HB: Steve W. Berman, Stephanie A. Verdoia, and Moses I. Jehng.

**Steve W. Berman**: Mr. Berman, the founder and managing partner of HB, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country.

Mr. Berman is one of the foremost trial attorneys in the country, having led many complex civil actions at trial. In June 2021, Mr. Berman led the firm to a unanimous Supreme Court victory in *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litig.*,[36] regarding the injunctive portion of the case. He also served as co-lead counsel and trial counsel during the bench trial in the Northern District of California.[37] Prior to the trial,

---

[34] *See* 2023 Annual Antitrust Report, UC LAW SAN FRANCISCO, CENTER FOR LITIGATION AND COURTS at 36-38 (November 2024); The 2024 Elite Trial Lawyer Winners, THE NAT'L L. J. (Jul. 11, 2024).

[35] *See In re College Athlete NIL Litig.*, No. 4:20-cv-03919, ECF No. 450 (N.D. Cal.) (team at Hagens Berman acting as co-lead counsel recovered $2.87 billion dollars in past payments and $19.4 billion in future payments); *In re Elec. Books Antitrust Litig.*, No. 11-md 02293, ECF No. 676 (S.D.N.Y.) (team at Hagens Berman acting as co-lead counsel for indirect purchaser class recovered $568 million); *In re Amitiza Antitrust Litig.*, No. 1:21-cv-11057 (D. Mass.) (team at Hagens Berman acting as class counsel for the direct purchaser class awarded $474 million jury verdict before statutory trebling).

[36] No. 4:14-md-02541 (N.D. Cal.).

[37] *Id.*

011328-11/3597419 V1

Mr. Berman obtained a $200 million settlement for the class.[38] Then in June 2025, the largest antitrust settlement in history was reached in *In re College Athlete NIL Litig.*,[39] that revolutionized college sports and promised $2.87 billion dollars in past payments and $19.4 billion in future payments to class members.

Mr. Berman, alongside other HB attorneys, are currently lead counsel for the largest certified class in United States history—comprising 288 million Americans.[40]  Mr. Berman was also a Special Assistant Attorney General for the states of Illinois, Washington, Arizona, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark Tobacco Litigation.[41] That case resulted in the largest settlement in history.[42]

**Stephanie A. Verdoia**: Mrs. Verdoia is a senior associate at HB and has been an instrumental member to achieve groundbreaking settlements in antitrust matters including *In re College Athlete NIL Litig.*,[43] the largest antitrust settlement in history. Mrs. Verdoia has also worked on matters with governmental entities in antitrust enforcement actions including price fixing claims on behalf of the State of Arizona in *Arizona v. RealPage, Inc.*[44] She is therefore well-equipped to work with governmental entities in complex nationwide antitrust class actions.

---

[38] *Id.*

[39] No. 4:20-cv-03919, ECF No. 450 (N.D. Cal.).

[40] *See De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693, ECF No. 420 (W.D. Wash. Aug. 6, 2025) (Order Granting Motion for Class Certification); Berman Decl., Ex. A at 20.

[41] Berman Decl., Ex. A at 22.

[42] *See* Berman Decl., Ex. A at 5, 22.

[43] No. 4:20-cv-03919, ECF No. 450 (N.D. Cal.).

[44] No. CV2024-003889 (Ariz. Super. Ct).

011328-11/3597419 V1

**Moses I. Jehng**: Mr. Jehng is a 2025 graduate of Harvard Law School. At HB, he is involved in antitrust matters including *In re Yardi Revenue Management Antitrust Litig.*[45] Prior to joining HB, Mr. Jehng interned at the United States Attorney's Office in the District of Hawai'i, the Oregon Law Center, and a nationally recognized civil rights law firm. Mr. Jehng was an Executive Managing Editor of the Harvard Civil Rights – Civil Liberties Law Review.

### b. CD is qualified to serve as interim co-lead counsel.

CD is a litigation boutique specializing in large, complex cases on behalf of government entities and classes nationwide and has taken on the role as lead counsel in some of the most significant and high-profile litigation in the country. The firm represents over one hundred county government entities across eighteen states in litigation against the manufacturers and distributors of prescription opioids, and in *In Re: Nat'l Prescription Opiate Litig.*,[46] was appointed to the sixteen-member PEC, where it helped steer the multi-district litigation through discovery and trial and secure billions of dollars in settlements for its clients. The firm currently represents a North Carolina government entity in its lawsuit against the manufacturers of PFAS forever chemicals for groundwater contamination, *see Cumberland County v. The Chemours Co.*,[47] and was elected to the PEC leading the nationwide multi-district litigation of government entities against manufacturers of AFFF fire-fighting foam, which has allegedly contaminated groundwater across the United States.[48]

---

[45] No. 2:23-cv-01391 (W.D. Wash.).

[46] 17-md-2804 (N.D. Ohio 2017).

[47] 22 CVS 1569 (N.C. Sup. Ct.).

[48] *See In Re: Aqueous Film-Forming Foams Prods. Liability Litig.*, 18-mn-2873 (D.S.C. 2018).

011328-11/3597419 V1

Both federal and state courts have also regularly appointed CD to serve as lead counsel in significant class actions throughout the nation, and the firm has experience trying a certified class action on the merits.[49]

**Erin K. Dickinson**: Ms. Dickinson is an owner and founding partner of CD, who specializes in class action and mass tort litigation and has over 25 years of experience litigating large and complex cases. Ms. Dickinson devotes a large portion of her practice to representing government entity clients. As a result of that experience, in 2017, Ms. Dickinson became one of 16 attorneys selected to the PEC appointed to lead the *In Re: National Prescription Opiate Litig*.,[50] multi-district litigation that involved thousands of government entities and dozens of large pharmaceutical defendants. Ms. Dickinson took a lead role in litigating that case for the past seven years, which has been referred to as one of the "largest and most complex cases" in history and resulted in settlements that exceeded $50 billion to thousands of government entities around the United States. Additionally, Ms. Dickinson has served as lead trial counsel for government entities experiencing PFAS contamination and was appointed to the PEC for the *In Re: Aqueous Film-Forming Foams Prods. Liability Litig*.,[51] multi-district litigation. Ms. Dickinson has been routinely appointed as lead class counsel in cases including pharmaceutical products, commercial products, ERISA matters and complex insurance cases where amounts at issue routinely exceed $1 billion. Prior to forming CD, Ms. Dickinson worked for a large law firm focusing on complex commercial and intellectual property litigation. She is an experienced

---

[49] *See, e.g.*, *Canchola v. Allstate Ins. Co*., 8:23-cv-00734 (C.D. Cal. 2023); *Parry v. Farmers Ins. Exch*., BC683856 (Sup. Ct. Cal. 2017); and *Jammal v. Am. Family*, 13-CV-437 (N.D. Ohio 2013).

[50] 17-md-2804 (N.D. Ohio 2017).

[51] 18-mn-2873 (D.S.C. 2018).

011328-11/3597419 V1

trial attorney, who has served as lead trial counsel resulting in favorable jury verdicts for her clients and has represented clients in state and federal courts throughout the United States.

**Charles J. Crueger**: Mr. Crueger is an owner and founding partner of CD, with nearly thirty years of trial and appellate experience across a wide range of complex commercial and intellectual property matters. Mr. Crueger began his career as a trial attorney at the United States Department of Justice before joining a large firm in Wisconsin and ultimately founded CD to focus on high-stakes, complex litigation. His commercial litigation experience spans commercial conflicts, fiduciary duty and other claims involving the internal affairs of companies, antitrust matters, public nuisance and environmental matters, director and officer lawsuits, misclassification cases, ERISA actions, complex insurance disputes, and federal tax litigation. He has served as lead trial counsel in numerous cases with liabilities exceeding $1 billion and has represented both plaintiffs and defendants. Mr. Crueger has tried cases to verdict in both bench and jury trials and has represented clients in state and federal courts throughout the country, including U.S. Court of Appeals for the Third, Sixth, Seventh, Ninth, and Federal Circuits, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court. Prior to law school, Mr. Crueger served in the U.S. Army with an airborne artillery unit in the 18th Airborne Corps in Fort Bragg, North Carolina.

### c. GG is qualified to serve as interim co-lead counsel.

GG first began investigating potential price fixing in the Fire Trucks market in February 2025.[52] Since that day, GG has expended significant time and effort thoroughly investigating the claims in this action. These efforts included extensive factual, legal, expert work and investigation by the firm. GG reviewed dozens of public earnings calls and presentations,

---

[52] Hedlund Decl.,¶ 4.

-13-

011328-11/3597419 V1

investigated publicly posted complaints on the internet regarding pricing and delivery times for Fire Trucks, met with antitrust economic experts, read through congressional testimony regarding the Fire Truck industry, and more as it prepared the City of Onalaska's complaint.[53]

GG's practice is focused almost exclusively on plaintiff-side complex class action cases, with an emphasis on antitrust litigation. Since its founding in 2003, GG has prevailed against some of the nation's largest companies and law firms, obtaining billions of dollars and critical injunctive relief for millions of class members consisting of both consumers and businesses.[54]

GG has twenty-three attorneys who each bring unique perspectives to vigorously represent their clients and class members.[55] Not only is diversity within the firm important to GG, but so too is being an advocate for the underrepresented. GG was one of the firms that helped found the Minnesota Pro Se Project, pairing indigent federal litigants with attorneys.[56] The firm was honored with the "Distinguished Pro Bono Service Award" for "bringing the idea of the Pro Se Project to fruition and nurturing the Project into its current form."[57] The following GG attorneys will spearhead this Fire Apparatus case for GG: Daniel E. Gustafson, Daniel C. Hedlund, Joshua J. Rissman, Frances Mahoney-Mosedale, and Gabrielle M. Kolb.

---

[53] *Id.*

[54] *See, e.g., In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (appointed co-lead counsel for indirect purchaser food preparer class, resulting in settlements of over $145); *In re Pork Antitrust Litig.*, No. 0:18-cv-01776 (D. Minn.) (appointed co-lead counsel with HB for consumer class, resulting in settlements of over $200 million to date); *In re Cattle and Beef Antitrust Litig.*, No. 0:22-cv-3031 (D. Minn.) (appointed co-lead counsel for direct purchaser class, resulting in settlements of over $50 million to date); *In re Syngenta Litig.*, No: 27-cv-15-3785 (Minn. Dist. Ct.) (MDL No. 2591) (appointed co-lead counsel in state court action representing a class of Minnesota corn farmers and one of four counsel selected as settlement counsel, resulting in a settlement of $1.51 billion).

[55] *See* Hedlund Decl., Ex. A at 1.

[56] *See id.*

[57] *Id.* at 31.

-14-

**Daniel E. Gustafson**: Dan Gustafson is a founding member and senior partner of GG. Mr. Gustafson was selected as one of Minnesota Lawyer's Attorneys of the Year for 2010, 2011 and 2017.[58] He was also ranked in the Top 100 Minnesota Super Lawyers from 2011–2012 and 2014–2024.[59] In addition, Mr. Gustafson received the Richard S. Arnold Award for Distinguished Service in 2021 and was presented with the Pro Se Project Lifetime Achievement Award in 2019.[60] As a nationally recognized leader in antitrust law, Mr. Gustafson has testified before the House Committee on the Judiciary, Subcommittee on Intellectual Property, Competition and the Internet regarding the proposed merger between Express Scripts and Medco and before the United States Congressional Commission on Antitrust Modernization.[61] Mr. Gustafson has led or been appointed lead counsel or a member of an executive committee in several antitrust class actions, MDLs and other consumer class actions. For example, in *In re Syngenta Litig.*,[62] Mr. Gustafson was one of four settlement counsel who obtained a $1.51 billion settlement on behalf of a class of corn farmers.[63] Mr. Gustafson was also sole lead counsel in the *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.*,[64] where he negotiated a $268 million settlement on behalf of Plaintiffs.[65] Mr. Gustafson is currently co-lead counsel in the *Beef* and *Pork* antitrust actions pending in the District of Minnesota.[66]

---

[58] *See* Hedlund Decl., Ex A at 34-37.

[59] *Id.*

[60] *Id.*

[61] *See id.*

[62] No. 27-cv-15-3785 (MDL No. 2591) (Minn. Dist. Ct.).

[63] Hedlund Decl., Ex A at 10.

[64] MDL No. 1905 (D. Minn.).

[65] *See* Hedlund Decl., Ex A at 12-13.

[66] *See* Nos. 0:22-md-03031 (*Beef*) and 0:18-cv-01776 (*Pork*). *See also* Hedlund Decl., Ex A at 19, 21.

011328-11/3597419 V1

**Daniel C. Hedlund**: Daniel Hedlund is a senior partner and co-chair of GG's Antitrust Department.[67] He has practiced in the areas of antitrust and consumer protection for nearly 30 years, seeking injunctive and monetary relief for classes of small businesses and consumers. *Id*. Currently, he and GG are co-lead counsel in *In re Deere & Co. Repair Servs. Antitrust Litig*.,[68] *In re Pork Antitrust Litig*.,[69] and *In re Granulated Sugar Antitrust Litig*., among other cases.[70] [71]

Mr. Hedlund played a key role in several other cases including: *Bhatia v. 3M Co*.,[72] *Kleen Prods. vs. Int'l Paper*,[73] and *In Re Dealer Mgmt. Sys. Antitrust Litig*.[74] [75]

In addition, Mr. Hedlund has served as President for the Minnesota Chapter of the Federal Bar Association ("FBA") and as the FBA's Co-Vice President for the Eighth Circuit.[76] He is a past Chairman for the Antitrust Section of the Minnesota State Bar Association and a past President of the Committee to Support Antitrust Laws.[77] In addition, Mr. Hedlund has testified multiple times before the Minnesota Legislature on competition law, and before the Federal

---

[67] *See* Hedlund Decl., Ex A at 50-52.

[68] MDL No. 3030 (N.D. Ill.). *See* Hedlund Decl., Ex A at 68.

[69] No. 0:18-cv-01776 (D. Minn.). (consumer indirect purchaser plaintiff class, resulting in settlements of over $200 million). *See* Hedlund Decl., Ex A at 21.

[70] No. 24-md 0311 (D. Minn). (Direct Purchaser Plaintiffs).

[71] *See* Hedlund Decl., Ex A at 68, 21, 35.

[72] No. 16 cv-1304 (D. Minn) (co-lead counsel recovered $32.5 million for dentist class members).

[73] No. 10-cv-5711 (N.D. Ill.) (class action alleging price fixing of containerboard and producing settlements of over $300 million).

[74] MDL No. 2817 (N.D. Ill.) (member of Steering Committee where settlements totaled $129.5 million).

[75] *See* Hedlund Decl., Ex A at 12, 51, 7.

[76] *Id*. at 50-51.

[77] *Id*.

011328-11/3597419 V1

Rules Committee.[78] He has consistently been designated as a Minnesota "Super Lawyer" in the field of antitrust law (including several rankings in the Top 100) and has been recognized by the lawyer ranking service Chambers and Partners as a top antitrust lawyer.[79] He is a recipient of the Minnesota District Court's Distinguished Pro Bono Service Award in 2011.[80]

**Joshua J. Rissman**: Joshua Rissman is a partner at GG, primarily focused on antitrust and civil rights matters.[81] Mr. Rissman has played an integral role on several antitrust matters, including *In re Broiler Chicken Antitrust Litig.*,[82] *In re Cattle and Beef Antitrust Litig.*,[83] *In re Pork Antitrust Litig.*,[84] and *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*[85] Mr. Rissman has also been recognized by Law & Politics magazine as a "Super Lawyer" from 2021-2025 in Antitrust Litigation.[86] He is also the treasurer of the Minnesota State Bar Association Antitrust Council.[87]

**Frances Mahoney-Mosedale**: Frances Mahoney-Mosedale is a senior associate at GG who has been heavily involved in very complex and large class actions including *In re Deere & Co. Repair Services Antitrust Litig.*,[88] *In re Combat Arms Earplugs Litig.*,[89] and *In re Change*

---

[78] *Id.*

[79] *See id.*

[80] *Id.*

[81] *See* Hedlund Decl., Ex A at 67-68.

[82] No. 1:16-cv-08637 (N.D. Ill.).

[83] No. 0:22-cv-3031 (D. Minn.).

[84] No. 0:18-cv-01776 (D. Minn.).

[85] No. 1:08-cv-00042 (E.D.N.Y.).

[86] Hedlund Decl., Ex A at 67.

[87] *See id.*

[88] MDL 3030 (N.D. Ill.).

[89] MDL 2885 (Minn.).

011328-11/3597419 V1

*Healthcare Inc. Customer Data Security Breach Litig.*[90] [91] Ms. Mahoney-Mosedale was recognized by Minnesota Lawyer as an "Up and Coming Attorney" in Minnesota in 2024 and has been named a 2025 "Rising Star" by Super Lawyers Magazine.[92]

**Gabrielle M. Kolb**: Gabrielle M. Kolb is a talented associate attorney at GG practicing in a variety of class action areas, including antitrust.[93] Ms. Kolb currently serves in significant capacities on multiple antitrust class actions including *In re Pork Antitrust Litig.*[94] and *In re Granulated Sugar Antitrust Litig.*[95] Ms. Kolb began investing potential price fixing in the Fire Trucks market in February 2025 and has been working on this litigation since. Before joining GG, Ms. Kolb clerked for Chief Justice Natalie E. Hudson of the Minnesota Supreme Court.[96]

**4. Proposed Co-Lead Counsel have the resources necessary to effectively prosecute this litigation**

All three firms stand ready to dedicate the resources necessary to represent and protect the interests of the putative indirect purchaser plaintiff class through rigorous motion practice, discovery, class certification, and trial.[97]

**5. Proposed Co-Lead Counsel will continue to work collaboratively with all counsel, including those appointed to a Plaintiff Executive Committee.**

HB, CD, and GG have demonstrated—and will continue to demonstrate—a commitment to working cooperatively with indirect purchaser counsel to advance the interests of the proposed

---

[90] MDL 3108 (D. Minn.) (the largest healthcare data breach of all time).

[91] *See* Hedlund Decl., Ex A at 61-62.

[92] *See id.*

[93] *See* Hedlund Decl., Ex A at 63.

[94] No. 0:18-cv-01776 (D. Minn).

[95] No. 24-md 0311 (D. Minn).

[96] Hedlund Decl., Ex A at 63.

[97] Berman Decl., ¶ 8; Dickinson Decl., ¶ 10; Hedlund Decl., ¶ 6.

011328-11/3597419 V1

class. Notably, all but one of the IPPs support proposed co-lead counsel's leadership application, reflecting broad confidence in their ability to lead this litigation in a collaborative and inclusive manner. This consensus is particularly significant given that the leadership process was initially contested among multiple firms; through diligent outreach, transparent communication, and a demonstrated willingness to incorporate the perspectives of others, HB, CD, and GG were able to unify nearly all plaintiffs behind a single leadership structure.

As part of the proposed leadership structure, HB, CD, and GG propose appointing O'Neil, Cannon, Hollman, DeJong & Laing S.C. ("OCHDL"), counsel for Plaintiff City of Milwaukee, as Liaison Counsel. OCHDL was selected after a competitive process by the Milwaukee City Attorneys' Office to represent the City of Milwaukee in this dispute. The firm has substantial experience litigating complex class action matters on both the plaintiff and defense sides and has been involved in some of the largest class actions in Wisconsin.

The firm's attorneys have represented certified classes across numerous jurisdictions, achieving court-approved settlements and substantial recoveries in matters involving ERISA-based fiduciary duties, consumer protection claims, and insurance-related disputes. The firm's work by its class action/false claims group has led to successful settlement and verdicts of over $1 billion. Finally, the firm is actively involved in legal and civic organization including the in the Wisconsin Bar Association, the American Bar Association and the Easter District of Wisconsin Bar Association

HB, CD, and GG also propose establishing a Plaintiff Executive Committee ("PEC") to operate under, and at the direction of, the proposed co-lead counsel. Establishment of a PEC is a routine and orderly case management practice in indirect purchaser antitrust litigation. A PEC accomplishes the dual goals of: 1) respecting the efficiency and reduction of duplication that is

011328-11/3597419 V1

embodied in appointment of co-lead counsel, whose role is to direct management of the tasks to be performed in the case; and 2) acknowledging the roles of multiple counsel who bring actions and represent proposed class representatives under the laws of multiple states. The proposed PEC includes Weitz & Luxenberg P.C.; Taus, Cebulash & Landau, LLP; Miller Shah, LLP; Zelle LLP, and Cotchett, Pitre & McCarthy LLP. Each of these firms are well-qualified to serve on a PEC that will assist Proposed Co-Lead Counsel—HB, CD, and GG—in litigating this case. Zelle LLP will chair the PSC and assist Proposed Co-Lead Counsel specifically in litigation related to the Clayton Act Section 7 claims. Their qualifications are detailed as follows.

a. **<u>Zelle LLP ("Zelle")</u>**: Zelle is an international boutique litigation firm with over 100 lawyers focused in the areas of antitrust, insurance-related matters, and commercial litigation. Its antitrust practice concentrates mainly on representation of class plaintiffs and direct action corporate plaintiffs. It is a diverse group (two-thirds women and/or of color) of skilled attorneys whose experience and track record is routinely recognized by courts and rankings. Zelle's lawyers are often named to lead and liaison counsel positions in class actions and MDL matters, and are highly effective in representing direct action plaintiffs. In this litigation, Zelle represents the Unified Government of Kansas City, Kansas and Wyandotte County, The City of Las Vegas (complaint forthcoming), and The Water Witch Company in Port Deposit, Maryland (complaint forthcoming). Jennifer Duncan Hackett and James Robertson Martin, the lead attorneys for Zelle in this litigation, have decades of experience representing antitrust plaintiffs, including Freddie Mac and the FDIC in the LIBOR litigation. They have litigated complex antitrust actions, including monopolization claims, through trial. Their bios are attached. *See* Berman Decl., Ex. B.

-20-

b. **<u>Weitz & Luxenberg "(WL")</u>**: WL is one of the largest plaintiff mass tort, class action and personal injury litigation law firms in New York City, with additional offices in Los Angeles, Detroit and Cherry Hill, New Jersey.  The firm has over 100 attorneys and over 400 dedicated support staff and its recoveries on behalf of its clients exceed $18 billion. In this litigation, WL represents the cities of Ann Arbor, Middletown, and Ridgeland.  WL's antitrust practice is led by Paul F. Novak, a former Michigan Assistant Attorney General who led the State of Michigan's antitrust enforcement initiatives over three successive Michigan Attorneys General that included dozens of successful antitrust enforcement matters.  Since leaving the Michigan Attorney General's office he has litigated several antitrust class action cases to conclusion as a court-appointed lead counsel.  His bio is attached. *See* Berman Decl., Ex. C.

c. **<u>Taus, Cebulash & Landau, LLP ("TCL")</u>**: TCL was founded in 2009, with a focus on complex antitrust and consumer protection class actions. TCL has extensive experience in leadership positions in complex antitrust actions in a variety of industries, including pharmaceuticals, automobile, cable, and advertising. For example, as lead counsel in *Marchese v. Cablevision Systems Corp., and CSC Holdings, Inc.*,[98] TCL recovered $72 million in settlement benefits for cable subscribers and served as part of the trial team that obtained a $475 million verdict last week in *In re: Amitiza Antitrust Litigation*.[99] TCL's efforts in this action will be led by Brett Cebulash and Kevin Landau, whose full biographies can be found in TCL's resume. *See* Berman Decl., Ex. D. TCL is willing to commit its financial and personnel resources to vigorously prosecute this action.

---

[98] 10-cv-02190 (D.N.J.).

[99] 21-cv-11057 (D.Mass.).

011328-11/3597419 V1

d. **Miller Shah, LLP ("Miller Shah")**: Miller Shah has a lengthy history of representing consumers, employees, businesses and other clients in class action and commercial litigation and has broad experience in dealing with the complex legal and economic issues that antitrust, competition and trade regulation questions can present.[100] Miller Shah is willing to commit its financial and personnel resources to vigorously prosecute this action. Its lawyers have successfully represented plaintiffs and defendants in major civil antitrust matters throughout the United States in a wide variety of jurisdictions, including in scores of individual and multi-district litigation proceedings, and also have worked with and represented governmental entities, including the State of Connecticut, in unfair trade practice and related matters. The Firm has tried, as lead or co-lead, several class action cases in the past several years and recently served as co-lead counsel in the trial of *United States, ex rel. Behnke v. CVS Health Corp., et al.*[101] Specific to its antitrust matters, Miller Shah is currently serving as one of the co-lead counsel in *In re Actos Antirust Litigation*,[102] and was co-lead counsel in recently settled antitrust action *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*.[103] Natalie Finkelman Bennett will head up the Firm's efforts in this action.

e. **Cotchett, Pitre & McCarthy, LLP ("CPM")**: CPM has often been described as a "powerhouse" and is one of the nation's leading plaintiffs' law firms practicing complex litigation for the last 50 years. CPM has extensive experience litigating complex antitrust class actions and has been appointed by district courts in leadership roles in numerous

---

[100] Detailed information about the Firm is available at www.millershah.com and a true and correct copy of the Miller Shah firm resume is attached. *See* Berman Decl., Ex. E.

[101] No. 2:14-cv-00824 (MSG).

[102] No. 1:13-cv-09244 (S.D.N.Y.).

[103] No., 1:20-cv-01076 (D. Del.).

011328-11/3597419 V1

nationwide multidistrict litigations, recovering billions of dollars on behalf of classes in major antitrust matters. *See* CPM Firm Resume, Berman Decl., Ex. F.[104] Additionally, CPM has extensive experience representing public entities in mass litigation. *See, e.g., The People of the State of California v. Atlantic Richfield, et al.* (lead paint litigation on behalf of public entities resulting in a $1 billion judgment after trial). CPM has the personnel, financial resources, and infrastructure necessary to vigorously prosecute this action against well-resourced defendants and has repeatedly demonstrated its ability to commit substantial resources to complex litigation through trial and resolution. The following attorneys will spearhead CPM's efforts in this action: Adam J. Zapala, Elizabeth T. Castillo, Christopher F. Jeu, and Joseph W. Cotchett.

### 6. Proposed Co-Lead Counsel stands ready to incorporate additional claims for the class and file a complaint accordingly.

HB, CD, and GG have shown a genuine receptiveness to the ideas, strategies, and specific interests of their fellow counsel—for example, by committing to include a Clayton Act Section 7 claim in the amended complaint in response to input from other IPPs. HB, CD, and GG are prepared to file an amended complaint within one week of being appointed to leadership, which will include a Section 7 claim.[105] These actions underscore that HB, CD, and GG will continue to foster a cooperative, consensus-driven approach that ensures all members of the indirect purchaser plaintiff class are effectively represented.

---

[104] *See e.g., In re Auto. Parts Antitrust Litig.*, No. 2:12-md-02311 (E.D. Mich.) ("*Auto Parts*") (court appointed lead counsel for the indirect purchasers recovering over $1 billion in settlements, believed to be the largest settlement of an indirect purchaser case ever at the time against what the Department of Justice called one of the largest cartels ever); *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-cv-05634 (N.D. Cal.) ("*Transpacific*") (serving as co-lead counsel and recovering approximately $148 million); *In re International Air Transportation Surcharge Antitrust Litigation*, Case No. 3:06-md-01793 (N.D. Cal.) (serving as co-lead counsel and recovering over $204 million).

[105] *See* Berman Decl., ¶ 3; Hedlund Decl., ¶ 2; Dickinson Decl., ¶ 5.

011328-11/3597419 V1

**C. The Proposed Leadership Structure Best Protects the Interests of the Class.**

Counsel for Plaintiff City of Rochester should not be appointed to leadership. The proposed leadership structure, consisting of three Co-Lead firms and five firms on the PEC, adequately represents the interests of the class without unnecessarily adding costs and inefficiency to the detriment of the class. In analogous contexts, courts have cautioned that "it may be necessary at the outset of litigation to structure lead counsel so as to avoid the inevitable inefficiency and expense resulting from an inappropriate multiple lead counsel arrangement."[106]

Plaintiff City of Rochester filed its complaint two weeks ago.[107] Courts have found that such late filing calls into question the "work counsel has done in identifying or investigating potential claims in the action."[108] Nor does the substance of its complaint suggest otherwise—the *Rochester* complaint asserts nearly identical claims and substantially similar factual allegations as the *La Crosse* complaint.[109] Further, in its previous submission, Rochester failed to explain

---

[106] *See Friedman v. Rayovac Corp.*, 219 F.R.D. 603, 606 (W.D. Wis. 2002); *see also Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) ("though efficiency can sometimes be increased through collaboration overstaffing cases inefficiently is common"); *In re Treasury Sec. Auction Antitrust Litig.*, No. 15-MD-2673, 2017 WL 10991411, at *2 (S.D.N.Y. Aug. 23, 2017) ("Representation by more than three firms would likely lead to unnecessary duplication of work, hinder efficient decision making, and pose organizational and management challenges.").

[107] *City of Rochester, New York v. Oshkosh Corp., et al.*, No. 1:26-cv-00823, ECF No. 1 ¶¶ 1-13, 37-96 113-134 (E.D. Wis. May 8, 2026).

[108] *See Walker*, 2011 WL 2160889, at *4 (noting that because one applicant filed two months after the first, and another filed a month later "after the JPML issued the Transfer Order," "it would follow that [the third-filed applicant] has not had the opportunity, given the relatively short period of time it has been involved in the case, to conduct that degree of investigation and analysis as had [the first- and second-filed applicants].")

[109] *Compare City of La Crosse*, No. 1:25-cv-1252, ECF No. 1 ¶¶ 31- 113,131-157 (E.D. Wis.) (bringing Sherman Act § 1 price-fixing and information exchange claims, and state law claims) *with City of Rochester, New York*, No. 1:26-cv-00823, ECF No. 1 ¶¶ 1-13, 37-96 113-134 (E.D. Wis. May 8, 2026) (same claims but only bringing New York state law claims for state law class, and containing highly similar factual allegations, including some of the same sources and quotes).

-24-

how the addition of another firm and more attorneys would add anything to a leadership structure that it does not challenge as inadequate under Rule 23(g).[110][111]  Instead, the addition only threatens to increase inefficiency and costs to the class. Adding another firm as lead counsel results in more attorneys making day-to-day litigation decisions, rather than specific targeted tasks as a PEC member. Counsel for other IPPs—who are qualified and filed their complaints well before Rochester—have coordinated on devising an effective and efficient leadership structure, ensuring their interests are represented on the PEC (or otherwise) without requiring a lead title. Rochester seeks to be the exception.

### III.    CONCLUSION

The undersigned counsel on behalf of all IPPs respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP, Crueger Dickinson, LLC, and Gustafson Gluek PLLC as interim co-lead class counsel to represent the putative class of indirect purchaser plaintiffs in this litigation, O'Neil, Cannon, Hollman, DeJong & Laing S.C., counsel for Plaintiff City of Milwaukee, as liaison counsel, and the following firms as members of the Plaintiff Executive Committee: Cotchett, Pitre & McCarthy LLP; Miller Shah, LLP; Taus, Cebulash & Landau, LLP; Weitz & Luxenberg P.C.; and Zelle LLP.

DATED: May 22, 2026                      Respectfully submitted,

                                         **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                         By: /s/ *Steve W. Berman*
                                         _____

[110] *In re: Fire Apparatus Antitrust Litig.*, No. 2:26-md-03179, ECF No. 37 (City of Rochester, New York's Status Report Re: Indirect Purchaser Plaintiffs' Committee Leadership).

[111] Berman Decl., Exs. A-F; Hedlund Decl., Ex. A; Dickinson Decl., Ex. A. To the extent that it is considered, the Proposed Co-Lead Counsel commits a diverse group of lawyers to the case. *Wilcosky v. Amazon.com, Inc.*, No. 19-CV-05061, 2022 WL 18937690, at *3 (N.D. Ill. May 16, 2022) (considering, for example, gender diversity as part of 23(g)'s "other factors").

011328-11/3597419 V1

Steve W. Berman (Bar #12536)
Moses Jehng (Bar #64333)
Stephanie Verdoia (Bar #58636)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
       moses.jehng@hbsslaw.com
       stephaniev@hbsslaw.com

**GUSTAFSON GLUEK PLLC**

By: /s/ *Daniel C. Hedlund*
       Daniel C. Hedlund (Bar #025833)
Daniel E. Gustafson (Bar #202241)
Joshua J. Rissman (Bar #0391500)
Frances Mahoney-Mosedale (Bar #402741)
Gabrielle M. Kolb (Bar #504386)
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile:  (612) 339-6622
Email: dgustafson@gustafsongluek.com
       dhedlund@gustafsongluek.com
       jrissman@gustafsongluek.com
       fmahoneymosedale@gustafsongluek.com
       gkolb@gustafsongluek.com

**CRUEGER DICKINSON LLC**

By: */s/ Erin Dickinson*
       Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
       cjc@cruegerdickinson.com

*Interim Co-Lead Counsel for Indirect Purchaser
Plaintiffs and Counsel for the Cities of La Crosse
and Onalaska and the Claverack Fire District*

Paul F. Novak
Casey Verville

-26-

Milena Lai
**WEITZ & LUXENBERG, P.C.**
Fisher Building
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Telephone: (313) 800-4170
Facsimile: (646) 293-7992
Email: pnovak@weitzlux.com
cverville@weitzlux.com
mlai@weitzlux.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs and for the Cities of Ann Arbor, Middletown, and Ridgeland*

Kevin Landau (Bar #2835668)
Brett Cebulash (Bar #2622190)
Miles Greaves
**TAUS, CEBULASH & LANDAU, LLP**
123 William Street, Suite 1900A
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
Email: klandau@tcllaw.com
bcebulash@tcllaw.com
mgreaves@tcllaw.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs and for the Commack Fire District*

Douglas P. Dehler (Bar #1000732)
Joseph D. Newbold (Bar #1085294)
**O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.**
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-5000
Email: doug.dehler@wilaw.com
joseph.newbold@wilaw.com

James C. Shah
Natalie Finkelman Bennett
**MILLER SHAH LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505

-27-

Email: jcs@millershah.com
      nfinkelman@millershah.com

*Counsel for Plaintiff City of Milwaukee*

Adam J. Zapala
Elizabeth T. Castillo
Christopher F. Jeu
Christian S. Ruano
Lauren A. Devens
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Email: azapala@cpmlegal.com
      ecastillo@cpmlegal.com
      cjeu@cpmlegal.com
      cruano@cpmlegal.com
      ldevens@cpmlegal.com

*Counsel for Plaintiff City of Arcadia, California*

James R. Martin
Jennifer D. Hackett
Sabrina A. Nelson
Noah Wolfenstein
Desmond Sims
**ZELLE LLP**
1775 Pennsylvania Avenue NW, Suite 375
Washington, DC 20006
Telephone: (202) 899-4100
Email: jmartin@zellelaw.com
      jhackett@zellelaw.com
      snelson@zellelaw.com
      nwolfenstein@zellelaw.com
      dsims@zellelaw.com

*Counsel for Plaintiffs the Unified Government of*
*Wyandotte County and Kansas City, Kansas and*
*City of Las Vegas, Nevada*

Chris Cowan R.
**CHRISTOPHER COWAN, ESQ., LTD.**
P.O. Box 512
813 Main Avenue, Suite 209
Durango, CO 81302-0512
Telephone:  970-880-8900

011328-11/3597419 V1

Email: chris@cowan.ltd

*Counsel for Plaintiff The Durango Fire Protection District*


Matthew L. Dameron
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Email: matt@williamsdirks.com

*Counsel for Plaintiff City of Liberty, Missouri*


Michael E. Klenov (Bar # 277028)
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
Saint Louis, MO 63101
Telephone: (314) 241-4844


George A. Zelcs (Bar # 3123738)
Daniel A. Epstein (Bar #6320580)
Labeat Rrahmani (Bar #6340286)
**KOREIN TILLERY LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Email: gzelcs@koreintillery.com
   depstein@koreintillery.com
   lrrahmani@koreintillery.com

*Counsel for Plaintiff City of Fullerton*