## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

## JOINT DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR CURATIVE COMMUNICATION AND CERTIFYING CONFERRAL

We, Stephen R. Basser, Michael J. Flannery, Michael S. Smith, Joseph R. Saveri, and Beth J. Kushner hereby declare and state as follows:

1.      I, Stephen R. Basser, am a partner at Barrack, Rodos & Bacine ("BRB"), and a member in good standing of, among others, the bar of this Court.  The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

2.      I, Michael J. Flannery, am a partner at Cuneo Gilbert Flannery & LaDuca, LLP ("CGFL"), and a member in good standing of, among others, the bar of this Court.  The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

3.      I, Michael S. Smith, am a partner at Preti, Flaherty, Beliveau & Pachios, LLP ("Preti"), and a member in good standing of, among others, the bar of this Court.  The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

4. I, Joseph R. Saveri, am a partner at The Saveri Law Firm ("SLF"), and a member in good standing of, among others, the bar of this Court. The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

5. Our firms are court appointed interim co-lead counsel for the direct purchaser plaintiff class.

6. I, Beth J. Kushner, am a partner at von Briesen & Roper, s.c., and a member in good standing of, among others, the bar of this Court. The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

7. My firm is court appointed liaison counsel to the direct purchaser plaintiff class.

8. On May 18, 2026, we and some others from our firms met and conferred with Jason Julius from Baron & Budd, LP and Catherine Simonsen, Victoria Sims, and Nico Gurian of Simonsen Sussman ("Individual Action Coordinating Counsel" or "IACC") about, among other things, the concerns raised in this motion, including that it had come to our attention that an unknown number of potential plaintiff, absent class members, had received a marketing communication from them or their agents. We asked them to facilitate a curative communication to those recipients. We were not able to reach an amicable resolution.

9. During the meet and confer, IACC acknowledged that City of Philadelphia received through its Law Department an email that contained a link to the as-filed complaint in *People of the State of California, acting by and through the Los Angeles City Counsel; County of Los Angeles; and the Consolidated Fire Protection District of Los Angeles v. REV Group, Inc., et al.,* 2:26-cv-01468 (C.D. Cal.), filed on February 12, 2026, and a marketing brochure. They also acknowledged

2

that the email did not copy City of Philadelphia's outside counsel of record in this action. Given this acknowledgment, these facts are not disputed.

10. We also discussed that more than one attorney at Preti received emails seeking to entice municipalities or public entities the firm represents to file an individual action in this MDL. According to Mr. Smith, the substance of the emails varied, but each of them contained a link to a marketing brochure and none of them mentioned any prior pending class action. One of the emails used "time is of the essence" language, suggesting there was some urgency to the timing of filing a complaint. According to Mr. Smith, the marketing brochure linked to each email is the same. If the Court would like to see the emails received by Preti, copies will be made available for *in camera* review.

11. At the meet and confer, IACC acknowledged that they had either prepared or vetted the brochure, that their firm's names were emblazoned on it, with permission, and that they also permitted their lead generator "referring attorneys" to affix their firm's name on the brochure.

12. The brochure linked to each email described in this is identical.

[BLANK SPACE INTENDED]

3

13.     A true and correct copy of the brochure is attached as Exhibit 1.

We declare under penalty of perjury under law that the foregoing is true and correct.

Date: May 29, 2026

*/s/ Stephen R. Basser*
Stephen R. Basser

*/s/ Michael J. Flannery*
Michael J. Flannery

*/s/ Gregory P. Hansel*
Michael S. Smith

*/s/ Joseph R. Saveri*
Joseph R. Saveri

*/s/ Beth J. Kushner*
Beth J. Kushner

4