**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION<br><br>This document relates to:<br>All Cases | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

**PARTIES' PROPOSED BRIEFING SCHEDULE, STRUCTURE, AND PAGE LIMITS FOR DEFENDANTS' MOTIONS TO DISMISS**

Pursuant to the Court's June 23, 2026 Text Order (ECF No. 115), the parties reached agreement on a briefing schedule for Defendants' anticipated motions to dismiss Plaintiffs' operative complaints, but did not reach agreement on briefing structure and page limits. The parties provide below their agreed upon briefing schedule and their respective proposals on briefing structure and page limits.

**A. Parties' Proposed Briefing Schedule for Defendants' Motions to Dismiss** [1]

The parties propose that Defendants' motions to dismiss be due 60 days from the filing of Plaintiffs' latest consolidated amended complaint—i.e., the Indirect Purchaser Plaintiffs' Second Amended Consolidated Complaint, ECF No. 108—Plaintiffs' responses be due 60 days later, and Defendants' replies be due 40 days after Plaintiffs' responses, resulting in the following briefing schedule:

a. Defendants' Motions: August 17, 2026

[1] The parties' proposal applies to all operative complaints pending in this MDL as of July 8, 2026, as well as the complaints filed by the Cities of Providence, Gilbert, and Oxnard because the parties expect those cases to be transferred into the MDL within the next few days. Any complaints filed after July 8, 2026 would be governed by a separate scheduling order.

b. Plaintiffs' Responses: October 16, 2026

c. Defendants' Replies: November 25, 2026

**B. Briefing Structure and Pages Limits for Defendants' Motions to Dismiss**

The parties were unable to reach agreement on the structure and page limits for Defendants' anticipated motions to dismiss Plaintiffs' operative complaints. The parties therefore submit their respective proposals below.

**1. Defendants' Proposal**

The parties largely agree on total page limits for Defendants' motions to dismiss but vigorously dispute the structure of those motions, with Plaintiffs seeking to dictate an inefficient motion structure along with an imbalanced allocation of pages across them. Defendants' proposal reflects the most efficient and logical way to respond to Plaintiffs' operative complaints.

**a. All Defendants**

Plaintiffs' operative complaints raise both common and distinct legal issues and assert claims against various subsets of Defendants. For example, the Class Plaintiffs along with the Cities of Providence and Leominster plead substantively identical conspiracy claims under Section 1 of the Sherman Act, while the majority of Non-Class Plaintiffs focus on claims challenging acquisitions and exclusive dealing rather than any alleged conspiracy.

To address common legal deficiencies efficiently and avoid duplicative briefing to the Court, Defendants propose filing joint motions on shared issues while reserving complaint and Defendant-specific motions for unique arguments. Plaintiffs, by contrast, propose that Defendants submit duplicative briefs repeating the same legal arguments—an approach that ignores the substantial overlap in Plaintiffs' claims and factual allegations and defeats the very purpose of consolidation into the MDL. The Class Plaintiffs' complaints illustrate this point: their factual

allegations and conspiracy claims are nearly identical, yet Plaintiffs propose that Defendants file two 80-page motions repeating the same deficiencies that plague both complaints.

Defendants anticipate filing the below motions and propose the following page limits:[2]

| Motion to Dismiss | Opening Brief Page Limit | Response Brief Page Limit | Reply Brief Page Limit |
|---|---|---|---|
| Joint Motion to Dismiss Class Plaintiffs' Complaints, City of Leominster Complaint, and City of Providence Complaint | 35 | 35 | 24 |
| Joint Motion to Dismiss Non-Class Plaintiffs' Complaints[3] | 50 | 50 | 34 |
| Joint Motion to Dismiss Indirect Purchaser Plaintiffs' State Law Claims | 15 | 15 | 10 |
| Joint Motion to Dismiss for Lack of Antitrust Standing (applicable to all Plaintiffs) | 15 | 15 | 10 |
| Joint Supplemental Motion to Dismiss City of Providence and City of Leominster Complaints[4] | 20 | 20 | 14 |

[2] Page limits exclude any appendices, exhibits, and affidavits. Defendants anticipate filing appendices summarizing the applicable statutes and case law for each state as is common practice in antitrust cases involving numerous state law claims. Any exhibits and affidavits would be limited to any Defendant-specific brief or any motion to dismiss for lack of personal jurisdiction.

[3] "Non-Class Plaintiffs' Complaints" include Direct (Non-Class Action) Plaintiffs' Consolidated Amended Complaint, ECF No. 53, as well as the individual later-field complaints by the following Non-Class Plaintiffs represented by the same attorneys: City of Albuquerque, City of Emeryville, City of Tempe, Mayor & City Council of Baltimore, City of Des Moines, City of Tacoma, City of Tuscaloosa, City of Tampa, City of Gilbert, and City of Oxnard.

[4] Defendants anticipate addressing most, if not all, of the issues raised in the City of Providence and City of Leominster complaints in other joint briefs, but are reserving the ability to file a consolidated joint supplemental brief of 20 pages to address any unique issues.

| Motion to Dismiss | Opening Brief Page Limit | Response Brief Page Limit | Reply Brief Page Limit |
|---|---|---|---|
| Any Defendant-Specific Motions to Dismiss for each defendant family except AIP LLC and AIP Investor Defendants (applicable to all Plaintiffs) | 10 | 10 | 7 |
| AIP, LLC and AIP Investor Defendants' Motion to Dismiss under Rule 12(b)(2) and 12(b)(6) (applicable to all Plaintiffs)[5] | 35 | 35 | 20 |

As illustrated above, Defendants propose that Plaintiffs should be allotted the same total number of pages for their oppositions as Defendants file for their opening briefs. Where a brief applies to multiple groups of Plaintiffs (e.g., Joint Motion to Dismiss Class Plaintiffs' Complaints), each group of Plaintiffs may file its own opposition at the length of the opening brief rather than being required to coordinate on a single response. Because Defendants will not know until they see Plaintiffs' oppositions whether multiple groups raised distinct arguments, Defendants propose modestly more pages for their reply briefs and reserve the ability to seek additional modifications as necessary after reviewing Plaintiffs' oppositions.

With the exception of reply briefs, the parties largely agree on page limits. In fact, Plaintiffs propose even more pages for Defendants' opening briefs—Defendants' proposal contemplates 215 total pages, whereas Plaintiffs' proposal contemplates 265 pages. The dispute thus concerns the structure of Defendants' motions and the allocation of pages across them.

Defendants' proposed motions address the mix of common and distinct legal issues across multiple complaints efficiently. This approach minimizes the number of separate briefs and pages

[5] AIP, LLC and AIP Investor Defendants intend to file a single 35-page brief in support of their motions to dismiss under Rules 12(b)(2) and 12(b)(6), as well as a 20-page reply.

required, while avoiding repetitive treatment of issues shared across complaints to reduce the burden on the Court. Defendants propose a joint motion to dismiss the complaints that allege the same conspiracies, supplemented by a short brief dedicated to the Indirect Purchaser Plaintiffs' additional state law claims and a short brief dedicated to any unique issues raised by the Cities of Providence and Leominster complaints. Because all complaints raise overlapping antitrust standing issues, Defendants propose a consolidated joint motion on standing as to all Plaintiffs to avoid repetitive briefing on the same issues. Defendants similarly propose short Defendant-specific motions to the extent necessary to address unique issues not common to other Defendants.

By contrast, Plaintiffs' proposed briefing structure is inefficient and their proposed page limit allocation is uneven. In addition to redundant 80-page briefs addressing each set of Class Plaintiffs' consolidated amended complaint, their proposal that Defendants address City of Providence's complaint in the same brief as Non-Class Plaintiffs' consolidated amended complaint makes little sense given that City of Providence asserts Section 1 claims not common to the consolidated amended complaint and names very different Defendants.[6] Plaintiffs' proposal also contemplates that Defendants would reiterate common antitrust standing and Defendant-specific issues in multiple briefs rather than in briefs dedicated to those issues.

With respect to reply briefs, Non-Class Plaintiffs' proposal is unreasonable and departs from the Class Plaintiffs' approach. It would give Defendants less than half the pages Plaintiffs used to oppose the motion.

Defendants respectfully request that the Court adopt their proposed briefing structure and page limits for their anticipated motions to dismiss.

---

[6] Defendants do not agree to Plaintiffs' proposed "stipulation" to incorporate City of Providence into the Non-Class Action Plaintiffs' Consolidated Amended Complaint. *See* fn. 8.

**b. AIP, LLC and AIP Investor Defendants**

AIP, LLC and AIP Investor Defendants are uniquely situated from the other defendants. They never made or sold fire trucks or other relevant products. Instead, AIP Investor Defendants previously invested in one of the manufacturer defendants, REV Group, while AIP, LLC provided investment advisory services to AIP Investor Defendants. As a result, AIP, LLC and AIP Investor Defendants request a separate brief to address the unique reasons that they should be dismissed from these cases for lack of personal jurisdiction and failure to state a claim.

AIP LLC and AIP Investor Defendants' combined motion to dismiss arguments will not overlap with those of the other defendants, and require separate briefing from the other defendants in order to assist the Court's evaluation. Consistent with the Court's directive at the status conference, AIP, LLC and AIP Investor Defendants—which are based in New York and organized under Delaware law—will address the lack of personal jurisdiction over them in 12 of the 13 districts where plaintiffs filed cases now centralized in this MDL, including in districts filed by non-class plaintiffs that allege personal jurisdiction based on unrelated investments by separate non-defendant entities in unrelated companies and industries in those states. In the same brief, AIP, LLC and AIP Investor Defendants will address why the allegations regarding investments in REV Group, and acquisitions made by REV Group well outside the limitations period, fail to state a claim under the antitrust laws based on black letter law that universally recognizes and enforces the protections afforded to separate corporate entities and that expressly precludes liability based on mere ownership and control as a matter of law, particularly absent any allegations of independent participation in the alleged anti-competitive conduct. These issues require dismissal of the unique claims against AIP, LLC and AIP Investor Defendants under Rules 12(b)(2) and 12(b)(6), and will be most efficiently addressed through one separate brief addressing the fatal

deficiencies common to both the direct purchaser class and individual plaintiff consolidated complaints, and will be non-duplicative of other arguments presented by Defendants. Because AIP, LLC and each of the five AIP Investor Defendants have distinct arguments and because there is extensive legal authority not germane to other issues presented in Defendants' joint motions which demonstrates why plaintiffs' claims against them should be dismissed, a separate 35-page brief for AIP, LLC and AIP Investor Defendants is necessary and will best assist the Court in reaching the right decision under the applicable law.

**2. Plaintiffs' Proposal**

The parties differ materially on the appropriate structure of the motions and the page limits. Defendants propose an inefficient motion structure, with as many as nearly *ten* separate motions to be filed against a single consolidated amended complaint. Plaintiffs' streamlined proposal is both more efficient and fairer.

**a. All Plaintiffs**

The interests of efficiency and judicial economy are best served if Defendants jointly file a motion to dismiss each Consolidated Amended Complaint—NCAPs', DPPs', and IPPs'.[7] Although there are common facts and circumstances described in each of the three Consolidated Amended Complaints (ECF Nos. 53, 59, and 108) ("Consolidated Complaint(s)") there are enough differences that motions to dismiss by issue that cut across Consolidated Complaints would be unwieldy and inefficient. In addition, NCAPs DPPs, and IPPs have not all named the same entities as defendants, and two complaints have state-law claims (IPP and NCAP) where DPPs' has none. Focusing each motion on the requested dismissal of a particular set of plaintiffs' (NCAPs, DPPs,

---

[7] Plaintiffs have also agreed that Defendants may file a supplemental motion to dismiss as to the recently filed City of Leominster Complaint.

or IPPs) claims simplifies the process. Recognizing the large number of parties involved in this dispute, and the number of issues to be briefed, Plaintiffs have agreed, at Defendants' request, to expand the length of opening, opposition, and reply briefs to give all parties sufficient space to present or respond to any particular argument. Defendants' proposal would lead to an unnecessary and inefficient multiplicity of briefs and total pages for the court to review and consider, unnecessarily increasing the burden on both the parties and the Court.

With respect to the AIP Defendants, the Consolidated Complaints filed by Plaintiffs in this MDL demonstrate actions well beyond what those Defendants describe as mere investment. *See, e.g.*, NCAP CAC, at paragraphs 69, 70-76. Despite allegations of their management and control over REV Group, the AIP Defendants request significant additional briefing to address the "unique reasons that they should be dismissed." However, the structure and page limits for such briefing as proposed by Plaintiffs should be more than sufficient to address these issues.

**b. Non-Class Action Plaintiffs' Consolidated Amended Complaint (CAC)**

Specifically with respect to any motion to dismiss the NCAP CAC (ECF No. 53), NCAPs propose a straightforward, single joint motion to dismiss the NCAP CAC. NCAPs believe the four defendant families named in the NCAP CAC should be able to coordinate to fit their joint and defendant-specific arguments within 65 pages—more than twice the number of pages provided under the Local Rules. By contrast, Defendants are proposing to have *130* pages of opening briefing against the NCAP CAC: 50 pages in the main motion, another 15 pages in the "antitrust standing" motion, and another 65 pages, in up to four additional motions, specific to the four defendant families. In total, NCAPs are proposing Defendants have 90 pages of briefing across their motion (65) and reply (25), versus only 65 pages allocated to NCAPs for their opposition—if anything, an imbalance in Defendants' favor. Defendants have failed to show the need for the

excessive number of motions and pages they are requesting for briefs they have been working on since the first NCAP complaint was filed in February.[8]

Based on the foregoing, Plaintiffs propose the following:

| **Motion to Dismiss** | **Opening Brief Page Limit[9]** | **Response Brief Page Limit** | **Reply Brief Page Limit** |
|---|---|---|---|
| Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint | 80 | 80 | 40[10] |
| Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Complaint | 80 | 80 | 40 |
| Joint Motion to Dismiss Non-Class Plaintiffs' Complaints[11] | 65 | 65 | 25 |
| Supplemental Motion to Dismiss City of Leominster Complaint | 15 | 30 | 10 |

[8] Plaintiffs have proposed that Defendants include their arguments for dismissal of the City of Providence's non-class action complaint in their single joint motion as to the NCAP CAC, because the City of Providence's claims overlap either with the NCAP CAC (in which case, no additional pages are warranted) or with the class complaints (in which case, Defendants can incorporate by reference their arguments for dismissal of the class complaints). In addition, NCAPs and Providence have proposed a stipulation that the City of Providence be incorporated into the Non-Class Action Plaintiffs' Consolidated Amended Complaint.

[9] Page limits exclude any appendices, exhibits, and affidavits. Any legal argument or citations shall be included in the motion, response, or reply; any appendix, exhibit, or affidavit including legal argument or citations shall count toward the page limits set forth above.

[10] This reflects the proportion set forth in Local Rule 7(h), which permits opening briefs of up to 30 pages and reply briefs of up to 15 pages. Defendants' proposal seeks a disproportionate number of pages for any Reply Brief.

[11] "Non-Class Plaintiffs' Complaints" include Non-Class Action Plaintiffs' Consolidated Amended Complaint, ECF No. 53; as well as the individual later-field complaints by the following Non-Class Plaintiffs represented by the same attorneys: City of Albuquerque, City of Emeryville, City of Tempe, Mayor & City Council of Baltimore, City of Des Moines, City of Tacoma, City of Tuscaloosa, City of Tampa, Town of Gilbert, and City of Oxnard; as well as the City of Providence's complaint.

| Motion to Dismiss | Opening Brief Page Limit[9] | Response Brief Page Limit | Reply Brief Page Limit |
|---|---|---|---|
| Individual Defendant MTD Direct Purchaser Plaintiffs' Complaints – AIP Defendants (under Rules 12(b)(2))[12] [13] | 25 | 25 | 15 |

Plaintiffs reserve the ability to seek additional modifications of this proposal to the extent necessary after receiving Defendants' motions, including more pages for their briefs in response.

Plaintiffs respectfully request that the Court adopt their proposed briefing structure and page limits for their anticipated motions to dismiss.

[12] A separate 25-page limited "Individual Defendant MTD – AIP Defendants (under Rules 12(b)(2))" shall be as to DPP Complaint only. Any such Motion as to Non-Class Plaintiffs' Complaints shall be included in the Joint MTD Non-Class Plaintiffs' Complaints or the Supplemental Motion as to the City of Leominster complaint.

[13] Plaintiffs reserve the right to sever, seek jurisdictional discovery and/or to extend their deadline to respond to any Fed. R. Civ. P. 12(b)(2) grounds for dismissal raised by any defendant.

Dated: July 8, 2026

Respectfully submitted

By: s/ *Gregory P. Hansel*
Gregory P. Hansel (WIED No. 607101)
Michael S. Smith (WIED No. 004986)
Elizabeth F. Quinby (WIED No. 006168)
Michael D. Hanify (WIED No. 010257)
**PRETI FLAHERTY BELIVEAU & PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Interim Co-Lead Direct Purchaser Class Counsel*

By: s/ *Beth Kushner*
Beth Kushner, SBN 1008591
Christopher E. Avallone, SBN 1095465
**von BRIESEN & ROPER, s.c.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Interim Direct Purchaser Class Liaison Counsel*

*/s/ Michael J. Flannery*
Michael J. Flannery (WIED No. 110084)
**CUNEO GILBERT & LADUCA, LLP**
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel*
Evelyn Riley*
Cody McCracken*
**CUNEO GILBERT & LADUCA, LLP**
2445 M Street NW

s/ *Reid Schar*
Reid Schar (Bar No. 6243821)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

Daniel T. Flaherty (Bar No. 1011357)
GODFREY & KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

*Counsel for Defendants Oshkosh Corporation, Pierce Manufacturing, Inc., and Maxi-Métal, Inc.*

s/ *Daniel J. Vaccaro*
Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvccaro@michaelbest.com

Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel*

*/s/ Jeffrey A. Barrack*
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel*

Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel*

William J. Ban (WIED No. 1870690)
**BARRACK, RODOS & BACINE**
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax.: (212) 688-0783
E-mail: wban@barrack.com
*Interim Co-Lead Direct Purchaser Class Counsel*

*/s/ Joseph R. Saveri*
Joseph R. Saveri (WIED State Bar No. 130064)

jlolson@michaelbest.com
ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
DAVIS POLK & WARDWELL LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

Mari Grace (Bar No. 90009858)
Sean Stefanik (Bar No. 5637913)
DAVIS POLK & WARDWELL LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendants REV Group, LLC (formerly REV Group, Inc.), E-One, Inc., Kovatch Mobile Equipment Corp., KME Global, LLC, KME Holdings, LLC, KME RE Holdings, LLC, Ferrara Fire Apparatus, Inc., FFA Holdco, Inc., FFA Acquisition Co., Inc., Ferrara Fire Apparatus Holding Company, Inc., Spartan Fire, LLC, Smeal SFA, LLC, Smeal LTC, LLC, Smeal Holding, LLC, and Detroit Truck Manufacturing, LLC*

s/ *Ashley B. Eickhof*
Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
BAKER & MCKENZIE LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
GASS TUREK LLC
241 North Broadway, Suite 300

Ronnie Spiegel (WA State Bar No. 33721)
David Seidel (CA State Bar No 307135)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com

*Interim Co-Lead Direct Purchaser Class Counsel*

*/s/ Steve W. Berman*
Steve W. Berman (Bar #12536)
Moses Jehng (Bar #64333)
Stephanie Verdoia (Bar #58636)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com
Email: stephaniev@hbsslaw.com

*/s/ Erin K. Dickinson*
Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

*/s/ Daniel C. Hedlund*
Daniel C. Hedlund (Bar #025833)
Joshua J. Rissman (Bar #0391500)
Frances Mahoney-Mosedale (Bar #402741)
Gabrielle M. Kolb (Bar #504386)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Milwaukee, WI 53202
(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

*Counsel for Defendants Rosenbauer America, LLC, Rosenbauer South Dakota, LLC, and Rosenbauer Minnesota, LLC*

s/ *Paul C. Cuomo*
Paul C. Cuomo (Bar No. 457793)
Ed Duffy (Bar No. 359847)
Megan Tankel (Bar No. 90003303)
Alexander Kraszewski (Bar No. 1781948)
BAKER BOTTS LLP
700 K Street, NW
Washington, DC 20001
(202) 639-7700
paul.cuomo@bakerbotts.com
ed.duffy@bakerbotts.com
megan.tankel@bakerbotts.com
alexander.kraszewski@bakerbotts.com

Daniel E. Conley (Bar No. 1009443)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
(414) 277-5000
daniel.conley@quarles.com

*Counsel for Defendants AIP, LLC; American Industrial Partners Capital Fund IV, LP; American Industrial Partners Capital Fund IV (Parallel), LP; AIP/CHC Holdings, LLC; AIP CF IV, LLC; and AIP/CHC Investors, LLC*

/s/ *John P. Loringer*
John P. Loringer
Marcella S. Spoto
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com

Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: jrissman@gustafsongluek.com
Email: fmahoneymosedale@gustafsongluek.com
Email: gkolb@gustafsongluek.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

James R. Martin
Sabrina A. Nelson
Noah Wolfenstein
Desmond Sims
ZELLE LLP
1775 Pennsylvania Avenue, NW Suite 375
Washington, DC 20006
Telephone: (202) 899-4100
Fax: (612) 336-9100
Email: jhackett@zellelaw.com
Email: jmartin@zellelaw.com
Email: snelson@zellelaw.com
Email: nwolfenstein@zellelaw.com
Email: dsims@zellelaw.com

*Executive Committee Chair for Indirect Purchaser Plaintiffs*

James C. Shah
Natalie Finkelman Bennett
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Ph. 866-540-5505
Email: jcs@millershah.com
Email: nfinkelman@millershah.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs*

Paul F. Novak
Casey Verville
Milena Lai
WEITZ & LUXENBERG, P.C.
Fisher Building
3011 West Grand Blvd., 24th Floor

marcella.spoto@wilsonelser.com
*Counsel for Defendant Fire Apparatus Manufacturers' Association*

s/ *Leo Caseria*
Leo Caseria (Bar No. 1655936)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppard.com

Joy O. Siu (Bar No. 307610)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 774-3108
jsiu@sheppard.com

*Counsel for Defendants Boise Mobile Equipment, Inc. and BME Fire Trucks LLC for all matters other than People of the State of California, et al. v. REV Group, LLC., et al.*, No. 2:26-cv-00632

Benjamin Price (Bar No. 267400)
(admission forthcoming)
BREMER WHYTE BROWN & O'MEARA, LLP
20320 SW Birch St. Newport Beach, CA 92660
(949) 221-1013
bprice@bremerwhyte.com

*Counsel for Boise Mobile Equipment, Inc. and BME Fire Trucks LLC in People of the State of California, et al. v. REV Group, LLC, et al.*, No. 2:26-cv-00632

Detroit, MI 48202
Phone: (313) 800-4170
Fax: (646) 293-7992
Email: pnovak@weitzlux.com
Email: cverville@weitzlux.com
Email: mlai@weitzlux.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs*

Adam J. Zapala
Elizabeth T. Castillo
Christopher F. Jeu
Christian S. Ruano
Lauren A. Devens
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cjeu@cpmlegal.com
cruano@cpmlegal.com
ldevens@cpmlegal.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs*

Kevin Landau
Brett Cebulash
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, New York 10038
Telephone: 646-873-7654
Facsimile: 212-931-0703
Email: klandau@tcllaw.com
Email: bcebulash@tcllaw.com
Email: mgreaves@tcllaw.com

*Executive Committee Counsel for Indirect Purchaser Plaintiffs*

Douglas P. Dehler (Bar #1000732)
Joseph D. Newbold (Bar #1085294)

O'NEIL, CANNON, HOLLMAN,
DEJONG & LAING S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Phone: (414) 276-5000
Email: doug.dehler@wilaw.com
Email: joe.newbold@wilaw.com

*Liaison Counsel for Indirect Purchaser Plaintiffs*

By: /s/ *Catherine S. Simonsen*

Catherine S. Simonsen (CA SBN 307325)
Thomas G. Mattes (CA SBN 355010)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com
E-mail: thomas.mattes@simonsensussman.com

Shaoul Sussman (NY SBN 5820782)
Nico Gurian (NY SBN 5590591)
Braden Fain (NY SBN 6198287)
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: shaoul@simonsensussman.com
Email: nico.gurian@simonsensussman.com
Email: braden.fain@simonsensussman.com

Nicolas A. Stebinger (DC SBN 984080)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com

John P. Fiske (CA SBN 249256)
Lindsay R. Stevens (CA SBN 256811)
Jason J. Julius (CA SBN 249036)
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265

San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com
Email: jjulius@baronbudd.com

*Lead Counsel for Non-Class Action Plaintiffs People of the State of California, acting by and through the Los Angeles County Counsel, County of Los Angeles, and Consolidated Fire Protection District of Los Angeles County; People of the State of California, acting by and through the Office of County Counsel, County of San Diego, County of San Diego, and San Diego County Fire Protection District; People of the State of California, acting by and through the San Diego City Attorney's Office, and City of San Diego; Ebbetts Pass Fire Protection District; City of Santa Barbara; County of Butte; County of Shasta; City of Oakland; City of Santa Clara; Unified Fire Authority; City of Hartford; City of Portland, Oregon; City of Allentown; City of Portsmouth; City of Green Bay; City of Yonkers; City of Tucson; City of Albuquerque; City of Emeryville; City of Tempe; City of Baltimore; City of Des Moines; City of Tacoma; City of Tuscaloosa; City of Tampa; Town of Gilbert; City of Oxnard*

By: /s/ *Michael Kades*

Michael Kades
Jeff Dan Herrera
**NACHAWATI LAW GROUP**
5489 Blair Rd.
Dallas, TX 75231
Tel: (214) 890-0711
Email: mkades@ntrial.com
Email: jherrera@ntrial.com

*Counsel for Plaintiff City of Providence*

By: /s/ *Harold P. Naughton, Jr.*

Harold P. Naughton, Jr.
**NAPOLI SHKOLNIK PLC**
10 Nelson Street
Clinton, MA 01510

Tel: (978) 852-3643

*Counsel for Plaintiff City of Leominster*