**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION<br><br>*This Document Relates To*:<br>*Direct Purchaser Class and*<br>*All Direct (Non-Class) Actions* | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BOISE MOBILE EQUIPMENT, INC. AND BME FIRE TRUCK'S LLC'S 12(B)(6) MOTION TO DISMISS

SMRH:4919-0130-7077

**TABLE OF CONTENTS**

INTRODUCTION ... 1

FACTUAL BACKGROUND ... 2

LEGAL STANDARD ... 3

ARGUMENT ... 3

I. Plaintiffs' Claims Against BME Defendants Did Not Accrue Within the Applicable Limitations Period ... 3

II. The DPP and NCAP Complaints Fail to Allege That BME Defendants Engaged in Any Misconduct That Would Give Rise to a Plausible Claim for Relief ... 4

III. The Section 2 and Section 7 Claims Fail for the Independent Reason That Plaintiffs Do Not Allege Market Power or Specific Intent ... 6

IV. DPPs Claims Fail for the Independent Reason That They Lack Standing to Sue BME Because They Have Not Purchased any BME Products ... 7

V. NCAPs' Section 7 Claims Fail for the Independent Reason That BME Is a Seller, Not an Acquirer, and the Only Thing It Sold Was a Non-Controlling Minority Interest ... 8

VI. Plaintiffs' State Law Claims Predicated on Alleged Antitrust Violations Must Be Dismissed ... 8

CONCLUSION ... 10

## TABLE OF AUTHORITIES

Page(s)

Cases

*Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*
4 F. Supp. 3d 1123 (D. Ariz. 2014) .......... 10

*In re Aggrenox Antitrust Litig.*
94 F. Supp. 3d 224 (D. Conn. 2015) .......... 9

*All Weather Exteriors Distrib., Inc. v. California Wholesale Material Supply, Inc.*
No. 2:06-CV-346 TS, 2007 WL 445281 (D. Utah Feb. 6, 2007) .......... 10

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 3, 9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 3, 6, 9

*Birkley v. Amazon.com Servs. LLC*
813 F. Supp. 3d 906 (E.D. Wis. 2025) (Griesbach, J.) .......... 3

*Brooks v. Ross*
578 F.3d 574 (7th Cir. 2009) .......... 1, 3

*Brownmark Films, LLC v. Comedy Partners*
682 F.3d 687 (7th Cir. 2012) .......... 2

*Cancer Found. Inc. v. Cerberus Cap. Mgmt., LP*
559 F.3d 671 (7th Cir. 2009) .......... 4

*City of Albuquerque v. REV Group, Inc. et al.*
1:26-cv-1641 (May 21, 2026), ECF No. 1 .......... 9

*City of Des Moines v. REV Group, Inc. et al.*
No. 2:26-cv-1104 (June 26, 2026), ECF No. 17 .......... 9

*Dailey v. Quality Sch. Plan, Inc.*
380 F.2d 484 (5th Cir. 1967) .......... 8

*FTC v. Advoc. Health Care*
2017 WL 1022015 (N.D. Ill. Mar. 16, 2017) .......... 6

*Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*
711 F.3d 68 (2d Cir. 2013) .......... 10

*Goldfinch Lab'y, P.C. v. Iowa Pathology Assocs., P.C.*
No. 4:24-CV-00168-RGE-HCA, 2024 WL 5205936 (S.D. Iowa Dec. 13, 2024), *aff'd*, 168 F.4th 500 (8th Cir. 2026) ........ 10

*Great Escape, Inc. v. Union City Body Co.*
791 F.2d 532 (7th Cir. 1986) ........ 5, 6

*Greco v. Mallouk*
No. 22-cv-2661, 2024 WL 4119169 (N.D. Ill. Sept. 9, 2024) ........ 5, 6, 7, 8

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*
392 U.S. 481 (1968) ........ 7

*Hinkleman v. Shell Oil Co.*
962 F.2d 372 (4th Cir. 1992) ........ 10

*In re Humira*
465 F. Supp. 3d at 848 ........ 9

*Illinois Brick Co. v. Illinois*
431 U.S. 720 (1977) ........ 7

*Indiana Grocery v. Super Valu Stores*
864 F.2d 1409 (7th Cir. 1989) ........ 7

*Kansas v. UtiliCorp United Inc.*
497 U.S. 199 (1990) ........ 7

*Lektro-Vend Corp. v. Vendo Co.*
660 F.2d 255 (7th Cir. 1981) ........ 7

*Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*
29 F.4th 337 (7th Cir. 2022) ........ 5

*Marion Healthcare, LLC v. Becton Dickinson & Co.*
952 F.3d 832 (7th Cir. 2020) ........ 7

*Mayor & City Council of Baltimore v. REV Group, Inc. et al.*
No. 2:26-cv-1099 (June 30, 2026), ECF No. 25 ........ 8

*Midwestern Mach. Co. v. Nw. Airlines, Inc.*
392 F.3d 265 (8th Cir. 2004) ........ 4

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*
795 F.3d 1124 (9th Cir. 2015) ........ 9

*New Mexico Horsemen's Ass'n v. Sunray Gaming of New Mexico, L.L.C.*
No. 1:24-CV 00235-MLG-DLM, 2025 WL 2409896 (D.N.M. Aug. 19, 2025) ........ 10

*O'Gorman v. City of Chicago*
777 F.3d 885 (7th Cir. 2015) ....................................................................................3

*Oliver v. Am. Express Co.*
No. 19-CV-566, 2020 WL 2079510 (E.D.N.Y. Apr. 30, 2020) ............................................9

*In re Opana*
162 F. Supp. 3d at 726.........................................................................................................9

*Oregon Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*
185 F.3d 957 (9th Cir. 1999) ..................................................................................................10

*People of the State of California, et al. v. REV Group, LLC., et al.*
No. 2:26-cv-01468 (C.D. Cal. Feb. 12, 2026) .........................................................................4

*Saint Francis Hosp. & Med. Ctr., Inc. v. Hartford Healthcare Corp.*
655 F. Supp. 3d 52 (D. Conn. 2023) .......................................................................................9

*Shuffle Tech Int'l, LLC v. Sci. Games Corp.*
2015 WL 5934834 (N.D. Ill. Oct. 12, 2015) ...........................................................................4

*Sky Angel U.S., L.L.C. v. Nat'l Cable Satellite Corp.*
947 F. Supp. 2d 88 (D.D.C. 2013) ..........................................................................................7

*Smith Wholesale Co. v. Philip Morris USA, Inc.*
219 F. App'x 398 (6th Cir. 2007) ............................................................................................7

*Spectrum Sports, Inc. v. McQuillan*
506 U.S. 447 (1993) ...........................................................................................................5, 6

*Suture Exp. v. Cardinal Health 200*
963 F. Supp. 2d 1212 (D. Kan. 2013) .....................................................................................6

*In re Telescopes Antitrust Litig.*
No. 5:20-CV-03642-EJD, 2026 WL 806693 (N.D. Cal. Mar. 23, 2026)................................4

*United States v. Coca-Cola Bottling Co. of L.A.*
575 F.2d 222 (9th Cir. 1978) ..................................................................................................8

*Westowne Shoes, Inc. v. Brown Grp., Inc.*
104 F.3d 994 (7th Cir. 1997) ..................................................................................................10

*Z Techs. Corp. v. Lubrizol Corp*.
753 F.3d 594 (6th Cir. 2014) ..................................................................................................4

<u>Statutes</u>

15 U.S.C. § 15b.......................................................................................................................3

15 U.S.C. § 18 .......... 5, 6

Cal. Bus. & Prof. Code § 16700 et seq. .......... 9

Cal. Bus. & Prof. Code § 17200 .......... 9

Maryland Antitrust Act § 11-204(a) .......... 10

Maryland Antitrust Act § 11-204(b) .......... 10

New Mexico Antitrust Law § 57-1-1 .......... 10

New Mexico Antitrust Law § 57-1-2 .......... 10


<u>Other Authorities</u>


*Pierce Manufacturing*, BME Fire Trucks (Sept. 16, 2021), https://www.bmefire.com/bme-joins-strategic-alliance-with-pierce-manufacturing/ .......... 2

Federal Rule of Civil Procedure 8 .......... 9

Federal Rule of Civil Procedure 12(b)(6) .......... 3

## INTRODUCTION[1]

Boise Mobile Equipment, Inc. ("Boise Mobile") and BME Fire Trucks LLC ("BME") (collectively, "BME Defendants") do not belong in this litigation. BME Defendants were not in either of the class cases before NCAPs began filing their seriatim lawsuits,[2] and, tellingly, IPPs have declined to bring claims against BME Defendants. *See* IPPC, ECF No. 108. The threadbare allegations against BME Defendants in the DPP and NCAP complaints underscore that Plaintiffs cannot state a plausible claim against BME Defendants. DPPs' and NCAPs' claims against BME Defendants should be dismissed for all of the reasons set forth in Defendants' Joint Motions to Dismiss, which are fully incorporated by reference herein, and for at least the following reasons. *First*, as a threshold matter, Plaintiffs' claims are barred by the applicable statutes of limitations and Plaintiffs have failed to plead any conduct BME Defendants engaged in that would justify tolling. *Second*, DPP's and NCAP's only non-conclusory allegations specific to BME Defendants is that (1) Boise Mobile sold a 25% interest in BME to Pierce and (2) prices increased in an inflationary environment. A court cannot infer an antitrust violation based on conduct that is equally consistent with legitimate business. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). *Third*, Plaintiffs' have not and cannot state essential elements of their claims against BME, each of which is independently dispositive. *Finally*, all state law claims asserted by the NCAPs against BME Defendants fail for the same reasons as the federal claims.

---

[1] The acronyms in this memorandum are taken from the Glossary submitted as an attachment to the Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Class Plaintiffs' Consolidated Amended Complaints.

[2] *See generally* Direct Purchaser Pls.' Cons. Am. Class Action Compl., No. 1:25-cv-01252 (Mar. 11, 2026), ECF No. 90; Indirect Purchaser Pls.' Consolidated Am. Class Action Compl., No. 1:25-cv-01252 (Mar. 23, 2026), ECF No. 94.

## FACTUAL BACKGROUND[3]

Boise Mobile is a manufacturer of wildland fire apparatus. DPPC ¶ 29, ECF No. 59; NCAPC ¶¶ 11, 80, 135, 280, ECF No. 53. In September 2021, Boise Mobile sold a 25% interest in its subsidiary, BME, to Pierce. *Id.* Boise Mobile retained a controlling 75% interest. *Id.*

Before the transaction with Pierce, BME sold its products directly to customers. NCAPC ¶¶ 160 n.4, 281. As a result of the transaction, BME gained access to "[t]he extensive Pierce dealer network" which "offers apparatus sales and service to customers in all 50 states." NCAPC ¶ 160 & n.4. It also enabled BME to invest in "R&D" to "design and develop state-of the art wildland chassis," *id.* ¶ 306, "[l]ower costs over time through improved efficiencies, better purchasing, and smarter designs[,]" and "provide increased customer support."[4] In sum, according to the allegations and materials cited in Plaintiffs' own complaints, the transaction was procompetitive and *increased* BME's ability to compete by reducing cost, improving quality, and expanding access to customers.

BME's access to the Pierce dealer network has broadened its reach into new markets, but BME has not sold any products in many of the states from which the named Plaintiffs hail—and Plaintiffs do not allege otherwise. For instance, none of the named plaintiffs in the DPPC allege that they ever purchased a vehicle directly from BME Defendants (or a BME product at all) during the relevant period. Moreover, the NCAPC alleges that BME has not engaged in direct sales since

---

[3] Unless otherwise specified, all docket citations are to the above-captioned MDL docket.

[4] NCAPC ¶ 306 selectively quotes a blog published by BME Defendants about the procompetitive rationale and effects of the Pierce transaction. *BME Joins Strategic Alliance with Pierce Manufacturing*, BME Fire Trucks (Sept. 16, 2021), https://www.bmefire.com/bme-joins-strategic-alliance-with-pierce-manufacturing/. But the Court should consider the material cited by Plaintiffs in full. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment.").

the Pierce transaction in September 2021. NCAPC ¶ 160 n.4. And aside from a few California plaintiffs, none of the other NCAPs allege that they purchased a BME product. NCAPC ¶¶ 80, 283, 389, 423, & 432.

## LEGAL STANDARD[5]

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are "just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market" as unlawful conduct are "insufficient to defeat a motion under Rule 12(b)(6)." *Brooks*, 578 F.3d at 581.

## ARGUMENT

### I. Plaintiffs' Claims Against BME Defendants Did Not Accrue Within the Applicable Limitations Period

At the threshold, Plaintiffs' claims against BME Defendants are barred by the applicable four-year statutes of limitations because the earliest complaint was filed more than four years after the 2021 Pierce transaction. Where it appears from the face of the complaint that a claim accrued outside the limitations period, dismissal under Rule 12(b)(6) is proper. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Antitrust claims by private plaintiffs must be "commenced within four years after the cause of action accrued" as do all of NCAPs' state law claims except for under Wisconsin law. 15 U.S.C. § 15b; *see also* Non-Class Br., Appendix B (detailing applicable statutes of limitations for state law claims). Because acquisitions are discrete

---

[5] Unless stated otherwise, all quotes herein are "cleaned up." *See Birkley v. Amazon.com Servs. LLC*, 813 F. Supp. 3d 906, 910 (E.D. Wis. 2025) (Griesbach, J.) (adopting this convention).

occurrences, claims challenging them "accrue[] at the time of the merger or acquisition." *See Midwestern Mach. Co. v. Nw. Airlines, Inc.*, 392 F.3d 265, 269 (8th Cir. 2004); *Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 604 (6th Cir. 2014) ("As with the Sherman Act, a Section 7 cause of action challenging an acquisition accrues at the time of the merger or acquisition"); *Shuffle Tech Int'l, LLC v. Sci. Games Corp.*, 2015 WL 5934834, at *14 (N.D. Ill. Oct. 12, 2015) (same); *In re Telescopes Antitrust Litig.*, No. 5:20-CV-03642-EJD, 2026 WL 806693, at *2 (N.D. Cal. Mar. 23, 2026) (direct purchaser plaintiffs' Sections 1, 2 and 7 claims arising out of an acquisition in 2013 that were not filed until 2020 were time-barred).

The first complaint naming BME Defendants in this litigation was filed on February 12, 2026,[6] meaning that Plaintiffs must allege their claims accrued no earlier than February 2022. They cannot do so. On the contrary, Plaintiffs allege that the transaction giving rise to their claims occurred in September of 2021, when Boise Mobile sold an interest in BME to Pierce. DPPC ¶¶ 29, 122, 123; NCAPC ¶¶ 11, 80, 135, 280. As discussed below, Plaintiffs have not alleged any other, non-conclusory misconduct since the transaction. Plaintiffs' claims against BME Defendants are therefore time barred and must be dismissed. *See, e.g.*, *Cancer Found. Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (affirming dismissal where it was "clear from the face of the . . . complaint" that plaintiffs' claims were "hopelessly time-barred").

## II. The DPP and NCAP Complaints Fail to Allege That BME Defendants Engaged in Any Misconduct That Would Give Rise to a Plausible Claim for Relief

Plaintiffs do not allege a plausible antitrust violation simply by alleging that Pierce acquired 25% of BME in 2021. The antitrust laws upon which Plaintiffs base their claims against BME Defendants each require some allegation of misconduct that rises above a simple minority

[6] Compl., *People of the State of California, et al. v. REV Group, LLC., et al.*, No. 2:26-cv-01468 (C.D. Cal. Feb. 12, 2026) (transferee No. 2:26-cv-00632).

investment, not to mention other elements. "To state a Section 1 claim, a plaintiff must allege that the defendant (1) entered into an agreement that (2) unreasonably restrains trade in the relevant market and (3) caused the plaintiff an antitrust injury." *Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*, 29 F.4th 337, 343 (7th Cir. 2022). An attempted monopolization claim under Section 2 requires Plaintiffs to allege that the defendant (1) has a dangerous probability of achieving monopoly power in the market given its market share, (2) engaged in predatory or anticompetitive conduct, and (3) possessed a specific intent to monopolize in a relevant antitrust market. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993). The elements of a conspiracy to monopolize offense are (1) the existence of a conspiracy, (2) an overt act in furtherance of the conspiracy, and (3) the specific intent to monopolize. *Great Escape, Inc. v. Union City Body Co.*, 791 F.2d 532, 541 (7th Cir. 1986). Section 7 of the Clayton Act requires Plaintiffs to (1) identify the relevant geographic and product markets and (2) allege that the likely effect of the merger is to substantially lessen competition. 15 U.S.C. § 18; *Greco v. Mallouk*, No. 22-cv-2661, 2024 WL 4119169, at *8 (N.D. Ill. Sept. 9, 2024). None of the conclusory allegations regarding BME Defendants satisfy the elements of any of these claims.

Here, the only "misconduct" that Plaintiffs have alleged with any factual support is that Boise Mobile sold 25% of BME to Pierce in 2021. *E.g.*, DPPC ¶¶ 29, 123, 306; NCAPC ¶¶ 11, 80, 135, 280, 480, 489, 505, 514, 926. But Plaintiffs do not allege with any factual basis that *BME Defendants* (not an unspecified group of "Defendants") participated in (or even knew about) a supposed scheme to exchange information through the Fire Apparatus Manufacturers Association ("FAMA"). On the contrary, DPP's own Exhibit A shows that BME Defendants did not participate in any of the FAMA meetings DPPs allege provided Defendants with opportunities to conspire. *See* DPPC, Ex. A, ECF No. 69. Nor do Plaintiffs allege that BME Defendants had any interactions

with any manufacturers other than Pierce (which NCAPs conflate with Oshkosh despite alleging no communications between BME Defendants and Oshkosh), and even those supposed interactions—stated in the most conclusory of terms—were limited to conversations regarding their Pierce/BME relationship following Pierce's acquisition of a 25% interest in BME. DPPC ¶¶ 123, 306; *e.g.*, NCAPC ¶¶ 11, 306, 480, 489, 505, 514. Although Plaintiffs allege BME's prices increased over time, parallel to other manufacturers' (*e.g.*, NCAPC ¶¶ 283, 389, 423), "parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. None of these allegations of misconduct "raise a right to relief above the speculative level . . . ." *Id.* at 545.

## III. The Section 2 and Section 7 Claims Fail for the Independent Reason That Plaintiffs Do Not Allege Market Power or Specific Intent

As stated above, to plead an attempted monopolization claim, a plaintiff must allege a defendant has a "dangerous probability of achieving monopoly power," *Spectrum Sports*, 506 U.S. at 456, and Section 7 requires Plaintiffs to allege an acquisition, the likely effect of which is to substantially lessen competition or create a monopoly. 15 U.S.C. § 18; *FTC v. Advoc. Health Care*, 2017 WL 1022015, at *7 (N.D. Ill. Mar. 16, 2017); *Greco*, 2024 WL 4119169, at *8. Claims for attempted monopolization and conspiracy to monopolize also require that BME had the specific intent to monopolize. *Spectrum Sports*, 506 U.S. at 456; *Great Escape*, 791 F.2d at 541.

Plaintiffs cannot satisfy these elements. First, they allege that "the combined share of the Oshkosh Defendants and BME Defendants far exceeds 30%," but there is no allegation regarding BME Defendants' independent market share. NCAPC ¶¶ 299, 301; DPPC ¶ 141. And there is no allegation at all regarding BME Defendants' market share in the Fire Apparatus Market (only the narrower Wildland Fire Apparatus Market). *Id.* Although Pierce acquired a 25% interest in BME,

they remain independent firms and their market shares cannot be combined. *See, e.g.*, *Suture Exp. v. Cardinal Health 200*, 963 F. Supp. 2d 1212, 1227 (D. Kan. 2013) (combining defendants' market share "contradict[s] the basic concept that a monopoly is the domination of a market by a single firm"); *accord Smith Wholesale Co. v. Philip Morris USA, Inc.*, 219 F. App'x 398, 409 (6th Cir. 2007); *Sky Angel U.S., L.L.C. v. Nat'l Cable Satellite Corp.*, 947 F. Supp. 2d 88, 105 (D.D.C. 2013) ("Where the alleged monopoly is held by multiple separate companies within a market, there is no 'monopoly' at all."). Regardless, a 30% market share, even if it were held solely by BME, would be insufficient to find a dangerous probability of achieving monopoly power. *See, e.g.*, *Indiana Grocery v. Super Valu Stores*, 864 F.2d 1409, 1415 (7th Cir. 1989) (35% and 50% market share insufficient); *Lektro-Vend Corp. v. Vendo Co.*, 660 F.2d 255, 271 (7th Cir. 1981) (33% insufficient). Nor is it "plausible that [an] acquisition[] resulting in such a small market share could give rise to a reasonable probability of anticompetitive effect" under Section 7. *Greco*, 2024 WL 4119169, at *9.

*Second*, Plaintiffs have not explained how Boise Mobile's *sale* of a 25% interest in BME, without *any* further integration with Pierce, evidences a specific intent to monopolize. Plaintiffs' inability to allege that BME has any independent market power, combined with the fact that it has been a seller—not a buyer—of equity renders any inference of a specific intent to monopolize implausible.

## IV. DPPs Claims Fail for the Independent Reason That They Lack Standing to Sue BME Because They Have Not Purchased any BME Products

Only the "immediate buyer" from an alleged antitrust violator has standing. *Kansas v. UtiliCorp United Inc.*, 497 U.S. 199, 207 (1990); *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 735 (1977); *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 489 (1968). Accordingly, "[u]nder *Illinois Brick*, only a purchaser who purchased goods directly from the monopolist (or

cartel member) can claim damages." *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 952 F.3d 832, 838 (7th Cir. 2020).

DPPs are government entities who purport to represent a class of "[a]ll direct purchasers of Fire Apparatus from any of the Manufacturer Defendants in the United States at any time from January 1, 2016 until the present." DPPC ¶ 265. However, DPPs do not allege that they purchase Fire Apparatus from BME directly, or indeed, that any named plaintiff has purchased a BME apparatus at all. And the NCAP Complaint alleges that since the Pierce transaction—*i.e.*, the transaction through which DPPs allege BME entered the purported conspiracy—"Pierce dealers operate as the exclusive dealers of the sale of custom and commercial Fire Apparatuses manufactured by . . . BME Defendants." NCAPC ¶¶ 160 & n.4, 281. Accordingly, DPPs have failed to allege they have standing to bring claims against BME Defendants.

## V. NCAPs' Section 7 Claims Fail for the Independent Reason That BME Is a Seller, Not an Acquirer, and the Only Thing It Sold Was a Non-Controlling Minority Interest

By its express terms, Section 7 is directed only against acquiring persons; accordingly, courts have consistently dismissed Section 7 claims brought solely against the seller of stock or assets. *Greco*, 2024 WL 4119169, at *9; *Dailey v. Quality Sch. Plan, Inc.*, 380 F.2d 484, 488 (5th Cir. 1967) ("§ 7 by its terms proscribes only the acquiring corporation."); *United States v. Coca-Cola Bottling Co. of L.A.*, 575 F.2d 222, 227 (9th Cir. 1978) ("By its express terms Section 7 proscribes only the act of acquiring, not selling"). NCAP's affirmative allegations that Boise Mobile sold an interest in BME to Pierce, and did not "acquire" anything (NCAPC ¶¶ 11, 80, 135, 280), is dispositive of NCAP's Section 7 claims against BME Defendants.

## VI. Plaintiffs' State Law Claims Predicated on Alleged Antitrust Violations Must Be Dismissed

NCAPs assert that Defendants have violated state antitrust and consumer protection laws based on a copy-paste job of their deficient antitrust claims. NCAPC, Causes of Action 6, 9, 12,

15, 18, 21, 27, 30, 33, 36, 39, 42, 69, 72; Am. Compl., *Mayor & City Council of Baltimore v. REV Group, Inc. et al.*, No. 2:26-cv-1099 (June 30, 2026), ECF No. 25 (Causes of Action 9, 10, 12, 19); Am. Compl., *City of Des Moines v. REV Group, Inc. et al.*, No. 2:26-cv-1104 (June 26, 2026), ECF No. 17 (Causes of Action 9, 10, 12, 19); Compl., *City of Albuquerque v. REV Group, Inc. et al.*, 1:26-cv-1641 (May 21, 2026), ECF No. 1 (Causes of Action 6, 9, 12, 14, 15). This is insufficient under Rule 8 to plead a state law violation. *In re Opana*, 162 F. Supp. 3d at 726 (holding that where plaintiffs "pleaded antitrust claims and the factual foundation for them, and [] merely alleged that those claims are also actionable under state consumer protection laws and as unjust enrichment" plaintiffs "ha[d] not pleaded state law consumer protection or unjust enrichment claims sufficient to satisfy Rule 8 under *Twombly* and *Iqbal*"); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 255 (D. Conn. 2015) (dismissing all consumer protection claims where plaintiffs "have pleaded federal antitrust claims and the factual foundation for them . . . and they merely allege that those claims are also actionable under general consumer-protection laws"); *In re Humira*, 465 F. Supp. 3d at 848 (dismissing all consumer protection claims because plaintiffs failed to explain "what was unfair or unconscionable about [defendant's] conduct beyond its potential to restrain competition or effect an unlawful monopoly"). In any event, courts applying the state laws under which NCAPs bring their claims have consistently held that state law claims based on alleged violations of the antitrust laws fall with the federal claims. *See Saint Francis Hosp. & Med. Ctr., Inc. v. Hartford Healthcare Corp.*, 655 F. Supp. 3d 52, 69 n.5 (D. Conn. 2023) (evaluating Connecticut Antitrust and Unfair Trade Practices Act claims under same standard as federal claims); *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1131, n.5 (9th Cir. 2015) (affirming dismissal of Cartwright Act claim for same reasons as federal claims); *Oliver v. Am. Express Co.*, No. 19-CV-566, 2020 WL 2079510, at *17

(E.D.N.Y. Apr. 30, 2020) (dismissing Cal. Bus. & Prof. Code § 17200 claim because where a plaintiff fails to state an antitrust claim and the unfair competition claim is based upon the same allegations, such state law claims are properly dismissed); *Westowne Shoes, Inc. v. Brown Grp., Inc.*, 104 F.3d 994, 998 (7th Cir. 1997) (noting Wisconsin Supreme Court has ruled that the decisions of the federal courts interpreting federal antitrust law "shall control" the interpretation of Wisconsin's antitrust law); *Oregon Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) (treating Oregon "state and federal antitrust claims" as "one and the same"); *Hinkleman v. Shell Oil Co.*, 962 F.2d 372, 379 (4th Cir. 1992) (under the Maryland Antitrust Act, §§ 11-204(a) and (b) claims "must fail" where those same claims would also fail under federal law); *New Mexico Horsemen's Ass'n v. Sunray Gaming of New Mexico, L.L.C.*, No. 1:24-CV 00235-MLG-DLM, 2025 WL 2409896, at *6 n.7 (D.N.M. Aug. 19, 2025) (dismissing claims under New Mexico's antitrust laws, §§ 57-1-1 and 57-1-2, which were "coextensive" with the federal antitrust laws); *Goldfinch Lab'y, P.C. v. Iowa Pathology Assocs., P.C.*, No. 4:24-CV-00168-RGE-HCA, 2024 WL 5205936, at *3 (S.D. Iowa Dec. 13, 2024), *aff'd*, 168 F.4th 500 (8th Cir. 2026) ("Iowa antitrust laws are construed to be consistent with federal antitrust laws"); *All Weather Exteriors Distrib., Inc. v. Cal. Wholesale Material Supply, Inc.*, No. 2:06-CV-346 TS, 2007 WL 445281, at *4 n.33 (D. Utah Feb. 6, 2007) (same under Utah Antitrust Act); *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 4 F. Supp. 3d 1123, 1144 n.94 (D. Ariz. 2014) (same under Arizona antitrust law); *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 81 (2d Cir. 2013) (same under New York's Donnelly Act).

## CONCLUSION

For these reasons, BME Defendants respectfully request the Court dismiss all claims against them.

Dated: August 17, 2026

Respectfully submitted,

*s/ Leo D. Caseria*

Leo Caseria (D.C. Bar No. 1655936)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppard.com

Joy O. Siu (Cal. Bar No. 307610)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 774-3108
jsiu@sheppard.com

*Counsel for Defendants Boise Mobile Equipment, Inc. and BME Fire Trucks LLC for all matters other than People of the State of California, et al. v. REV Group, LLC, et al., No. 2:26-cv-00632*

*s/ Benjamin Price*

Benjamin Price (Cal. Bar No. 267400)
Keith G. Bremer (Cal. Bar No. 155920)
BREMER WHYTE BROWN & O'MEARA, LLP
20320 SW Birch St. Newport Beach, CA 92660
(949) 221-1013
bprice@bremerwhyte.com

*Counsel for Boise Mobile Equipment, Inc. and BME Fire Trucks LLC in People of the State of California, et al. v. REV Group, LLC, et al., No. 2:26-cv-00632*