**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | Case No. 2:26-md-03179-WCG<br><br>MDL No. 3179<br><br>Hon. William C. Griesbach |
| This document relates to:<br><br>*Indirect Purchaser Plaintiffs Class Action Track* | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS THE**
**INDIRECT PURCHASER PLAINTIFFS' STATE LAW CLAIMS**

## TABLE OF CONTENTS


INTRODUCTION ........ 1

ARGUMENT ........ 2

I. IPPs Lack Standing to Bring Claims in Jurisdictions Without a Representative Plaintiff ........ 2

II. IPPs' State Antitrust Law Claims Should Be Dismissed ........ 3

A. IPPs' State Antitrust Claims Fail Alongside Their Federal Claims ........ 4

B. Two State Statutes Bar IPPs' Claims ........ 4

C. IPPs Fail to Allege Intrastate Conduct or a Substantial Effect on Intrastate Commerce, as Required in 24 Jurisdictions ........ 5

D. Plaintiffs Failed to Provide Notice to the Attorneys General in Five States Where Such Notice Was Required ........ 6

E. Utah's Statute Does Not Permit Claims by Nonresident Plaintiffs ........ 6

F. IPPs' Damages Claims Are Barred Prior to the Effective Dates of Four States' *Illinois Brick* Repealer Statutes ........ 7

III. IPPs' Consumer Protection Claims Should Be Dismissed ........ 7

A. IPPs' Threadbare Consumer Protection Claims Are Insufficient ........ 8

B. Six States Bar IPPs' Class Claims ........ 9

C. Three States Limit Consumer Protection Claims to Enumerated Conduct Not Alleged Here ........ 10

D. IPPs Fail to Allege Sufficient Intrastate Conduct and Effects Under the Laws of Three States ........ 11

E. IPPs Fail to Adequately Allege Unconscionable Conduct or Unequal Bargaining Power as Required by Five Jurisdictions ........ 11

F. IPPs Do Not Allege Deception or Consumer Reliance on Deceptive Conduct as Required by Nine Jurisdictions ........ 12

G. IPPs Do Not Allege Fraud or Deceit with the Requisite Particularity as Required by Ten State Statutes ........ 12

H. Five Statutes Require that Plaintiffs Made Purchases Primarily for Personal, Family, or Household Purposes ........ 13

I. IPPs Do Not Allege They Are Elderly, Disabled, or Natural Persons ........ 13

J. Three States Do Not Permit Damages ........ 14

IV. IPPs' Unjust Enrichment Claim Should Be Dismissed ........ 14

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

*In re Aggrenox Antitrust Litigation*,
94 F. Supp. 3d 224 (D. Conn. 2015)....................8

*Alsides v. Brown Institution, Ltd.*,
592 N.W.2d 468 (Minn. Ct. App. 1999)....................14

*In re Asacol Antitrust Litigation*,
2016 WL 4083333 (D. Mass. 2016)....................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................1, 8

*BCBSM, Inc. v. Walgreen Co.*,
512 F. Supp. 3d 837 (N.D. Ill. 2021)....................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................12

*Birkley v. Amazon.com Services LLC*,
813 F. Supp. 3d 906 (E.D. Wis. 2025)....................2

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989)....................9

*In re Bystolic Antitrust Litigation*,
583 F. Supp. 3d 455 (S.D.N.Y. 2022), *aff'd sub nom. Watson Laboratories, Inc.*, 101 F.4th 223 (2d Cir. 2024)....................4

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
2010 WL 9543295 (N.D. Cal. Feb. 5, 2010), *report and recommendation adopted*, 738 F. Supp. 2d 1011 (2010)....................10

*In re Chocolate Confectionary Antitrust Litigation*,
749 F. Supp. 2d 224 (M.D. Pa. 2010)....................13

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011)....................14

*In re Crop Protection Products Loyalty Program Antitrust Litigation*,
779 F. Supp. 3d 624 (M.D.N.C. 2025)....................13

*In re Dairy Farmers of America Inc. Cheese Antitrust Litigation*,
2013 WL 4506000 (N.D. Ill. Aug. 23, 2013)....................3

*De Bouse v. Bayer AG*,
922 N.E.2d 309 (Ill. 2009) .....12

*In re Digital Music Antitrust Litigation*,
812 F. Supp. 2d 390 (S.D.N.Y. 2011) .....4

*In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litigation*,
2013 WL 5503308 (D.N.J. Oct. 2, 2013) .....15

*In re Dynamic Random Access Memory Antitrust Litigation*,
516 F. Supp. 2d 1072 (N.D. Cal. 2007) .....14

*In re Effexor Antitrust Litigation*,
337 F. Supp. 3d 435 (D.N.J. 2018) .....5, 7

*In re Effexor Antitrust Litigation*,
357 F. Supp. 3d 363 (D.N.J. 2018) .....6

*Freeman Industries LLC v. Eastman Chemical Co.*,
172 S.W.3d 512 (Tenn. 2005) .....6

*In re Graphics Processing Units (GPU) Antitrust Litigation*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007) .....10, 11

*In re Harley-Davidson Aftermarket Parts Marketing, Sales Practices, & Antitrust Litigation*,
2024 WL 2846349 (E.D. Wis. June 5, 2024), *aff'd*, 151 F.4th 922 (7th Cir. 2025) .....15

*In re Humira (Adalimumab) Antitrust Litigation*,
465 F. Supp. 3d 811 (N.D. Ill. 2020), *aff'd sub nom. Mayor & City Council of Baltimore v. AbbVie Inc.*, 42 F.4th 709 (7th Cir. 2022) .....4, 8, 10

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) .....2, 7

*James Cape & Sons Co. v. PCC Construction Co.*,
2005 WL 2176965 (E.D. Wis. Sept. 6, 2005), *aff'd*, 453 F.3d 396 (7th Cir. 2006) .....5, 10, 13, 14

*Johnson v. JPMorgan Chase Bank, N.A.*,
488 F. Supp. 3d 144 (S.D.N.Y. 2020) .....12

*Jones v. Micron Technology, Inc.*,
400 F. Supp. 3d 897 (N.D. Cal. 2019) .....5

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*,
383 F. Supp. 3d 187 (S.D.N.Y. 2019) .....5

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134, 63 P.3d 937 (Cal. 2003) ....................14

*Laughlin v. Evanston Hospital*,
550 N.E.2d 986 (Ill. 1990) ....................9

*In re Lidoderm Antitrust Litigation*,
103 F. Supp. 3d 1155 (N.D. Cal. 2015) ....................12

*In re Lipitor Antitrust Litigation*,
336 F. Supp. 3d 395 (D.N.J. 2018) ....................9

*In re Loestrin 24 Fe Antitrust Litigation*,
410 F. Supp. 3d 352 (D.R.I. 2019) ....................9

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ....................2

*Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharmaceuticals, Inc.*,
783 F. Supp. 3d 417 (D. Mass. 2025) ....................10

*Miami Products & Chemical Co. v. Olin Corp.*,
546 F. Supp. 3d 223 (W.D.N.Y. 2021) ....................6

*Miller v. Ford Motor Co.*,
2024 WL 1344597 (E.D. Cal. Mar. 29, 2024) ....................14

*In re Novartis & Par Antitrust Litigation*,
2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019) ....................4

*In re Opana ER Antitrust Litigation*,
162 F. Supp. 3d 704 (N.D. Ill. 2016) ....................6, 8, 15

*Payton v. County of Kane*,
308 F.3d 673 (7th Cir. 2002) ....................3

*In re Potash Antitrust Litigation*,
667 F. Supp. 2d 907 (N.D. Ill. 2009) ....................13

*Raines v. Byrd*,
521 U.S. 811 (1997) ....................2

*Robinson v. HP, Inc.*,
2025 WL 2802077 (N.D. Ill. Sept. 30, 2025) ....................4

*Spencer v. Kemna*,
523 U.S. 1 (1998) ....................3

*Staley v. Gilead Sciences., Inc.*,
446 F. Supp. 3d 578 (N.D. Cal. 2020) .......... 7

*Thuney v. Lawyer's Title of Arizona*,
2019 WL 467653 (D. Ariz. Feb. 6, 2019) .......... 11

*United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
74 F. Supp. 3d 1052 (N.D. Cal. 2014) .......... 10

*Wilcox Industries Corp. v. Hansen*,
870 F. Supp. 2d 296 (D.N.H. 2012) .......... 11

**Statutes**

D.C. Code § 28-4502 .......... 5

N.M. Stat. § 57-12-3.1 .......... 9

N.M. Stat. § 57-12-22 .......... 9

Or. Rev. Stat. § 646.609 .......... 9

Or. Rev. Stat. § 646.647 .......... 9

Utah Code Ann. § 76-10-3101, *et seq* .......... 6

**Other Authorities**

Federal Rule of Civil Procedure 8 .......... 8

Federal Rule of Civil Procedure 9 .......... 13

## INTRODUCTION[1]

IPPs attempt to convert a deficient federal antitrust theory into state-law damages claims without pleading the facts necessary to support those claims. Because indirect purchasers cannot recover damages under federal antitrust law, IPPs turn to state law (specifically, the statutes of 37 jurisdictions) to evade that damages limitation. But their allegations are boilerplate. For each jurisdiction, IPPs offer a near-identical paragraph alleging that Defendants "entered into an unlawful agreement in restraint of trade"—precisely the kind of "formulaic recitation of the elements of a cause of action" that "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statutes IPPs invoke are not interchangeable. Each imposes distinct substantive and procedural limitations, standing rules, class-action bars, notice requirements, intrastate-commerce elements, and limitations on the conduct they reach. IPPs ignore those jurisdiction-specific requirements. IPPs' state law claims should therefore be dismissed for multiple independent reasons. *See* App. A, Summary of Bases for Dismissal by State.

*First*, IPPs lack Article III standing to pursue claims under the laws of 25 jurisdictions at issue because they fail to allege that any named IPP is located, purchased fire trucks, or was otherwise injured in those jurisdictions.

*Second*, IPPs' state law antitrust claims fail for the same reason that Class Plaintiffs' Sherman Act claims fail: IPPs have not plausibly alleged a conspiracy. In addition, 28 of these antitrust claims fail for several jurisdiction-specific reasons: two states bar indirect purchaser class actions, IPPs fail to allege sufficient intrastate conduct in 24 jurisdictions, IPPs did not allege they provided notice to the state attorneys general as required by five states, there is no Utah-based

[1] Defendants incorporate by reference the background, legal standards, arguments, and glossary set forth in their Class Brief.

plaintiff as required to assert a Utah antitrust claim, and damages claims under four states' laws are barred to the extent they predate the effective dates of each state's respective *Illinois Brick* repealer statute.

*Third*, IPPs' state law consumer protection claims should be dismissed. IPPs fail to allege even basic facts necessary to support claims under these consumer protection statutes, and their shotgun approach falls well short of what is required at the pleading stage. IPPs' consumer protection claims also fail for jurisdiction-specific reasons: six states bar their class claims, three statutes do not cover the alleged conduct, and IPPs fail to plead required elements—sufficient intrastate conduct (three states), unconscionable circumstances (five jurisdictions), deception or reliance (nine jurisdictions), and fraud with particularity (ten states). Additional jurisdictional defects independently doom the claims: five jurisdictions require personal, family, or household purchases, two limit standing to natural or elderly persons, and three bar damages claims.

*Finally*, IPPs' conclusory unjust enrichment claim fails. It rests on the same implausible antitrust theories, does not specify which jurisdiction's law applies, and does not satisfy any jurisdiction's requirements in any event.

## ARGUMENT[2]

### I. IPPs Lack Standing to Bring Claims in Jurisdictions Without a Representative Plaintiff

As a threshold issue, IPPs lack Article III standing in 25 of the 37 jurisdictions at issue. To establish Article III standing, IPPs must plausibly allege "concrete and particularized" injuries that are "fairly traceable" to the alleged conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This inquiry "focuses on whether the plaintiff is the proper party to bring this suit." *Raines v.*

[2] Unless stated otherwise, all quotes herein are "cleaned up." *See Birkley v. Amazon.com Servs. LLC*, 813 F. Supp. 3d 906, 910 (E.D. Wis. 2025) (Griesbach, J.) (adopting this convention).

*Byrd*, 521 U.S. 811, 818 (1997). It is the "burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Spencer v. Kemna*, 523 U.S. 1, 11 (1998).

In class actions, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *In re Dairy Farmers of Am. Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013); *see also Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). Accordingly, IPPs cannot "satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue." *In re Dairy Farmers*, 2013 WL 4506000, at *6–8 (collecting cases).

Here, no named IPP is located in or alleged to have purchased fire trucks or otherwise suffered an injury in Alabama, Alaska, Arizona, Arkansas, the District of Columbia, Florida, Hawaii, Illinois, Iowa, Maine, Massachusetts, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, or West Virginia. *See generally* IPPC ¶¶ 25–122, 323–25. IPPs therefore lack Article III standing to pursue claims under the laws of those 25 jurisdictions, and those claims should be dismissed.

## II. IPPs' State Antitrust Law Claims Should Be Dismissed

Because federal antitrust law bars indirect purchasers from recovering damages, IPPs allege claims under the antitrust statutes of 31 jurisdictions. But those state law claims fare no better—they fail alongside IPPs' federal claims. In addition, 28 claims are deficient for a variety

of jurisdiction-specific reasons. *See* App. B, Bases to Dismiss State Antitrust Law Claims. In short, IPPs "*list*[] claims under very many state laws," yet they fail to "truly *plead*[] claims under those laws sufficient to show [IPPs'] entitlement to recovery under them, as required by Rule 8." *In re Bystolic Antitrust Litig.*, 583 F. Supp. 3d 455, 498 (S.D.N.Y. 2022), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024).

### A. IPPs' State Antitrust Claims Fail Alongside Their Federal Claims

IPPs' state antitrust claims should be entirely dismissed for the same reasons their federal claims fail: IPPs fail to plausibly allege an antitrust conspiracy. "[B]ecause state antitrust law applies the same standards as federal antitrust law under the Sherman Act," IPPs' state antitrust law claims "rise or fall with their federal antitrust claims." *Robinson v. HP, Inc.*, 2025 WL 2802077, at *19 (N.D. Ill. Sept. 30, 2025). And "[b]ecause the federal antitrust claims fail, the state antitrust claims fail, too." *In re Humira (Adalimumab) Antitrust Litig.*, 465 F. Supp. 3d 811, 819 (N.D. Ill. 2020), *aff'd sub nom. Mayor & City Council of Baltimore v. AbbVie Inc.*, 42 F.4th 709 (7th Cir. 2022).

### B. Two State Statutes Bar IPPs' Claims

IPPs bring claims under the Illinois Antitrust Act and the Tennessee Fair Trade Practices Act. IPPC ¶¶ 385, 416. The Illinois Act prohibits indirect purchasers from bringing class actions, and the Tennessee Act prohibits class actions altogether. *See* App. B; *see also, e.g., In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *7 (S.D.N.Y. Aug. 15, 2019) (dismissing Illinois antitrust claim brought by indirect purchasers because they are prohibited by the statute).

IPPs cannot evade these state-law limitations by bringing class actions under Rule 23 of the Federal Rules of Civil Procedure. The Illinois statutory bar on class actions applies in federal court because it is "so bound up with" the substantive rights created under that statute that it "defines the scope of that substantive right or remedy." *In re Digit. Music Antitrust Litig.*, 812 F.

Supp. 2d 390, 415 (S.D.N.Y. 2011) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419 (2010) (Stevens, J., concurring in part and concurring in the judgment)). The same is true with Tennessee's class-action bar. *In re Effexor Antitrust Litig.*, 337 F. Supp. 3d 435, 457 (D.N.J. 2018). Because amendment cannot cure these defects, the Illinois and Tennessee antitrust claims should be dismissed with prejudice. *James Cape & Sons Co. v. PCC Const. Co.*, 2005 WL 2176965, at *3–5 (E.D. Wis. Sept. 6, 2005) (Griesbach, J.) (dismissing federal and state antitrust claims with prejudice), *aff'd*, 453 F.3d 396 (7th Cir. 2006).

### C. IPPs Fail to Allege Intrastate Conduct or a Substantial Effect on Intrastate Commerce, as Required in 24 Jurisdictions

The antitrust laws of 24 jurisdictions require IPPs to allege either substantial intrastate effects, intrastate conduct, or both.[3] *See* App. B. The antitrust statutes of these jurisdictions apply only when anticompetitive conduct, not just the effects of the conduct, occurs in that jurisdiction. *See, e.g.*, D.C. Code § 28-4502 (statute applies only where "all or any part of" the alleged conduct "is within the District of Columbia"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 266–67 (S.D.N.Y. 2019) (dismissing Mississippi state antitrust claims for failure to allege "some conduct by [defendant] which was performed wholly intrastate").

IPPs fail to allege specific facts of anticompetitive conduct in *any* particular jurisdiction. They also fail to allege sufficient facts for the Court to infer a substantial effect on *intra*state commerce in any jurisdiction. IPPs allege only that the conspiracies affect *inter*state commerce "without describing the effects in a particular state or in discretely identifiable states." *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 924 (N.D. Cal. 2019); *see* IPPC ¶ 160. At most, IPPs

[3] These jurisdictions are Alabama, Arizona, Connecticut, District of Columbia, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, West Virginia, and Wisconsin.

allege isolated anecdotes from a handful of states without linking them to Defendants' alleged conduct. *See, e.g.*, IPPC ¶¶ 298, 299, 303 (alleging that Los Angeles ordered fewer trucks, Atlanta used pickup trucks to fight fires, and Pittsburgh faces issues with an aging fleet). These allegations do not establish the necessary nexus between Defendants' conduct and intrastate commerce for any jurisdiction. *See, e.g.*, *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005) (rejecting "bare allegation" regarding defendants' sales in Tennessee because the plaintiff failed "to establish how the defendants' anticompetitive conduct affected Tennessee commerce to a substantial degree").

Accordingly, for all 24 jurisdictions where the relevant statutes require a plaintiff to allege substantial intrastate effects, intrastate conduct, or both, IPPs' state law antitrust claims should be dismissed. *See Miami Prods. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 243–44 (W.D.N.Y. 2021) (dismissing indirect purchasers' state antitrust law claims because they had "not adequately alleged intrastate effects" in 15 of the same jurisdictions that are relevant here).

### D. Plaintiffs Failed to Provide Notice to the Attorneys General in Five States Where Such Notice Was Required

Five of the relevant state antitrust statutes (Arizona, Hawaii, Nevada, Rhode Island, and Utah[4]) require IPPs to provide notice of suit to the respective state attorneys general. *See* App. B. IPPs have not alleged they did so. Thus, claims under these five statutes should be dismissed. *See, e.g.*, *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 389 (D.N.J. 2018) (dismissing Arizona, Nevada, and Utah claims for failure to provide notice to state attorneys general).

### E. Utah's Statute Does Not Permit Claims by Nonresident Plaintiffs

IPPs do not meet the Utah Antitrust Act's statutory citizenship and residency requirements because there is no named IPP that is a citizen or resident of Utah. *See* App. B; *In re Opana ER*

---

[4] IPPs cite to Utah Code Ann. § 76-10-3101, *et seq.*, which has been repealed.

*Antitrust Litig.*, 162 F. Supp. 3d 704, 725 (N.D. Ill. 2016) (dismissing claim when no named plaintiff was a citizen or resident of Utah); *In re Effexor*, 337 F. Supp. 3d at 461 (same) (collecting cases); IPPC ¶¶ 25–122. IPPs' Utah Antitrust Act claim should therefore be dismissed.

### F. IPPs' Damages Claims Are Barred Prior to the Effective Dates of Four States' *Illinois Brick* Repealer Statutes

Indirect purchasers are not entitled to damages under federal antitrust law. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 745–46 (1977). This means that indirect purchasers are not entitled to damages under state antitrust law unless a state has passed an *Illinois Brick* repealer statute. Certain states' *Illinois Brick* repealer statutes are retroactive and others are not. As relevant here, the repealer statutes in Colorado, Connecticut, Maryland, and New Jersey are not retroactive and were all passed after 2016, the start of the alleged class period. *See* App. B; IPPC ¶ 313. Accordingly, IPPs' damages claims under those four statutes should be dismissed to the extent they seek recovery for any period predating the effective date of each state's *Illinois Brick* repealer statute. *See, e.g.*, *Staley v. Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 629–30 (N.D. Cal. 2020) (dismissing Maryland antitrust damages claim for the pre-repealer period).

* * *

For these reasons, IPPs' state antitrust claims should all be dismissed.

## III. IPPs' Consumer Protection Claims Should Be Dismissed

IPPs also allege violations of the consumer protection statutes of 20 jurisdictions based on the same alleged conduct that gives rise to their antitrust claims. IPPs' conclusory claims merely recite the elements of the causes of action and are all deficient for multiple jurisdiction-specific reasons. *See* App. C, Bases to Dismiss State Consumer Protection Claims.

### A. IPPs' Threadbare Consumer Protection Claims Are Insufficient

IPPs do not allege that Defendants engaged in conduct that violates state consumer protection laws. Instead, IPPs allege violations of antitrust law and then baldly assert that the same conduct violates state consumer protection statutes using a single, boilerplate paragraph per jurisdiction. *See, e.g.*, IPPC ¶ 373. That tactic is no more than a pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements.'" *Iqbal*, 556 U.S. at 678. This type of formulaic pleading falls well short of IPPs' obligations under Rule 8, *Twombly*, and *Iqbal*. *See In re Opana*, 162 F. Supp. 3d at 726 (holding that where plaintiffs "pleaded antitrust claims and the factual foundation for them, and [] merely alleged that those claims are also actionable under state consumer protection laws and as unjust enrichment," plaintiffs "ha[d] not pleaded state law consumer protection or unjust enrichment claims sufficient to satisfy Rule 8 under *Twombly* and *Iqbal*"); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 255–56 (D. Conn. 2015) (dismissing all consumer protection claims); *In re Humira*, 465 F. Supp. 3d at 848 (dismissing all consumer protection claims because plaintiffs failed to explain "what was unfair or unconscionable about [defendant's] conduct beyond its potential to restrain competition or effect an unlawful monopoly"). Indeed, because IPPs' Complaint "sounds in antitrust" as a whole, "something more . . . must be offered other than statutory language . . . to understand why the nonactionable antitrust conduct happens to limn the grievance of state prohibitions against unfairness or unconscionability." *In re Humira*, 465 F. Supp. 3d at 848.

Furthermore, IPPs' threadbare allegations do not give Defendants adequate notice of the consumer protection claims against them. Fed. R. Civ. P. 8(a). IPPs cite entire consumer protection statutes followed by "*et seq.*"—leaving Defendants and the Court to speculate about which provisions were purportedly violated. *See, e.g.*, IPPC ¶¶ 373–74. State consumer protection statutes vary widely in terms of their elements, and they are primarily intended to regulate how

businesses or merchants interact with *consumers*. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 157–58 (1989). For example, the Oregon consumer protection statute cited by IPPs includes sections prohibiting the use of "pyramid club[s]" and a recording group name by a cover band. Or. Rev. Stat. §§ 646.609, .647. And the New Mexico statute cited by IPPs prohibits removing a shopping cart from the premises and failing to disclose the purpose of a telephone solicitation within 15 seconds. N.M. Stat. §§ 57-12-3.1, -22. Defendants are entitled to know which provisions they allegedly violated.

All of the state consumer protection claims should be dismissed on these grounds.

**B. Six States Bar IPPs' Class Claims**

IPPs cannot maintain consumer protection claims under the laws of Arkansas, Montana, or South Carolina because each state expressly prohibits class actions. *See* App. C. The class action prohibitions in these states are substantive barriers that Federal Rule of Civil Procedure 23 does not displace. *See, e.g.*, *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 413–17 (D.N.J. 2018) (enforcing Montana and Tennessee class-action bans).

Similarly, Illinois and Alaska bar IPPs' action as an indirect purchaser class action. *See* App. C. The Illinois Supreme Court has held that plaintiffs cannot use consumer protection laws to circumvent that rule. *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 993 (Ill. 1990) ("It would be inconsistent to provide that the very conduct which is not sufficient to state a cause of action under the Antitrust Act is sufficient to state a cause of action under the Consumer Fraud Act."); *see also, e.g.*, *In re Loestrin 24 Fe Antitrust Litig.*, 410 F. Supp. 3d 352, 372–73 (D.R.I. 2019) (collecting cases) ("[T]his Court joins the majority of other courts in concluding that the [IPPs] do not have standing to maintain what is in essence an antitrust claim by another name under the Illinois Consumer Fraud and Deceptive Business Practices Act."). And "[n]o court has construed

Alaska's consumer protection statute to permit claims based on alleged antitrust and monopolization conduct by indirect purchasers." *In re Humira*, 465 F. Supp. 3d at 849.

IPPs also bring a claim under the Massachusetts Consumer Protection Act. As discussed above, IPPs do not clarify which section they are bringing their claim under. A claim under either Section 9 or Section 11 fails. Section 11 of the Act bars indirect purchaser antitrust claims. *United Food & Com. Workers Loc. 1776 & Participating Emp. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1084–86 (N.D. Cal. 2014). And Section 9 only applies to claims by consumers and none of the IPPs are alleged to be consumers. *See infra* Section III.H.

Because amendment cannot cure these defects, IPPs' consumer protection claims under Alaska, Arkansas, Massachusetts, Montana, Illinois, and South Carolina law should be dismissed with prejudice. *See James Cape & Sons*, 2005 WL 2176965, at *3.

**C. Three States Limit Consumer Protection Claims to Enumerated Conduct Not Alleged Here**

The consumer protection laws of Maryland, Oregon, and Rhode Island enumerate actionable conduct and none of these statutes encompass actions based on antitrust conspiracies. *See* App. C; *Mass. Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 447 (D. Mass. 2025) ("[C]ourts in Maryland have held that anticompetitive conducts are not actionable under the MCPA."); *In re Graphics Processing Units Antitrust Litig. (GPU)*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007) ("Oregon's Unfair Trade Practices Act lists a number of practices proscribed by the statute; price fixing is not among them."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2010 WL 9543295, at *15 (N.D. Cal. Feb. 5, 2010) ("a conspiracy to fix prices can be redressed only under Rhode Island's antitrust statute, and not under its" consumer protection statute), *report and recommendation adopted,* 738 F. Supp. 2d 1011 (2010). As a result, these claims should be dismissed.

### D. IPPs Fail to Allege Sufficient Intrastate Conduct and Effects Under the Laws of Three States

Under the Arizona, Nebraska, and New Hampshire consumer protection statutes, a plaintiff must allege intrastate conduct or effects. *See* App. C; *Wilcox Indus. Corp. v. Hansen*, 870 F. Supp. 2d 296, 305–06 (D.N.H. 2012) ("The NHCPA permits relief only for unfair competition that occurs within this state."); *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 860 (N.D. Ill. 2021) ("[T]he Nebraska Supreme Court has held the Nebraska Consumer Protection Act only reaches conduct that directly or indirectly affect[s] the people of the State of Nebraska."); *Thuney v. Lawyer's Title of Ariz.*, 2019 WL 467653, at *7 (D. Ariz. Feb. 6, 2019) (dismissing Arizona consumer protection claim because the statute "only applies to acts committed in Arizona that violate the Act"). IPPs do not allege that any anticompetitive conduct occurred in Arizona or New Hampshire or that any challenged conduct affected the people of Nebraska. As a result, these consumer protection claims should be dismissed.

### E. IPPs Fail to Adequately Allege Unconscionable Conduct or Unequal Bargaining Power as Required by Five Jurisdictions

Consumer protection claims under the Arkansas, District of Columbia, Illinois, New Mexico, and South Dakota statutes are not actionable if they allege only unfair pricing. *See* App. C. IPPs fail to allege any unfair or "unconscionable" conduct by Defendants. *See, e.g.*, *GPU*, 527 F. Supp. 2d at 1029–30 (dismissing Arkansas, District of Columbia, and New Mexico consumer protection claims premised on price fixing allegations because plaintiffs failed to "plead[] the kind of grossly unequal bargaining power prohibited by these statutes"). IPPs consistently rely on allegations of unconscionable practices "set forth above" without ever specifying what those practices are or what was unconscionable about them. *See, e.g.*, IPPC ¶ 374. IPPs' conclusory allegation under New Mexico law that there existed a "gross disparity" between the price charged by Defendants and the value received, *id.* ¶ 406, is nothing more than a "formulaic recitation" of

the law and should not be credited. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, the Court should dismiss the Arkansas, District of Columbia, Illinois, New Mexico, and South Dakota claims.

### F. IPPs Do Not Allege Deception or Consumer Reliance on Deceptive Conduct as Required by Nine Jurisdictions

IPPs' Arizona, Arkansas, California, Colorado, District of Columbia, Illinois, Minnesota, Nevada, and South Dakota consumer protection claims fail because each state law requires deception directed at consumers, deceptive acts in connection with the sale of goods, or that consumers in fact *relied* on deceptive conduct. *See* App. C. IPPs allege no specific deceptive acts. IPPs, at most, make the conclusory allegation that Defendants misrepresented that "Fire Apparatus prices were competitive and fair." *See, e.g.*, IPPC ¶ 374. That is nothing more than a conclusory allegation that must be rejected under *Twombly*. IPPs do not allege any *facts* to support this allegation, nor do they allege IPPs were in fact deceived. *See, e.g., De Bouse v. Bayer AG*, 554, 922 N.E.2d 309, 316 (Ill. 2009) ("[T]he plaintiff must actually be deceived by a statement or omission that is made by the defendant."); *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 163 (S.D.N.Y. 2020) ("[A] plaintiff must allege that they reasonably relied on the alleged misrepresentation."); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1171–72 (N.D. Cal. 2015) (dismissing South Dakota consumer protection claims with prejudice for failure to allege affirmative misrepresentations). Without specific allegations of Defendants' deception or IPPs' reliance, IPPs' claims under these nine states should be dismissed.

### G. IPPs Do Not Allege Fraud or Deceit with the Requisite Particularity as Required by Ten State Statutes

IPPs' Arkansas, California, Florida, Illinois, Massachusetts, Minnesota, Nebraska, New Hampshire, New Mexico, and South Dakota consumer protection claims arise under statutes sounding in fraud and require IPPs to satisfy a heightened pleading standard and allege "with

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see* App. C. IPPs fail to meet that standard for any of these claims. IPPs again rely on conclusory allegations of "deceptive commercial practices as set forth above" or "described herein." *See, e.g.*, IPPC ¶¶ 374, 396, 415. But IPPs fail to allege any fraud or deception by any Defendant to any IPP, much less plead with particularity the "who, what, when, where, and how" of the alleged misconduct. *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 947 (N.D. Ill. 2009). IPPs' claims under the statutes should therefore be dismissed. *See id.* at 948.

### H. Five Statutes Require that Plaintiffs Made Purchases Primarily for Personal, Family, or Household Purposes

IPPs' District of Columbia, Massachusetts, Montana, Oregon, and Rhode Island consumer protection claims fail because they do not, and cannot, allege the fire trucks purchased were for personal, family, or household purposes, as these states' laws require. *See e.g.*, *In re Crop Prot. Prods. Loyalty Program Antitrust Litig.*, 779 F. Supp. 3d 624, 654 (M.D.N.C. 2025) (dismissing District of Columbia consumer protection claim because products were purchased for business purposes); *In re Asacol Antitrust Litig.*, 2016 WL 4083333, at *13 (D. Mass. 2016) (dismissing Massachusetts Consumer Protection Act Section 9 claims because plaintiff health funds "cannot show that they undertook the relevant transactions 'for purely personal reasons'"); *see also* App. C. To the contrary, IPPs are "public entities," i.e., local governments and volunteer fire departments. IPPC ¶¶ 23–24, 121, 235. Because this defect cannot be cured by amendment, these claims should be dismissed with prejudice. *See James Cape & Sons*, 2005 WL 2176965, at *3.

### I. IPPs Do Not Allege They Are Elderly, Disabled, or Natural Persons

IPPs' Nevada and Rhode Island consumer protection claims must be dismissed because IPPs do not meet the statutory requirements to bring suit. *See* App. C. Nevada's statute only permits claims by "elderly or disabled" persons. *In re Chocolate Confectionary Antitrust Litig.*,

749 F. Supp. 2d 224, 234 (M.D. Pa. 2010). Similarly, Rhode Island's Consumer Protection statute only permits natural persons to bring a claim. *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1116 (N.D. Cal. 2007). As public entities, IPPs plainly are not natural persons, much less elderly or disabled individuals. Because this defect cannot be cured by amendment, these claims should be dismissed with prejudice. *See James Cape & Sons*, 2005 WL 2176965, at *3.

### J. Three States Do Not Permit Damages

Because the California, Colorado, and Minnesota consumer protection statutes authorize only equitable relief, IPPs fail to state a claim to the extent they seek damages. *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144, 63 P.3d 937, 943 (Cal. 2003) ("A UCL action is equitable in nature; damages cannot be recovered."); *Miller v. Ford Motor Co.*, 2024 WL 1344597, at *37 (E.D. Cal. Mar. 29, 2024) ("Colorado law prohibits class actions for monetary damages based on the Consumer Protection Act."); *Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 476 (Minn. Ct. App. 1999) ("[I]njunctive relief, not damages, is the statutory remedy for unlawful or deceptive trade practices."). Thus, any claims for damages under these statutes must be dismissed.

* * *

For these reasons, the Court should dismiss IPPs' state law consumer protection claims.

## IV. IPPs' Unjust Enrichment Claim Should Be Dismissed

Finally, IPPs assert a single unjust enrichment claim under unspecified "common law principles." IPPC ¶ 422. This claim should be dismissed for two reasons.

*First*, where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d

511, 517 (7th Cir. 2011). Here, IPPs' unjust enrichment claim explicitly rests on the same allegedly "unlawful conduct" as the antitrust and consumer protection claims. IPPC ¶ 421. As a result, the unjust enrichment claim necessarily fails along with IPPs' other claims. *See, e.g.*, *In re Harley-Davidson Aftermarket Parts Mktg., Sales Pracs., & Antitrust Litig.*, 2024 WL 2846349, at *9 (E.D. Wis. June 5, 2024) (Griesbach, J.) ("Plaintiffs' allegations of unlawful conduct are based on the same allegations as Plaintiffs' other claims. Because Plaintiffs' other claims do not survive, Plaintiffs' unjust enrichment claims suffer the same fate."), *aff'd*, 151 F.4th 922 (7th Cir. 2025).

*Second*, IPPs fail to adequately plead unjust enrichment in any event. Federal courts routinely dismiss unjust enrichment claims where plaintiffs "fail to identify a particular state law under which they advance this claim," as is the case here. *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *8 (D.N.J. Oct. 2, 2013) (collecting cases). That alone requires dismissal. *Id.*; *see also In re Opana*, 162 F. Supp. 3d at 726 (dismissing unjust enrichment claims where plaintiffs "fail[ed] to account for any consequential differences that may exist among the undifferentiated state-law claims"). Despite this failure, Appendix D sets forth state-by-state grounds for dismissal of IPPs' unjust enrichment claim. *See* App. D. Accordingly, the Court should dismiss IPPs' unjust enrichment claim.

**CONCLUSION**

For the above reasons, and the additional reasons set forth in Defendants' other briefs, the Court should dismiss IPPs' state-law claims.

Dated: August 17, 2026

Respectfully submitted,

s/ *Daniel T. Flaherty*
Daniel T. Flaherty (Bar No. 1011357)
GODFREY & KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

Reid Schar (Bar No. 6243821)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

*Counsel for Defendants Oshkosh Corporation and Pierce Manufacturing, Inc.*

s/ *Ashley B. Eickhof*
Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
Stephen T. Loertscher (Bar No. 18995)
BAKER & McKENZIE LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

stephen.loertscher@bakermckenzie.com

David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
GASS TUREK LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

*Counsel for Defendants Rosenbauer America, LLC, Rosenbauer South Dakota, LLC, and Rosenbauer Minnesota, LLC*

s/ *Daniel J. Vaccaro*

Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvaccaro@michaelbest.com
jlolson@michaelbest.com
ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
DAVIS POLK & WARDWELL LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

Sean Stefanik (Bar No. 5637913)
DAVIS POLK & WARDWELL LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
sean.stefanik@davispolk.com

*Counsel for Defendant REV Group, LLC (formerly REV Group, Inc.)*

s/ *John P. Loringer*

John P. Loringer

Marcella S. Spoto
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com
marcella.spoto@wilsonelser.com

*Counsel for Defendant Fire Apparatus Manufacturers' Association*