# APPENDIX B

## APPENDIX B: BASES TO DISMISS STATE ANTITRUST LAW CLAIMS

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Alabama** | 9 | Alabama Antitrust Law Ala. Code § 6-5-60, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>*Abbott Lab'ys v. Durrett*, 746 So. 2d 316, 339–40 (Ala. 1999) (per curiam); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 550 (N.D. Ill. 2019). | II.C |
| **Arizona** | 12 | Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state is unlawful."); *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 2020 WL 411188, at *8 (D. Ariz. Jan. 24, 2020) (that the company which was "potentially affected by market changes resulting from the contract" happened to be an Arizona company was an insufficient nexus to Arizona to state a claim under Ariz. Rev. Stat. § 44-1402). | II.C |
| | | | **Failure to provide Notice to State Attorney General.**<br>Ariz. Rev. Stat. § 44-1415(A) ("A person filing a complaint, counterclaim or answer for any violation of the provisions of this article shall simultaneously with the filing of the pleading in the superior court or, in the case of pendent state law claims in the federal court, serve a copy of the complaint, counterclaim or answer on the attorney general. Proof of service on the attorney general shall be filed with the court."); *In re Asacol Antitrust Litig.*, 2016 WL 4083333, at *14–15 (D. Mass. July 20, 2016) (dismissing claim for failure to comply with notice provision); *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 389–90 (D.N.J. 2018) (same). | II.D |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Colorado** | 16 | Colo. Rev. Stat. §§ 6-4-101, *et seq.* | **Claims before *Illinois Brick* repealer statute was effective are barred.**<br>Colo. Rev. Stat. § 6-4-115(1) (eff. June 7, 2023) (as amended by 2023 Colo. Legis. Serv. Ch. 427 (H.B. 23-1192) (West)). | II.F |
| **Connecticut** | 4 | Conn. Gen. Stat. Ann. §§ 35-24, *et seq.* | **Claims before *Illinois Brick* repealer statute was effective are barred.**<br>*See* Conn. Gen. Stat. Ann. § 35-46a (eff. Oct. 1, 2018) (as amended by 2018 Ct. HB 5252); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (refusing to apply Connecticut's *Illinois Brick* repealer retroactively). | II.F |
| | | | **Failure to plead sufficient nexus between Defendant's conduct and intrastate commerce.**<br>Conn. Gen. Stat. Ann. § 35-30 ("applies to every . . . restraint of any part of trade or commerce . . . when any part thereof was entered into or effectuated in whole or in part in this state"); *Miami Prods. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 242–44 (W.D.N.Y. 2021) (dismissing Connecticut antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Connecticut's antitrust] statute[]"). | II.C |
| **District of Columbia** | 18 | D.C. Code Ann. §§ 28-4501, *et seq.* | **Failure to plead sufficient nexus between Defendant's conduct and intrastate commerce.**<br>D.C. Code Ann. § 28-4502 (The District of Columbia Antitrust Act applies only to conduct in restraint of commerce or trade "all or any part of which is within the District of Columbia."); *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381, 397 (D. Md. 1990) (D.C.'s antitrust law applies only to claims that "do not involve an interstate link, and which thus do not fall within the scope of federal antitrust law"); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *26 (E.D. Tenn. June 24, 2015) (allegations that defendants' actions resulted in purchasers paying artificially inflated prices were insufficient to state a violation of D.C.'s antitrust law where plaintiffs failed to "identify a connection between the District of Columbia and the | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | wrongful conduct"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing D.C. antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [D.C.'s antitrust] statute[]"). | |
| **Hawaii** | 21 | Haw. Rev. Stat. Ann. §§ 480-1, *et seq.* | **Failure to provide notice to State Attorney General.**<br>Haw. Rev. Stat. § 480-13.3(a)(1) ("A filed copy of the complaint . . . shall be served on the attorney general . . . [t]he complaint shall be filed in camera, and shall not be served on the defendant until the court so orders."); *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 2022 WL 736250, at *19–20 (D. Del. Mar. 11, 2022) (applying *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) to dismiss claim under Hawaii antitrust statute where plaintiff failed to provide notice to Hawaii attorney general in compliance with statutory requirements). | II.D |
| **Illinois** | 22 | 740 Ill. Comp. Stat. Ann. 10/1, *et seq.* | **Illinois bars indirect purchaser class actions except by the Illinois Attorney General.**<br>740 Ill. Comp. Stat. Ann. 10/7(2) ("no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General"); *In re Digit. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 416 (S.D.N.Y. 2011) ("Illinois' restrictions on indirect purchaser actions must be applied in federal court."); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1070 (S.D. Cal. 2017); *In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *7 (S.D.N.Y. Aug. 15, 2019); *In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 722-23 (N.D. Ill. 2016) (holding that under the Illinois Antitrust Act only the Illinois Attorney General may bring a class action asserting indirect purchaser antitrust claims). | II.B |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Iowa** | 24 | Iowa Code Ann. §§ 553.1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Iowa Code Ann. § 553.3(6) (defining "Relevant market" as "the geographical area of actual or potential competition in a line of commerce, all or any part of which is within this state"); *Nemickas v. Linn Cnty. Anesthesiologists, P.C.*, 919 N.W.2d 637, at *3 (Iowa Ct. App. 2018) (citing Iowa Code § 553.3(6)). | II.C |
| **Kansas** | 25 | Kan. Stat. Ann. §§ 50-101, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Kan. Stat. Ann. § 50-101 (law in relevant part applies to "any article or commodity of merchandise, produce or commerce intended for sale, use or consumption in this state"); *In re Magnesium Oxide Antitrust Litig*., 2011 WL 5008090, at *8 n.10 (D.N.J. Oct. 20, 2011) (holding that indirect purchasers lacked Article III standing to bring antitrust claims under Kansas law "because they fail to allege a causal connection between their injuries and the conduct prohibited by the laws of [Kansas], which require a showing that such conduct occurred, or whose effect was felt, in-state"). | II.C |
| **Maine** | 26 | Me. Rev. Stat. Ann. tit. 10, §§ 1101, *et seq*. | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Me. Rev. Stat. Ann. tit. 10, § 1101 (Maine's antitrust law only applies to agreements in "restraint of trade or commerce in this State."); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing Maine antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Maine's antitrust] statute[]"). | II.C |
| **Maryland** | 27 | Md. Code Ann., Com. Law §§ 11-201, *et seq*. | **Claim before *Illinois Brick* repealer statute was effective is barred.**<br>Md. Code, Com. Law § 11-209(b)(2)(i) (eff. Oct. 1, 2018) (as amended by 2017 Md. Laws Ch. 842 (S.B. No. 858)); *Staley v. Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 629–30 (N.D. Cal. 2020) (dismissing claims under Maryland antitrust laws prior to passage of the *Illinois Brick* repealer statute). | II.F |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Md. Code Ann., Com. Law §§ 11-201, -204(a)(1) (prohibits conduct that "unreasonably restrain[s] trade or commerce," where trade or commerce is defined as "all economic activity within the State which involves or relates to any commodity or service"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing Maryland antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Maryland's antitrust] statute[]"); *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1155–57 (N.D. Cal. 2007) (dismissing plaintiffs' claim for failing to "allege that economic activity within the State of Maryland [was] implicated"), *clarified*, 2007 WL 3034372 (N.D. Cal. Oct. 16, 2007). | II.C |
| **Michigan** | 5 | Mich. Comp. Laws Ann. §§ 445.771, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Mich. Comp. Laws Ann. § 445.771(b) (defining "Relevant market" as "the geographical area of actual or potential competition in a line of trade or commerce, all or any part of which is within this state"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing Michigan antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Michigan's antitrust] statute[]"). | II.C |
| **Minnesota** | 30 | Minn. Stat. Ann. §§ 325D.49, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Minn. Stat. Ann. § 325D.54 (Minnesota's antitrust statute applies to (a) "any contract, combination, or conspiracy when any part thereof was created, formed, or entered into in [Minnesota]" and (b) "whenever any of the foregoing affects the trade or commerce of [Minnesota]"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing Minnesota antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Minnesota's antitrust] statute[]"); *City of St. Paul v. FMC Corp.*, 1990 WL 265171, at *7 (D. Minn. Feb. 27, 1990) (holding that | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | Minn. Stat. § 325D.54(b) only applied to "complaint to purchasers within the State of Minnesota" and that subsection (a) did not apply to defendants from foreign jurisdictions). | |
| **Mississippi** | 6 | Miss. Code Ann. §§ 75-21-1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>*See* Miss. Code Ann. § 75-21-3 (requires that some anticompetitive conduct, rather than the effects of the conduct, occur in Mississippi); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 226 (S.D.N.Y. 2019) (dismissing Mississippi state antitrust claims for failure to allege "some conduct by [defendant] which was performed wholly intrastate"); *In re Microsoft Corp. Antitrust Litig.*, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (dismissing Mississippi antitrust claims where plaintiffs failed to allege "at least *some* conduct by Microsoft which was performed wholly intrastate"); *California v. Infineon Techs. AG.*, 531 F. Supp. 2d 1124, 1157–59 (N.D. Cal. 2007) (dismissing plaintiffs' claims under the Mississippi Antitrust Act because (i) the Act "require[s] allegations of at least some activity or conduct occurring in intrastate commerce or trade"; and (ii) plaintiffs' complaint was "wholly devoid of any allegations relating to intrastate trade or commerce," and thus "fails to properly allege a claim under the Mississippi Antitrust Act"), *clarified*, 2007 WL 3034372 (N.D. Cal. Oct. 16, 2007). | II.C |
| **Nebraska** | 33 | Neb. Rev. Stat. Ann. §§ 59-801, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Neb. Rev. Stat. Ann. §§ 59-801, 802 (Nebraska's unlawful restraint of trade act limits coverage to conduct that affects trade "within th[e] state"); *Heath Consultants, Inc. v. Precision Instruments, Inc.*, 527 N.W.2d 596, 606 (Neb. 1995) (the Act does not apply unless the unlawful conduct has resulted in the restraint of trade or commerce "within [the] state" of Nebraska). | II.C |
| **Nevada** | 35 | Nev. Rev. Stat. Ann. | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.** | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | §§ 598A.010, *et seq*. | Nev. Rev. Stat. § 598A.060(1) ("[I]t is unlawful to conduct any part of [a conspiracy in restraint of trade] *in this State*." (emphasis added)). | |
| | | | **Failure to provide Notice to State Attorney General.** Nev. Rev. Stat. § 598A.210(3) ("Any person commencing an action for any violation of the provisions of this chapter shall, simultaneously with the filing of the complaint with the court, mail a copy of the complaint to the Attorney General."); *In re Asacol*, 2016 WL 4083333, at *14–15 (dismissing claim for failure to comply with notice provision); *In re Effexor*, 357 F. Supp. 3d at 389–90 (same). | II.D |
| **New Jersey** | 39 | N.J. Stat. Ann. §§ 56:9-1, *et seq*. | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.** N.J. Stat. Ann. § 56:9-3 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, *in this State*, shall be unlawful." (emphasis added)). | II.C |
| | | | **Claim before Illinois Brick repealer statute was effective is barred.** N.J. Stat. Ann. § 56:9-12 (eff. August 5, 2022) (as amended by 2022 NJ Sess. Law Serv. Ch. 96 (Assembly 1556) (West)); *Miami Prods.*, 546 F. Supp. 3d at 237 ("As to New Jersey, that state follow[s] federal antitrust law in interpreting [its] own antitrust statute, *see* N.J.S.A. 56:9-18, and under *Illinois Brick* . . . indirect purchasers . . . have no standing to assert a private right of action under the New Jersey Antitrust Act." (modifications in original)). | II.F |
| **New Mexico** | 40 | N.M. Stat. Ann. §§ 57-1-1, *et seq*. | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.** N.M. Stat. Ann. § 57-1-1 ("Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is *within this state*, is unlawful." (emphasis added)); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing New Mexico antitrust state law claim | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
| --- | --- | --- | --- | --- |
| | | | because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [New Mexico's antitrust] statute[]"). | |
| **New York** | 7 | N.Y. Gen. Bus. Law §§ 340, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>N.Y. Gen. Bus. Law § 340 (the Donnelly Act applies to "[e]very contract, agreement, arrangement or combination" establishing a monopoly or restraining competition "*in this state*" (emphasis added)); *H-Quotient, Inc. v. Knight Trading Grp., Inc.*, 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (recognizing that New York courts have found that "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field"). | II.C |
| **North Carolina** | 42 | N.C. Gen. Stat. Ann. §§ 75-1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>N.C. Gen. Stat. Ann. § 75-1 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce *in the State of North Carolina* is hereby declared to be illegal." (emphasis added)). | II.C |
| **North Dakota** | 43 | N.D. Cent. Code Ann. §§ 51-08.1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>N.D. Cent. Code Ann. §§ 51-08.1-01, -02 (law applies only to "the geographical area of actual or potential competition in a line of commerce, all or any part of which is within this state"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing North Dakota antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [North Dakota's antitrust] statute[]"). | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Oregon** | 44 | Or. Rev. Stat. Ann. §§ 646.705, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Or. Rev. Stat. Ann. §§ 646.705, .725 (law only applies to "trade or commerce within this state or between this state and any state, territory, or foreign nation"); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing Oregon antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [Oregon's antitrust] statute[]"). | II.C |
| **Rhode Island** | 46 | R.I. Gen. Laws Ann. §§ 6-36-7, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>6 R.I. Gen. Laws Ann. § 6-36-7(b) (requires "some portion of the relevant market or effective area of competition must be at least in part within [Rhode Island]"); *see In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419, 457 n.37 (S.D.N.Y. 2015) (dismissing claims under Rhode Island's unfair competition laws as "devoid of the state-specific allegations regarding defendants' engagement in commerce, public statements, and effects on plaintiffs within [Rhode Island] required to establish that these claims are plausible"). | II.C |
| | | | **Failure to provide Notice to State Attorney General.**<br>R.I. Gen. Laws Ann. § 6-36-21 ("Upon commencement of any civil action by a person, other than the attorney general, for a violation of this chapter, the plaintiff shall mail a copy of the complaint to the attorney general and shall file proof of service on the attorney general with the court. The civil action may not proceed until the proof of service is filed.") | II.D |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **South Dakota** | 49 | S.D. Codified Laws §§ 37-1-3.1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>S.D. Codified Laws § 37-1-3.1 ("A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful."); *Miami Prods.*, 546 F. Supp. 3d at 242–44 (dismissing South Dakota antitrust state law claim because indirect purchaser plaintiffs "have not alleged a substantial effect on intrastate commerce as required by [South Dakota's antitrust] statute[]"); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1099 (N.D. Cal. 2007) (dismissing plaintiffs' South Dakota antitrust claims because plaintiffs failed to "specifically allege any conduct or conspiracy that takes place, or has any effect within South Dakota"); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *26 (E.D. Tenn. June 24, 2015) (dismissing allegations under various state antitrust statutes, including South Dakota, for failing to address how Defendants' actions have in any way affected intrastate commerce). | II.C |
| **Tennessee** | 51 | Tenn. Code Ann. § 47-25-101, *et seq.* | **Tennessee bars class actions.**<br>Tenn. Code Ann. § 47-25-106(c) ("A class action lawsuit must not be brought to obtain injunctive relief and recover damages for conduct declared to be unlawful by this part."). | II.B |
| | | | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>Tenn. Code Ann. §§ 47-25-101, -106; *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005) (dismissing claim where plaintiff failed "to establish how the defendants' anticompetitive conduct affected Tennessee commerce to a substantial degree"); *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1159–60 (N.D. Cal. 2007) (relying on *Freeman* to dismiss plaintiffs' claim because plaintiffs' allegation that they "paid artificially high prices for DRAM and DRAM-containing products" was insufficient to "properly allege that defendants' anticompetitive conduct affects Tennessee | II.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | trade or commerce to a substantial degree"), *clarified*, 2007 WL 3034372 (N.D. Cal. Oct. 16, 2007); *FTC v. Mylan Lab'ys, Inc.*, 99 F. Supp. 2d 1, 9 (D.D.C. 1999) (dismissing antitrust claims under Tennessee law based on "predominately interstate" conduct); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 550 (N.D. Ill. 2019) (dismissing claim when plaintiffs had "not identified any Tennessee-specific allegations supporting its claim"). | |
| **Utah** | 52 | Utah Code Ann. § 76-10-3101, *et seq.*[1] | **Failure to provide Notice to State Attorney General.**<br>Utah Code Ann. § 76-16-511(9)(a) ("The attorney general shall be notified by the plaintiff about the filing of a class action involving antitrust violations that includes plaintiffs from this state."); *In re Asacol*, 2016 WL 4083333, at *14–15 (D. Mass. July 20, 2016) (dismissing claim for failure to comply with notice provision); *In re Effexor*, 357 F. Supp. 3d at 389–90 (same). | II.D |
| | | | **No named plaintiff is a citizen of Utah.**<br>Utah Code Ann. § 76-16-511(1)(a)(i) ("A person *who is a citizen of this state or a resident of this state* and who is injured or is threatened with injury in the person's business or property by a violation of [the Utah Antitrust Act] may bring an action for injunctive relief and damages . . . ." (emphasis added)); *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, 2018 WL 7197233, at *24 (S.D.N.Y. Dec. 26, 2018) (dismissing claim when no named plaintiff was a citizen or resident of Utah); *In re Effexor*, 357 F. Supp. 3d at 393. | II.E |
| **West Virginia** | 54 | W.Va. Code Ann. §§ 47-18-1, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br>W. Va. Code Ann. § 47-18-3(a) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this state shall be unlawful."); *State ex rel. Palumbo v. Graley's Body Shop, Inc.*, 425 | II.C |

[1] IPPs cite a repealed statute (Utah Code Ann. § 76-10-3101, *et seq.*). The grounds for dismissal included for Utah are under Utah Code Ann. §§ 76-16-501, *et seq*.

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | S.E.2d 177, 183 n.11 (W. Va. 1992) ("West Virginia's antitrust law is directed towards *intrastate* commerce.") (citation omitted)); *Kessel v. Monongalia Cnty. Gen. Hosp. Co.*, 648 S.E.2d 366, 375 (W. Va. 2007) ("The primary distinction between W. Va. Code § 47–18–3(a) and Section 1 of the Sherman Act is that the West Virginia statute applies to contracts and conspiracies in restraint of trade 'in this State'"). | |
| **Wisconsin** | 8 | Wis. Stat. Ann. §§ 133.01, *et seq.* | **Failure to plead sufficient nexus between Defendants' conduct and intrastate commerce.**<br><br>*Olstad v. Microsoft Corp.*, 700 N.W.2d 139, 158 (Wis. 2005) ("A civil plaintiff filing an action under Wisconsin's antitrust act must allege that (1) actionable conduct, such as the formation of a combination or conspiracy, occurred within this state . . . or (2) the conduct complained of "substantially affects" the people of Wisconsin and has impacts in this state."); *In re Dealer Management Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 549 (N.D. Ill. 2019) (dismissing Wisconsin state antitrust claim where Plaintiffs could not satisfy either standard set forth in *Olstad*). | II.C |