# APPENDIX C

## APPENDIX C: BASES TO DISMISS STATE CONSUMER PROTECTION LAW CLAIMS

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Alaska** | 10 | Alaska Stat. § 45.50.471, *et seq*. | **IPPs lack standing, as Alaska's consumer protection law does not permit indirect purchaser suits.**<br>Alaska Stat. § 45.50.577(i) ("Only the attorney general, in a suit brought under this section, may seek monetary relief for injury indirectly sustained for a violation of AS 45.50.562 — 45.50.570."); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1163 (N.D. Cal. 2015) ("[N]o court has construed Alaska's consumer protection statute (Alaska Stat. Ann. § 45.50.531(a)) to permit claims based on alleged antitrust and monopolization conduct by indirect purchasers."); *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1107–08 (N.D. Cal. 2007) (declining to read the Alaska's consumer protection statute to permit indirect purchaser standing); *In re Humira (Adalimumab) Antitrust Litig.*, 465 F. Supp. 3d 811, 848–49 (N.D. Ill. 2020) (same). | III.B |
| **Arizona** | 13 | Ariz. Rev. Stat. § 44-1521, *et seq*. | **IPPs fail to allege any deceptive conduct or that they relied upon any affirmative misrepresentation by Defendants, as required by Arizona's consumer protection law.**<br>Ariz. Rev. Stat. § 44-1522(A) (stating that the Arizona Consumer Fraud Act ("ACFA") prohibits persons from engaging in "any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 178 (D. Me. 2004) (dismissing Arizona consumer protection claim because the ACFA "does not include a prohibition on unfair methods of competition, and it does not prohibit unfair acts and practices in addition to deceptive acts and practices"); Ariz. Rev. Stat. § 44-1521 (prohibiting false promises, misrepresentations, or omissions of material fact in connection with the sale of merchandise); *Miami Prods. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 238 (W.D.N.Y. 2021) (dismissing claims under the ACFA because the requisite proximate injury under the act occurs only where a plaintiff "actually relie[d]" on deceptive statements)). | III.F |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | **IPPs fail to allege sufficient intrastate conduct under the laws of Arizona.**<br>*Thuney v. Lawyer's Title of Ariz.*, 2019 WL 467653, at *7 (D. Ariz. Feb. 6, 2019) ("ACFA only applies to acts committed in Arizona that violate the Act.") | III.D |
| **Arkansas** | 11 | Ark. Code Ann. §§ 4-88-101, *et seq.* | **IPPs cannot pursue their consumer protection claim, as Arkansas law expressly prohibits class actions.**<br>Ark. Code Ann. § 4-88-113(f)(1)(B) ("A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas *Constitution*, Amendment 89." (emphasis added)); *Mass. Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 446–48 (D. Mass. 2025) (dismissing Arkansas Deceptive Trade Practice Act claim based on the statute's prohibition of class actions). | III.B |
| | | | **IPPs have not pled "unconscionable" conduct by Defendants, as required by Arkansas' consumer protection laws.**<br>Ark. Code Ann. § 4-88-107(a); *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029–30 (N.D. Cal. 2007) (dismissing Arkansas consumer protection claims because (i) statute requires plaintiff to plead unconscionability, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim under ADTPA). | III.E |
| | | | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer in connection to the sale of a good, or that the consumer relied on the deception, as Arkansas' consumer protection laws require.**<br>Ark. Code Ann. §§ 4-88-107(a)(10), 4-88-113(f)(2) (a "claimant must prove individually that he or she suffered an actual financial loss proximately caused by his or her reliance . . . ."); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 156 (5th Cir. 2010) (affirming dismissal of ADTPA claim for failure to plead defendant "deceive[d] a reasonable consumer"); *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013) ("The elements of [a cause of action under the ADTPA] are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act"). | III.F |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by Arkansas' consumer protection laws.**<br>*Whatley v. Recontrust Co. NA*, 2010 WL 4916372, at *6 (E.D. Ark. Nov. 23, 2010) (dismissing Arkansas consumer protection claim for failing to "identify who, what, where, when, and how" as "required by Rule 9(b)"). | III.G |
| **California** | 15 | Cal. Bus. & Prof. Code §§ 17200, *et seq*. | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer in connection to the sale of a good, or that the consumer relied on the deception, as California's consumer protection laws require.**<br>Cal. Bus. & Prof. Code § 17500 (requiring a statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading"); *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *11 (N.D. Cal. July 23, 2013) ("A plaintiff seeking to prosecute a UCL and FAL claim is required to plead actual reliance on the allegedly deceptive or misleading statements."); *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1141 (9th Cir. 2025) (fraud claim requires reliance). | III.F |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by California's consumer protection laws.**<br>*Pro Water Sols., Inc. v. Angie's List, Inc.*, 457 F. Supp. 3d 845, 853 (C.D. Cal. 2020) (concluding "Rule 9(b)'s heightened pleading standards apply" to UCL claims). | III.G |
| | | | **California Unfair Competition Law does not permit damages.**<br>Cal. Bus. & Prof. Code § 17203 (permitting injunction but not damages); *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003) ("A UCL action is equitable in nature; damages cannot be recovered.") | III.J |
| **Colorado** | 17 | Colo. Rev. Stat. § 6-1-101, *et seq*. | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer in connection to the sale of a good, or that the consumer relied on the deception, as Colorado's consumer protection laws require.**<br>*In re Crop Prot. Prods. Loyalty Program Antitrust Litig.*, 779 F. Supp. 3d 624, 658 (M.D.N.C. 2025) (dismissing Colorado consumer protection claim because the statute does not "expressly proscribe[] anticompetitive conduct without reference to deception"); *In re* | III.F |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | *Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 355 F. Supp. 3d 145, 159–60 (E.D.N.Y. 2018) (explaining that unfair trade practices, if not deceptive, are insufficient to state a claim). | |
| | | | **IPPs are not entitled to damages because Colorado law prohibits class actions for monetary damages based on the Consumer Protection Act.**<br>*Miller v. Ford Motor Co.*, 2024 WL 1344597, at *37 (E.D. Cal. Mar. 29, 2024) (dismissing damages claim under the Colorado Consumer Protection ACT ("CCPA") because "the weight of authority supports [the] conclusion" that a plaintiff "cannot maintain his class claim for money damages under the CCPA"). | III.J |
| **District of Columbia** | 19 | D.C. Code, § 28-3901, *et seq*. | **IPPs have not pled "unconscionable" conduct by Defendants, as required by District of Columbia law.**<br>D.C. Code Ann. § 28-3904; *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007) (dismissing D.C. Unfair and Deceptive Trade Practices Act where plaintiff did not "plead[] the kind of grossly unequal bargaining power prohibited by the[] statute[]"). | III.E |
| | | | **IPPs fail to allege Deception as required by District of Columbia Law.**<br>D.C. Code § 28-3904; *Scott v. Apple Inc.*, 757 F. Supp. 3d 1, 12–13 (D.D.C. 2024) (rejecting claim under D.C. Unfair and Deceptive Trade Practices Act where plaintiff did not make plausible allegations that a reasonable consumer would have relied upon defendant's allegedly misleading representations). | III.F |
| | | | **IPPs fail to allege they purchased Fire Apparatus for personal purposes, as required by District of Columbia law.**<br>D.C. Code Ann. § 28-3901 (cabining standing to purchasers who use a product "for personal, household, or family purposes"); *In re Crop Prot. Prods.*, 779 F. Supp. 3d at 654 (dismissing District of Columbia consumer protection claim for failure to allege that purchase was made for personal, rather than business, purposes); *Quality Air Servs., L.L.C. v. Milwaukee Valve Co.*, 567 F. Supp. 2d 96, 103 (D.D.C. 2008) (dismissing District of Columbia consumer protection claim because HVAC valves "are not 'consumer goods' as they are not furniture, furnishings, or personal effects used in the home"); *Shaw v. Marriott Int'l, Inc.*, 605 F.3d | III.H |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | 1039, 1043 (D.C. Cir. 2010) (dismissing District of Columbia consumer protection claim because purchase of hotel room for employee was made for a “business purpose[]”). | |
| **Florida** | 20 | Fla. Stat. Ann. §§ 501.201, *et seq.* | **IPPs fail to allege specific facts regarding fraud or deception, as required by Florida’s consumer protection laws.**<br>Fla. Stat. Ann. § 501.204; *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *21 (E.D. Mich. Apr. 9, 2013) (“Claims under the FDUTPA must be pleaded with the specificity requirements of Fed. R. Civ. P. 9(b).”); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 665 (E.D. Mich. 2011) (dismissing Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”) claim for failure to plead fraud with particularity because “nothing relieves an indirect purchaser suing under [the FDUTPA] from the burden of pleading the claim with particularity”); *see also QSGI, Inc. v. IBM Glob. Fin.*, 2012 WL 1150402, at *4 (S.D. Fla. Mar. 14, 2012) (dismissing plaintiff’s FDUTPA claim because it was “merely a repackaging of the allegations offered for its antitrust claims”). | III.G |
| **Illinois** | 23 | 815 Ill. Comp. Stat. Ann. §§ 505/1, *et seq.* | **Illinois bars indirect purchaser class actions under the Illinois Antitrust Act, which has been adopted for consumer protection claims.**<br>*Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 993 (Ill. 1990) (“There is no indication that the legislature intended that the Consumer Fraud Act be an additional antitrust enforcement mechanism.”); *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 373 (D.R.I. 2019) (“[T]his Court joins the majority of other courts in concluding that the EPPs do not have standing to maintain what is in essence an antitrust claim by another name under the Illinois Consumer Fraud and Deceptive Business Practices Act.”); *In re Aggrenox Antitrust Litig.*, 2016 WL 4204478, at *7 (D. Conn. Aug. 9, 2016); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010) (“Plaintiffs’ are prohibited from asserting claims under the Illinois Antitrust Act, because the Act does not provide relief to indirect purchasers through class actions.”). | III.B |
| | | | **IPPs have not pled “unconscionable” conduct by Defendants, as required by Illinois’ consumer protection laws require.**<br>815 Ill. Comp. Stat. Ann. § 505/2; *Zekman v. Direct Am. Marketers, Inc.*, 695 N.E.2d 853, 859 (Ill. 1998). | III.E |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer, in connection to the sale of a good, or that the consumer relied on the deception, as Illinois' consumer protection laws require.**<br>815 Ill. Comp. Stat. Ann. § 505/10a(a) (creating a private cause of action based only upon injuries resulting from prohibited conduct); *De Bouse v. Bayer AG*, 922 N.E.2d 309, 313 (Ill. 2009) ("A Consumer Fraud Act claim requires (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception."). | III.F |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by Illinois' consumer protection laws.**<br>*In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 738–39 (E.D. Mo. 2019) ("[Illinois Consumer Fraud Act] claims must comply with the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)."); *see also Gaebler v. N.M. Potash Corp.*, 676 N.E.2d 228, 229–30 (Ill. App. Ct. 1996) (affirming dismissal of Illinois Consumer Fraud Act claims because they were "classic antitrust allegations dressed in Consumer Fraud Act clothing" and did not allege fraud or deception). | III.G |
| **Maryland** | 28 | Md. Code Ann. Com. Law § 13-101, *et seq*. | **IPPs fail to allege any conduct prohibited by Maryland consumer protection law.**<br>*Davidson v. Microsoft Corp.*, 792 A.2d 336, 345 (Md. Ct. App. 2002) ("Antitrust violations, however, are not listed in MCPA's list of prohibited activities."); *In re Microsoft Corp. Antitrust Litig.*, (D. Md. 2001) (same), *aff'd sub nom. Kloth v. Microsoft Corp.*, 444 F.3d 312, 321-22 (4th Cir. 2006); *Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.*, 783 F. Supp. 3d 417, 447 (D. Mass. 2025) ("Because Maryland has separate statutory schemes addressing antitrust and unfair or deceptive trade practices, and because antitrust allegations do not fit within the MCPA framework, courts in Maryland have held that anticompetitive conducts are not actionable under the MCPA." (internal quotation marks omitted)). | III.C |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Massachusetts** | 29 | Mass. Gen. Laws Ann. Ch. 93A § 1, *et seq*. | **Massachusetts applies the *Illinois Brick* rule to actions brought under Section 11 of the Massachusetts consumer-protection statute.**<br>*United Food & Com. Workers Loc. 1776 & Participating Emp. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1084 (N.D. Cal. 2014); *Ciardi v. F. Hoffman La Roche, Ltd.*, 762 N.E.2d 303, 311 (Mass. 2002) ("[Section] 11[] includes a specific provision that in any action brought under that section, the court shall be guided in its interpretation of unfair methods of competition by the provisions of the Antitrust Act."); *In re Loestrin*, 410 F. Supp. 3d at 373 ("Whether the TPPs bring their claims under Section 9 or 11 matters because Massachusetts courts apply the *Illinois Brick* indirect-purchaser rule to Section 11, but not to Section 9" and "Sections 9 and 11 have been construed by many courts as binary—the former conferring standing to consumers and the latter conferring standing to businesses."). | III.B |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by Massachusetts' consumer protection laws.**<br>*Valley Container Co., Inc. v. Liberty Mut. Grp., Inc.*, 2020 WL 3270848, at *6 (D. Mass. June 17, 2020) (applying Rule 9(b) pleading standard to Massachusetts Consumer Protection Act claim). | III.G |
| | | | **IPPs do not state a claim under Section 9 of the Massachusetts consumer-protection statute because they do not purchase fire trucks for personal, family, or household purposes.**<br>*In re Loestrin*, 410 F. Supp. 3d at 373 ("Sections 9 and 11 have been construed by many courts as binary—the former conferring standing to consumers and the latter conferring standing to businesses"); *In re Asacol Antitrust Litig.*, 2016 WL 4083333, at *13 (D. Mass. July 20, 2016) ("Plaintiffs—the Health Fund Plaintiffs—cannot bring a claim under § 9 as they cannot show that they undertook the relevant transactions 'for purely personal reasons (such as the purchase of an item for personal use).'"); *In re Aggrenox*, 2016 WL 4204478, at *9 (D. Conn. Aug. 9, 2016) ("[I]ndirect purchasers are engaged in the conduct of trade or commerce and therefore cannot make claims under section nine."). | III.H |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Minnesota** | 31 | Minn. Stat. Ann. §§ 325D.43-48, *et seq*. | **IPPs fail to allege Deception as required by Minnesota Law.**<br>*Schoenbaum v. E.I. Dupont De Nemours & Co*., 517 F. Supp. 2d 1125, 1154 (E.D. Mo. 2007) (dismissing antitrust claims brought under the Minnesota Uniform Deceptive Trade Practices Act and the Prevention of Consumer Fraud Act, and citing the Minnesota court's conclusion that a contention that it is deceptive to state a price for a product "while knowing that the conspiracy maintained prices at an artificially high level . . . [is] 'neither logical or rational'" (citations omitted)), *vacated in part*, 2007 WL 3331291 (E.D. Mo. Nov. 6, 2007); *In re Niaspan Antitrust Litig*., 42 F. Supp. 3d 735, 760 (E.D. Pa. 2014) (collecting cases) (dismissing claims because they "only apply to conduct that is deceptive or fraudulent, as opposed to merely anticompetitive"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig*., 350 F. Supp. 2d 160, 190 (D. Me. 2004) (dismissing plaintiffs' Minnesota consumer protection claims where plaintiffs failed to "allege any fraud or deception by the defendants"). | III.F |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by Minnesota's consumer protection laws.**<br>*E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 795 F. Supp. 2d 874, 879 (D. Minn. 2011) (holding that plaintiffs failed to state a claim under Minnesota Consumer Fraud Act because plaintiffs failed to meet the heightened pleading requirement of Rule 9(b)).; *In re New Motor Vehicles Canadian Exp. Antitrust Litig*., 350 F. Supp. 2d 160, 190 (D. Me. 2004) (dismissing consumer protection claims because plaintiffs failed "to allege any fraud or deception by the defendants."). | III.G |
| | | | **Damages unavailable under Minnesota Deceptive Trade Practices Act**.<br>Minn. Stat. Ann. § 325D.45 (permitting an injunction but not damages); *Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 476 (Minn. Ct. App. 1999) ("[I]njunctive relief, not damages, is the statutory remedy for unlawful or deceptive trade practices."). | III.J |
| **Montana** | 32 | Mont. Code, §§ 30-14-101, *et seq*., and 30-14-201, *et seq*. | **IPPs cannot pursue their consumer protection claim, as Montana law expressly prohibits class actions.**<br>Mont. Code Ann. § 30-14-133(1)(a) (providing a cause of action for "an individual action but not a class action"); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 413-16 (D.N.J. 2018) (enforcing "class action bar[] incorporated in the Montana . . . consumer protection | III.B |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | law[]" to dismiss claim). | |
| | | | **IPPs do not state a claim under the Montana Unfair Trade Practices and Consumer Protection Act because they do not purchase fire trucks for personal, family, or household purposes.**<br>Mont. Code Ann. § 30-14-133 ("a consumer who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful"); *Doll v. Major Muffler Centers, Inc.*, 687 P.2d 48, 53 (Mont. 1984) (holding that the purchase of goods "entirely for business purposes" does not "not come within the statutory definition of a purchase or lease of goods primarily for personal, family or household purposes"); *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis*, 2018 WL 7197233, at *46 (S.D.N.Y. Dec. 26, 2018) (dismissing claims under the MUTPCPA because the plaintiff was not a "consumer" within the meaning of the MUTPCPA). | III.H |
| **Nebraska** | 34 | Neb. Rev. Stat. Ann. §§ 59-1601, *et seq*. | **IPPs Fail to Allege Sufficient Intrastate Conduct and Effects Under the Laws of Nebraska.**<br>Neb. Rev. Stat. Ann. §§ 59-1601(2); *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 860 (N.D. Ill. 2021) ("In Nebraska, the Nebraska Supreme Court has held the Nebraska Consumer Protection Act only reaches conduct that 'directly or indirectly affect[s] the people of the State of Nebraska.'"); *Free Green Can, LLC v. Green Recycling Enters., LLC*, 2011 WL 2470463, at *7 (N.D. Ill. June 20, 2011) ("To be actionable under the [Nebraska Consumer Protection Act] . . . the unfair or deceptive act or practice must have an impact upon the public interest. The act is not available to redress a private wrong where the public interest i[s] unaffected." (quoting *Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141–42 (Neb. 2000))). | III.D |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by Nebraska's consumer protection laws.**<br>*Cal Creations, LLC v. Barbato*, 2025 WL 2896937, at *16 (D. Neb. Oct. 10, 2025) ("[The Nebraska Consumer Protection Act] claim is also deficient for failure to plead a claim of fraud with the particularity required by Federal Rule of Civil Procedure 9(b)."). | III.G |


Case 2:26-md-03179-WCG Filed 08/17/26 Page 10 of 14 Document 165-3

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| **Nevada** | 36 | Nev. Rev. Stat. Ann. §§ 598.0903, *et seq*. | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer, in connection to the sale of a good, or that the consumer relied on the deception, as Nevada's consumer protection laws require.**<br>Nev. Rev. Stat. Ann. §§ 41.600, 598.0903, *et. seq*. (creating a cause of action for "damages . . . sustained" as result of "false or misleading statements of fact concerning the price of goods or services for sale or lease" or for "[d]isparag[ing] the goods . . .of [another]"); *Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1178 (D. Nev. 2021) ("To state a claim under the NDTPA, [a plaintiff] must allege . . . that it relied on the misrepresentation which caused the harm."); *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 163, (S.D.N.Y. 2020) ("To plead causation under the NDTPA, a plaintiff must allege that they reasonably relied on the alleged misrepresentation." (citation omitted)). | III.F |
| | | | **IPPs do not allege that any of the named plaintiffs are elderly or disabled**.<br>*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 163 (E.D. Pa. 2009) ("[T]he only provision of [the Nevada Deceptive Trade Practices] Act providing for a private civil action is limited to suits by 'an elderly person or a person with a disability'" (quoting Nev. Rev. Stat. Ann. § 598.0977)); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 234 (M.D. Pa. 2010) (dismissing the plaintiffs' claim because "[t]he Nevada class plaintiffs are not alleged to be either elderly or disabled"). | III.I |
| **New Hampshire** | 38 | N.H. Rev. Stat. Ann. § 358-A:1, *et seq*. | **Plaintiffs have not alleged a specific nexus between Defendants' conduct and intrastate commerce, as required by New Hampshire's consumer protection laws.**<br>N.H. Rev. Stat. Ann. § 358-A:2 ("It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."); *Mbadiwe v. Amazon.com, Inc.*, 2025 WL 2675937, at *32 (S.D.N.Y. Sept. 18, 2025) ("[The New Hampshire Consumer Protection Act] does not cover conduct occurring out of New Hampshire" even if some alleged harm occurs in New Hampshire); *Wilcox Indus. Corp. v. Hansen*, 870 F. Supp. 2d 296, 305 (D.N.H. 2012) ("The NHCPA permits relief only for unfair competition that occurs 'within this state'. . . Although Wilcox alleges that the harm from defendants' conduct occurred in New Hampshire, where Wilcox has its principal place of business, that fact alone is insufficient to bring the offending conduct within the fold of the NHCPA." (citation omitted)); *Mueller Co. v. U.S. Pipe &* | III.D |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | *Foundry Co.*, 2003 WL 22272135, at *6 (D.N.H. Oct. 2, 2003) (finding plaintiffs failed to state a claim "[i]n the absence of any alleged unfair method of competition or unfair or deceptive act or practice which took place within New Hampshire"); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 2021 WL 4306018, at *17 (N.D. Cal. Sept. 22, 2021) ("as the End-User SAC lacks any allegation that a defendant engaged in any trade or commerce in New Hampshire, End-User's claim under the NHCPA is subject to dismissal"). | |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by New Hampshire's consumer protection laws.**<br>*Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 558 (N.D. Cal. 2019) (applying Rule 9(b) pleading standard to New Hampshire Consumer Protection Act claim). | III.G |
| **New Mexico** | 41 | N.M. Stat. Ann. §§ 57-12-1, *et seq*. | **IPPs have not pled "unconscionable" conduct by Defendants, as required by New Mexico's consumer protection laws require.**<br>N.M. Stat. Ann. § 57-12-2(D); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029–30 (N.D. Cal. 2007) (dismissing claim under New Mexico consumer protection statute because (i) statute requires plaintiff to plead unconscionability, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim). | III.E |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by New Mexico's consumer protection laws.**<br>*Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 558 (N.D. Cal. 2019) (applying Rule 9(b) pleading standard to New Mexico Unfair Trade Practices Act claims). | III.G |
| **Oregon** | 45 | Or. Rev. Stat. § 646.605, *et seq*. | **IPPs fail to allege any conduct prohibited by Oregon consumer protection law.**<br>*In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007) (dismissing claim because "Oregon's Unfair Trade Practices Act lists a number of practices proscribed by the statute; price fixing is not among them."). | III.C |
| | | | **IPPs fail to allege that they purchased goods "primarily for personal, family or household purposes," as required by Oregon consumer protection law.**<br>Or. Rev. Stat. § 646.605(6)(a); *D.S. Marine, LLC v. Shaver Transp. Co.*, 2001 WL 34045718, at *1 (D. Or. May 25, 2001) (dismissing claims under the OUTPA because the services and | III.H |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | | goods at issue were "not generally and customarily used for personal, family, or household uses"). | |
| **Rhode Island** | 47 | R.I. Gen. Laws § 6-13.1-1, *et seq.* | **IPPs cannot pursue their consumer protection claim, as none of the anticompetitive acts alleged fall within the statute's enumerated list of prohibited conduct.**<br>R.I. Gen. Laws Ann. § 6-13.1-1(6). | III.C |
| | | | **IPPs lack standing to pursue their consumer protection claim, as Rhode Island only creates a cause of action for natural persons.**<br>R.I. Gen. Laws § 6-13.1-5.2; *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1116 (N.D. Cal. 2007) ("[T]he Rhode Island Supreme Court has construed the UTPCPA to require that only natural persons are permitted to bring private rights of action under the statute."). | III.J |
| | | | **IPPs fail to allege they purchased goods "primarily for personal, family or household purposes," as required by Rhode Island law.**<br>R.I. Gen. Laws § 6-13.1-5.2(a); *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1116 (N.D. Cal. 2007) (dismissing claim for failure to allege goods were purchased "primarily for personal, family, or household purposes"). | III.H |
| **South Carolina** | 48 | S.C. Code Ann. § 39-5-10, *et seq.* | **IPPs cannot pursue their consumer protection claim, as South Carolina law expressly prohibits class actions.**<br>S.C. Code Ann. § 39-5-140(a) ("Any person who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages."); *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 844 (E.D. Pa. 2019) (holding that "class action bar provisions specifically included in the Montana and South Carolina consumer protection laws reflect a substantive policy choice" and that plaintiffs may only pursue those claims on an individual basis). | III.B |
| **South Dakota** | 50 | | **IPPs Do Not Allege Sufficient Facts of Unconscionable Conduct, Unequal Bargaining Power, Or Other Aggravating Circumstances.** | III.E |

| State | Count | Statute | Basis/es for Dismissal | Section |
|---|---|---|---|---|
| | | S.D. Codified Laws §§ 37-24-1, *et seq*. | S.D. Codified Laws § 37-24-6 (not listing "price-fixing" in the specifically enumerated list of "[d]eceptive act or practice[s]"). | |
| | | | **IPPs fail to allege specific facts that Defendants engaged in deception directed at the consumer, in connection to the sale of a good, or that the consumer relied on the deception, as South Dakota's consumer protection laws require.** S.D. Codified Laws § 37-24-6(1) (defining "[d]eceptive act or practice" to include "misrepresentation" or "conceal[ment of] any material fact"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1171 (N.D. Cal. 2015) (holding that South Dakota Deceptive Trade Practices Act requires "proof of an intentional misrepresentation or concealment of a fact on which plaintiff relied and that caused an injury to plaintiff" (quoting *Nw. Pub. Serv., a Div. of Nw. Corp. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 973–74 (D.S.D. 2002)); *In re Crop Prot. Prods.*, 779 F. Supp. 3d at 659 (M.D.N.C. 2025) (holding that South Dakota Deceptive Trade Practices Act "do[es] not proscribe nondeceptive anticompetitive conduct."). | III.F |
| | | | **IPPs fail to allege specific facts regarding fraud or deception, as required by South Dakota's consumer protection laws.** *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1031, 1037 (S.D. Iowa 2009) (assessing South Dakota Deceptive Trade Practices Act claim under Rule 9(b)). | III.G |



Case 2:26-md-03179-WCG Filed 08/17/26 Page 14 of 14 Document 165-3