# APPENDIX D

**APPENDIX D: BASES TO DISMISS STATE UNJUST ENRICHMENT LAW CLAIMS**

| State | Basis/es for Dismissal |
|---|---|
| **GENERAL** | **IPPs' unjust enrichment claim fails to specify any states' laws**<br>*In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *24 (E.D. Mich. Apr. 9, 2013) (observing that "state law requirements under unjust enrichment law vary widely" and dismissing IPPs unspecified unjust enrichment claim on that basis). |
| **Alabama** | **Unjust enrichment claims are duplicative.**<br>*In re Chantix (Varenicline) Mktg., Sales Practices and Products Liab. Litig. (No. II)*, 735 F. Supp. 3d 352, 402–03 (S.D.N.Y. 2024) (dismissing New Jersey unjust enrichment claim because the claim was "subsumed within other claims" in the complaint). |
| | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (dismissing Alabama unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*In re Novartis*, 2019 WL 3841711, at *6–7 (dismissing Alabama unjust enrichment claim because plaintiff must "confer a direct benefit on the defendant in order to recover under a theory of unjust enrichment"). |
| **Alaksa** | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis*, 2019 WL 3841711, at *6 (dismissing Alaska unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| **Arizona** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Arizona unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.**<br>*Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995) *corrected* (July 10, 1995) (holding that an element of an unjust enrichment claim is the absence of an adequate remedy at law). |

| State | Basis/es for Dismissal |
| --- | --- |
| | *Digit. Sys. Eng'g v. Bruce-Moreno*, 2010 WL 5030808, at *4 (Ariz. Ct. App. Nov. 16, 2010) (holding that plaintiff was "precluded from obtaining a judgment on the unjust enrichment claim, because the parties are the same and substantive facts for each stem from the same actions"). |
| **Arkansas** | **Unjust enrichment claims are duplicative.**<br>*DePriest v. AstraZeneca Pharms., L.P.*, 351 S.W.3d 168, 179 (Ark. 2009) (holding that "[t]here cannot be any 'unjust' enrichment where [defendant's] alleged conduct falls within what is permitted by federal law.") |
| | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>Ark. Code. §§ 4-75-212, 315 (permitting only the Attorney General to bring suit on behalf of indirect purchasers); *In re Novartis*, 2019 WL 3841711, at *6 (dismissing Arkansas unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| **California** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing California unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"); *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing unjust enrichment claim because "[i]f plaintiffs claim they were damaged as a result of consumer deception, the proper remedy is under their respective state consumer protection statutes"). |
| | **There is no cause of action for unjust enrichment.**<br>*In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1176 (N.D. Cal. 2015) ("[T]he weight of authority in California state and federal court decisions is that unjust enrichment does not state an independent claim under California law."); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (Cal. Ct. App. 2003) ("[T]here is no cause of action in California for unjust enrichment."). |
| **Colorado** | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis*, 2019 WL 3841711, at *6 (dismissing Colorado unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| **Connecticut** | **Unjust enrichment claims are duplicative.** |

| State | Basis/es for Dismissal |
|---|---|
| | *In re Novartis*, 2019 WL 3841711, at *7 ("Courts in the Second Circuit have recognized that 'an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim.'" (quoting *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018))). |
| | **IPPs have an adequate remedy at law.**<br>*Edwards v. N. Am. Power & Gas, LLC*, 120 F. Supp. 3d 132, 147–48 (D. Conn. 2015) ("[L]ack of a remedy under [a] contract is a precondition for recovery based upon unjust enrichment." (quotation omitted)). |
| **District of Columbia** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8 (dismissing District of Columbia unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| **Florida** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Florida unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"); *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013) ("[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action."). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*Miami Prods. & Chem. Co. v. Olin Corp.*, 2022 WL 3701159, at *2 (W.D.N.Y. Aug. 26, 2022) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017))). |
| **Hawai'i** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Hawai'i unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.**<br>*Porter v. Hu*, 169 P.3d 994, 1007 (Haw. Ct. App. 2007) ("[T]his court observes the principle, long-invoked in the federal courts, that equity has always acted only when legal remedies were inadequate."); *Soule v. Hilton* |

| State | Basis/es for Dismissal |
|---|---|
| | *Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1102 (D. Haw. 2014) ("The absence of an adequate remedy at law, therefore, is the 'necessary prerequisite' to maintaining equitable claims.") |
| **Illinois** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 ("Courts in the Second Circuit have recognized that 'an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim.'" (quoting *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018))). |
| | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>740 Ill. Comp. Stat. Ann. 10/7(2) ("[N]o person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act."); *In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (dismissing Illinois unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| | **IPPs have an adequate remedy at law.**<br>*In re Chantix*, 735 F. Supp. 3d 352, 404 n.29 (S.D.N.Y. 2024) ("Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law."). |
| | **There is no cause of action for unjust enrichment.**<br>*Pappas v. Auto Club Ins. Ass'n*, 2021 WL 7179123, at *6 (N.D. Ill. Jan. 12, 2021) ("[U]njust enrichment is not an independent cause of action—it rises and falls with the underlying claim."); *Martis v. Grinnell Mut. Reins. Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery." (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1200 (Ill. App. Ct. 2008))). |
| **Iowa** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Iowa unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| **Kansas** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8  (dismissing Kansas unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |

| State | Basis/es for Dismissal |
| --- | --- |
| Maine | **Unjust enrichment claims are duplicative.** *In re Novartis*, 2019 WL 3841711, at *7 (dismissing Maine unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.** *Wahlcometroflex, Inc. v. Baldwin*, 991 A.2d 44, 49–50 (Me. 2010) (holding that unjust enrichment is only available if plaintiff lacks an adequate remedy at law and upholding dismissal where there was "no detectable difference" between the legal claim and unjust enrichment claim). |
| Maryland | **Unjust enrichment claims are duplicative.** *In re Novartis*, 2019 WL 3841711, at *7 ("Courts in the Second Circuit have recognized that 'an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim.'" (quoting *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018))). |
| | **IPPs did not confer a direct benefit on Defendants.** *Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc.*, 2011 WL 856366, at *11 (D. Md. Mar. 9, 2011) (rejecting unjust enrichment claim because "Plaintiff has not conferred any benefit directly on Defendant"). |
| Massachusetts | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.** *In re Novartis*, 2019 WL 3841711, at *6 (dismissing Massachusetts unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| | **IPPs have an adequate remedy at law.** *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 419 (S.D.N.Y. 2017) ("[A] plaintiff is prohibited under Massachusetts law from bringing a claim for unjust enrichment where an adequate remedy at law exists — regardless of the viability of that theory."), *modified on other grounds*, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017). |
| Michigan | **Unjust enrichment claims are duplicative.** *In re Novartis*, 2019 WL 3841711, at *7 (dismissing Michigan unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |

| State | Basis/es for Dismissal |
|---|---|
| | **IPPs did not confer a direct benefit on Defendants.**<br>*In re Gen. Motors*, 257 F. Supp. 3d 372, 427 (S.D.N.Y. 2017) (Michigan courts "only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff"), *modified on other grounds*, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017). |
| **Minnesota** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Minnesota unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.**<br>*In re Chantix (Varenicline) Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 735 F. Supp. 3d 352, 403–04 (S.D.N.Y. 2024) ("Relief under the theory of unjust enrichment is not available where there is an adequate legal remedy or where statutory standards for recovery are set by the legislature." (quoting *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013))); *Cummins L. Off., P.A. v. Norman Graphic Printing Co. Ltd.*, 826 F. Supp. 2d 1127, 1132 (D. Minn. 2011) ("Minnesota courts repeatedly have held that the availability of statutory claims (whether state or federal) will preclude the assertion of an unjust-enrichment . . . claim seeking the same relief."); *Kelley v. Coll. of St. Benedict*, 901 F. Supp. 2d 1123, 1132–33 (D. Minn. 2012) (dismissing claim for unjust enrichment because an adequate legal remedy was available); *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) ("It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law. Relief under the theory of unjust enrichment is not available where there is an adequate legal remedy or where statutory standards for recovery are set by the legislature." (internal citations omitted)). |
| **Mississippi** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8 (dismissing Mississippi unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPS do not allege mistake of fact.**<br>*Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012) ("The law is clear that unjust enrichment applies when one party has mistakenly paid another party."). |

| State | Basis/es for Dismissal |
|---|---|
| **Montana** | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis*, 2019 WL 3841711, at *6 (dismissing Montana unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| **Nebraska** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Nebraska unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.**<br>*Pilot Inv. Grp. Ltd. v. Hofarth*, 550 N.W.2d 27, 33 (Neb. 1996) (requiring a plaintiff to plead the absence of an adequate remedy at law to state a claim in equity). |
| **Nevada** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Nevada unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| **New Hampshire** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis.*, 2019 WL 3841711, at *7–8 (dismissing New Hampshire unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"); *In re Cattle Antitrust Litig.*, 2021 WL 7757881, at *15 (D. Minn. Sept. 14, 2021) ("[G]iven that the Court will grant . . .[d]ismiss[al] with respect to Indirect Purchaser Plaintiffs' New Hampshire consumer protection claims, there is no host for their unjust enrichment claims."). |
| | **IPPs have an adequate remedy at law.**<br>*In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 792 (D. Minn. 2020) ("Unjust enrichment is an equitable remedy that ordinarily is unavailable if legal remedies are adequate under the circumstances." (quoting *Parsons Infrastructure & Tech. Grp., Inc. v. Gilbane Bldg. Co.*, 2005 WL 2978901, at *1 (D.N.H. Nov. 7, 2005))). |
| **New Jersey** | **Unjust Enrichment claims are duplicative**<br>*In re Chantix*, 735 F. Supp. 3d 352, 402–03 (dismissing New Jersey unjust enrichment claim because the claim was "subsumed within other claims" in the complaint). |

| State | Basis/es for Dismissal |
|---|---|
| | **IPPs did not confer a direct benefit on Defendants.**<br>*In re Novartis*, 2019 WL 3841711, at *6–7 (dismissing New Jersey unjust enrichment claim because plaintiff must "confer a direct benefit on the defendant in order to recover under a theory of unjust enrichment"). |
| | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis*, 2019 WL 3841711, at *6 (dismissing New Jersey unjust enrichment claim because "Plaintiffs' position amounts to an attempt to circumvent *Illinois Brick*"). |
| **New Mexico** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing New Mexico unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| **New York** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing New York unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.**<br>*In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 433 (S.D.N.Y. 2017) ("The Second Circuit has repeatedly reaffirmed that unjust enrichment under New York law 'is an equitable claim that is unavailable where an adequate remedy at law exists.'" (quoting *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x. 611, 613 (2d Cir. 2010) (summary order))), *modified on other grounds*, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); *Harris v. Pfizer Inc.*, 586 F. Supp. 3d 231, 246 (S.D.N.Y. 2022) (unjust enrichment "is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (quotation omitted)); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008) ("[T]his action does not lie as plaintiffs have an adequate remedy at law and therefore this claim was likewise properly dismissed."). |
| **North Carolina** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8 (dismissing North Carolina unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |

| State | Basis/es for Dismissal |
|---|---|
| **North Dakota** | **IPPs have an adequate remedy at law.**<br>*Erickson v. Brown*, 813 N.W.2d 531, 538 (N.D. 2012) ("To recover under a theory of unjust enrichment one must prove five elements . . . [including] an absence of a remedy provided by law." (quotation omitted)). |
| | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing North Dakota unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*Miami Prods.*, 2022 WL 3701159, at *3 ("[T]he Supreme Court of North Dakota has long held that a plaintiff claiming unjust enrichment must show that the defendant 'obtained a benefit at the direct expense of the [plaintiff].'" (quoting *Midland Diesel Serv. v. MDU Res. Grp., Inc.*, 307 N.W.2d 555, 557 (N.D. 1981)). |
| **Oregon** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8 (dismissing Oregon unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*Amos v. Brew Dr. Kombucha, LLC*, 2020 WL 9889190, at *4 n.2 (D. Or. Mar. 23, 2020) ("Oregon law . . . requires the direct conferral of a benefit for an unjust enrichment claim."). |
| **Rhode Island** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 ("Courts in the Second Circuit have recognized that 'an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim.'" (quoting *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018))). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*In re Novartis*, 2019 WL 3841711, at *6–7 (dismissing Rhode Island unjust enrichment claim because plaintiff must "confer a direct benefit on the defendant in order to recover under a theory of unjust enrichment"). |

| State | Basis/es for Dismissal |
| --- | --- |
| **South Carolina** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7–8 (“Courts in the Second Circuit have recognized that ‘an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim.’” (quoting *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018))). |
| | **Unjust enrichment claims circumvent the rule of *Illinois Brick*.**<br>*In re Novartis*, 2019 WL 3841711, at *6 (dismissing South Carolina unjust enrichment claim because “Plaintiffs’ position amounts to an attempt to circumvent *Illinois Brick*”); *Sergeants Benevolent Ass’n Health & Welfare Fund v. Actavis, PLC*, 2018 WL 7197233, at *57 (S.D.N.Y. Dec. 26, 2018) (dismissing South Carolina unjust enrichment claim because South Carolina follows the rule of *Illinois Brick*). |
| | **IPPs did not confer a direct benefit on Defendants.**<br>*Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 872–73 (S.C. 2000) (affirming dismissal of unjust enrichment claim because the defendant did not receive the benefits conferred by plaintiff). |
| | **IPPs have an adequate remedy at law.**<br>*Chase Home Fin., LLC v. Risher*, 746 S.E.2d 471, 475 (S.C. Ct. App. 2013) (“[E]quity is generally only available when a party is without an adequate remedy at law.”) |
| **South Dakota** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing South Dakota unjust enrichment claim because “unjust enrichment claims will rise and fall with its statutory claims”). |
| | **IPPs have an adequate remedy at law.**<br>*Rindal v. Sohler*, 658 N.W.2d 769, 772, 476 (S.D. 2003) (holding that “[a]n essential element to equitable relief is the lack of an adequate remedy at law” and “[u]njust enrichment is an equitable doctrine.”). |
| **Tennessee** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *7–8 (S.D.N.Y. Aug. 15, 2019) (dismissing Tennessee unjust enrichment claim because “unjust enrichment claims will rise and fall with its statutory claims”). |

| State | Basis/es for Dismissal |
| --- | --- |
| | **IPPs failed to exhaust remedies against direct purchasers.** *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525–26 (Tenn. 2005) (holding plaintiff must allege exhaustion of remedies against the direct purchaser and provide more than a "bare allegation" that such efforts would be futile). |
| **Utah** | **Unjust enrichment claims are duplicative.** *In re Novartis*, 2019 WL 3841711, at *7 (dismissing Utah unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs did not confer a direct benefit on Defendants.** *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (N.D. Ill. Apr. 1, 2010) (granting motion to dismiss unjust enrichment claim brought under Utah law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants). |
| | **IPPs have an adequate remedy at law.** *VCS, Inc. v. Utah Cmty. Bank*, 293 P.3d 290, 299 & n.16 (Utah 2012) (explaining that unjust enrichment is "designed to provide an equitable remedy where one does not exist at law such that if a legal remedy is available . . . the law will not imply the equitable remedy of unjust enrichment" (quotation omitted)). |
| **Vermont** | **Unjust enrichment claims are duplicative.** *In re Novartis*, 2019 WL 3841711, at *7 (dismissing Vermont unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs have an adequate remedy at law.** *Mooers v. Middlebury Coll.*, 2024 WL 4519182, at *13 n.10 (D. Vt. Oct. 17, 2024) ("Unjust enrichment is an equitable claim available only when there is no adequate remedy at law."); *Ehlers v. Ben & Jerry's Homemade Inc.*, 2020 WL 2218858, at *9 (D. Vt. May 7, 2020) ("As an equitable remedy, an unjust enrichment claim lies only when there is not an adequate remedy at law on the very subject in question." (citation omitted)). |

| State | Basis/es for Dismissal |
|---|---|
| **West Virginia** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing West Virginia unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"). |
| | **IPPs do not adequately plead unconscionability.**<br>*Wittenberg v. First Indep. Mortg. Co.*, 2011 WL 1357483, at *15 (N.D. W. Va. Apr. 11, 2011) (dismissing plaintiffs' unjust enrichment claims for failure to allege "how the defendants' retention of [a] benefit is both inequitable and unconscionable"). |
| **Wisconsin** | **Unjust enrichment claims are duplicative.**<br>*In re Novartis*, 2019 WL 3841711, at *7 (dismissing Wisconsin unjust enrichment claim because "unjust enrichment claims will rise and fall with its statutory claims"); *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of Wisconsin unjust enrichment claim because it was "derivative of, and predicated upon" a Wisconsin statutory claim). |