GASS TUREK LLC
TRIAL ATTORNEYS

241 N BROADWAY SUITE 300
MILWAUKEE WI 53202
TEL 414 223 3300 FAX 414 224 6116
WWW.GASSTUREK.COM

DAVID J. TUREK
DIRECT DIAL: 414 224-3445
turek@gassturek.com

**VIA ECF**

September 28, 2026

The Honorable William C. Griesbach
United States District Court
Eastern District of Wisconsin
United States Courthouse
125 S. Jefferson Street
Green Bay, WI 54301

*Re:* *In re Fire Apparatus Antitrust Litigation*, 2:26-md-3179-WCG

Dear Judge Griesbach,

We write on behalf of certain Defendants in the above-captioned matter to advise the Court that several state court actions present similar claims, factual allegations, and legal issues as those presented in this multidistrict litigation ("MDL").

In August 2026, seven Louisiana municipalities, who are absent members of the putative classes in the pending consolidated class actions in the MDL, filed petitions in six Louisiana state judicial districts against certain Defendants.[1] Those petitions challenge the same conduct at issue in the MDL, including alleged industry consolidation through acquisitions, alleged coordinated efforts to restrict output, and the alleged exchange of competitively sensitive information. The plaintiffs bring these claims only under Louisiana law, specifically the Louisiana Antitrust Act (La. R.S. 51:122), the Louisiana Anti-Monopolization Act (La. R.S. 51:123), and the Louisiana Unfair Trade Practices Act (La. R.S. 51:1401 *et seq.*). The actions are:

[1] Each petition names Ferrara Fire Apparatus, Inc., Oshkosh Corporation, Pierce Manufacturing, Inc., REV Group, Inc., Rosenbauer America, LLC, and Fire Apparatus Manufacturers Association as Defendants. The City of Monroe action also names E-ONE, Inc as a Defendant.

- *City of Baton Rouge v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-782740 (19th JDC, Div. D, E. Baton Rouge Parish filed Aug. 10, 2026) (Jorden, J.);

- *City of Lafayette v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-20265337 (15th JDC, Div. F, Lafayette Parish filed Aug. 12, 2026) (Smith, J.);

- *City of Lake Charles v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-20263574 (14th JDC, Calcasieu Parish filed Aug. 13, 2026) (Holmes, J.);

- *City of Monroe v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-20263132 (4th JDC, Div. J, Ouachita Parish filed Aug. 14, 2026) (Williams, J.);

- *City of Shreveport v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-665846 (1st JDC, Div. H, Caddo Parish filed Aug. 14, 2026) (O'Callaghan, J.);

- *City of New Orleans v. Ferrara Fire Apparatus, Inc., et al.*, Case No. C-20267647 (Orleans CDC, Div. I, Orleans Parish filed Aug. 20, 2026) (Jupiter, J.); and

- *St. George Fire Protection District No. 2* v. *Ferrara Fire Apparatus, Inc., et al.*, Case No. C-783365 (19th JDC, Div. O, E. Baton Rouge Parish filed Aug. 21, 2026) (Jones, J.).[2]

Additionally, on September 4, 2026, the City of Los Angeles—another absent member of the putative classes asserted in the MDL cases—filed a complaint in Los Angeles Superior Court against certain Defendants.[3] *City of Los Angeles et al. v. Rev Group, LLC, et al.*, Case No. 26-ST-CV-28342 (Super. Ct. L.A. County) (Highberger, J.). Like the Louisiana petitions, the complaint primarily challenges the same conduct at issue in the MDL cases under only state law, namely California's Cartwright Act (Cal. Bus. & Prof. Code §§ 16720, 16727) and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

Defendants in the MDL also named in these related state-court proceedings respectfully bring them to the Court's attention so that the Court may initiate informal coordination where appropriate. Such coordination can help avoid inconsistent rulings and duplicative efforts that centralization through the MDL process is designed to prevent. *See, e.g.*, Letter from the Hon. Donovan W. Frank to State Court Judges, *In re: Change*

[2] Defendants will move to consolidate this action with the City of Baton Rouge's action before Judge Jorden.

[3] The complaint names REV Group, LLC, Terex Corporation, E-ONE, Inc., Kovatch Mobile Equipment Corp., Ferrara Fire Apparatus, Inc., Spartan Fire, LLC, Pierce Manufacturing, Inc., Maxi-Metal, Inc., Boise Mobile Equipment, Inc., BME Fire Trucks, LLC, Rosenbauer America, LLC, Rosenbauer Minnesota, LLC, Rosenbauer South Dakota, LLC, and Fire Apparatus Manufacturers' Association as Defendants, in addition to other defendants that are not Defendants in this MDL.

*Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-md-03108-DWF-DJF (D. Minn. Oct. 2, 2024), Doc. 85 (letter sent by MDL court to state court judges encouraging coordination "to minimize . . . conflicting orders concerning document production, document preservation, protective orders, discovery deadlines, protocols for electronic document production, and scheduling of depositions and deposition protocol"); Coordination Order, *In re: Paraquat Prods. Liab. Litig.*, No. 3:21-md-03004-NJR (S.D. Ill. Oct. 26, 2021), Doc. 462 (coordination order issued by MDL court regarding discovery, pretrial scheduling, and coordination among counsel in federal and state proceedings); Coordination Order, *In re Syngenta AG MIR162 Corn Litig.*, No. 2:14-md-02591-JWL-JPO (D. Kan. Oct. 21, 2015), Doc. 1099 (coordination order issued by MDL court to "minimize undue duplication of discovery and undue burden on courts, parties, and non-parties" in light of parallel state actions); *see also* Manual for Complex Litigation §§ 20.32, 21.32 (4th ed. 2004) (describing methods of "discovery coordination" and endorsing coordination between federal class actions and state court suits "to avoid undue burden, expense, and conflict").

Defendants are available at the Court's convenience to provide any additional information.

Respectfully submitted,

David J. Turek
*Counsel for Rosenbauer America, LLC, Rosenbauer Minnesota, LLC, and Rosenbauer South Dakota, LLC*

cc: All counsel of record via ECF