**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

**DECLARATION OF MICHAEL S. SMITH IN SUPPORT OF CLASS PLAINTIFFS' JOINT MOTION TO CLARIFY JULY 13, 2026 ORDER AS APPLYING TO ALL COUNSEL SOLICITING CLIENTS AS PLAINTIFFS AND CERTIFYING CONFERRAL**

I, Michael S. Smith, hereby declare and state as follows:

1. I am a partner at Preti, Flaherty, Beliveau & Pachios, LLP ("Preti"), and a member in good standing of, among others, the bar of this Court. The matters described in this declaration are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

2. My firm is one of the court appointed interim co-lead counsel for the direct purchaser plaintiff class.

3. On July 13, 2026, this Court issued an order holding that marketing materials of Simonsen Sussman, LLP and Baron & Budd, P.C., and their agents, which were aimed at soliciting municipalities to file individual cases in this action, were "incomplete" and "potentially misleading." ECF No. 126 (the "Solicitation Order"). The Court granted Class Plaintiffs' motion to send a curative communication. Id. The Court further held that "[t]o prevent any ongoing or future harm to absent putative direct purchaser class plaintiffs from the incomplete, potentially misleading brochure, or any other solicitation communication," further solicitation efforts "must be amended to include, or accompanied by writing containing" specific language concerning the class actions. *See* id. at 6. Shortly thereafter, Simonsen Sussman and

Baron & Budd produced the required list of roughly 5,000 solicited individuals and entities, and the curative communication was transmitted in compliance with the Court's order.

4. After the Court issued the Solicitation Order, two law firms (Jinks Crow, PC and Prince Glover Hayes) that are co-counsel with Simonsen Sussman and Baron & Budd continued solicitation efforts that do not appear to have conveyed information about the pending class actions required by the Solicitation Order. Namely, they hosted a booth and made a presentation during a firefighting and fire apparatus industry tradeshow. Class Plaintiffs became aware of the solicitation efforts by Jinks Crow and Prince Glover Hayes—co-counsel to Simonsen Sussman and Baron & Budd in the City of Tuscaloosa action, 1:26-cv-01119—through a letter that Defendants sent to Simonsen Sussman and Baron & Budd after certain representatives of Defendants observed the booth firsthand at the Tennessee Fire Chief's Association conference and trade show in early August. *See*, Ex. 1, [Aug. 14 Letter from Defendants]. According to Defendants' letter and pictures attached to it, the marketing materials at the booth did not include the information the Court required when soliciting plaintiffs for this action. *Id.* at ¶ 3.

5. After receiving Defendants' letter, Plaintiffs sent an email to Simonsen Sussman and Baron & Budd, asking them to confirm whether Defendants' report was accurate, and if so to "please disclose the full extent of your communications and solicitations, and promptly cease and desist all such communications/solicitations." *See* Ex. 2. In their response to Defendants' letter, Simonsen Sussman and Baron & Budd disclaimed responsibility for or knowledge of these efforts. Further, they characterized Jinks Crow and Prince Glover Hayes—their co-counsel of record—as "third-parties" who are not their agents, and stated that any information about the ongoing efforts and compliance with the Court's order would need to be gathered from "those third-party firms directly." *See* Ex. 3.

6. Class Plaintiffs' counsel then tried to resolve the issue with Jinks Crow. *See* Ex. 4. Jinks Crow stated that it and Prince Glover Hayes "do not believe we are subject to . . . the Court's Order." *See* Ex. 5. Class Plaintiffs then requested a meet and confer, which took place on September 22, 2026. During that conference, Class Plaintiffs informed Jinks Crow that Class Plaintiffs were preparing to file this motion and Jinks Crow again confirmed that it did not believe that the Solicitation Order applied to Jinks Crow or Prince Glover Hayes.

7. Class Plaintiffs also asked Jinks Crow to provide the slide deck that one of its partners had presented at the Tennessee trade show, a presentation that—according to publicly available sources—was entitled "Overview of Overpriced Fire Truck Litigation." *See* Tennessee Fire Chiefs Association Facebook post: https://www.facebook.com/photo/?fbid=1481953553959922&set=tfca-speaker-christy-crow-managing-attorney-jinks-crow-firm-presents-overview-of Jinks Crow stated that it would consult with its co-counsel about that request.

8. On September 24, 2026, Jinks Crow stated that it was declining to produce the complete slide deck and instead produced just two of the slides. Jinks Crow claimed that the balance of the slides—of a public presentation to an audience that appears to have included representatives of the defendants in this litigation—was "work product." *See* Ex. 6. Jinks Crow has not responded to two requests for an explanation of how a publicly made presentation to potential clients could possibly be work product or for confirmation of any alternative basis as to why Jinks Crow was refusing to provide the rest of the presentation. *See* Ex. 7.

I declare under penalty of perjury under law that the foregoing is true and correct.

Date: September 30, 2026

*/s/ Michael S. Smith*
Michael S. Smith