UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | Case No. 2:26-md-3179-WCG<br><br>Hon. William C. Griesbach<br><br>**NON-CLASS ACTION PLAINTIFFS' OPPOSITION TO OSHKOSH DEFENDANTS' MOTION TO DISMISS (ECF NO. 167)** |

*This Document Relates To: Non-Class Action Plaintiff Track*

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Los Angeles County Counsel; COUNTY OF LOS ANGELES; CONSOLIDATED FIRE PROTECTION DISTRICT OF LOS ANGELES COUNTY,<br><br>*Plaintiffs*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants.* | Case No. 2:26-cv-00632-WCG |
| PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Office of County Counsel, County of San Diego; COUNTY OF SAN DIEGO; SAN DIEGO COUNTY FIRE PROTECTION DISTRICT,<br><br>*Plaintiffs*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants.* | Case No. 2:26-cv-00635-WCG |

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Diego City Attorney's Office; and THE CITY OF SAN DIEGO,<br><br>*Plaintiffs*,<br><br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00729-WCG |
| EBBETTS PASS FIRE PROTECTION DISTRICT,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00633-WCG |
| CITY OF SANTA BARBARA,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00634-WCG |
| COUNTY OF BUTTE,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00727-WCG |

| | |
|---|---|
| COUNTY OF SHASTA,<br>*Plaintiff*,<br>v.<br>REV GROUP, INC., et al.,<br>*Defendants*. | Case No. 2:26-cv-00728-WCG |
| CITY OF OAKLAND,<br>*Plaintiff*,<br>v.<br>REV GROUP, INC., et al.,<br>*Defendants*. | Case No. 2:26-cv-00810-WCG |
| CITY OF SANTA CLARA,<br>*Plaintiff*,<br>v.<br>REV GROUP, INC., et al.,<br>*Defendants*. | Case No. 2:26-cv-00891-WCG |
| UNIFIED FIRE AUTHORITY,<br>*Plaintiff*,<br>v.<br>REV GROUP, INC., et al.,<br>*Defendants*. | Case No. 2:26-cv-00684-WCG |

| | |
|---|---|
| CITY OF HARTFORD,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00731-WCG |
| CITY OF PORTLAND, OREGON,<br><br>*Plaintiff*,<br><br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00732-WCG |
| CITY OF ALLENTOWN,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00811-WCG |
| CITY OF PORTSMOUTH,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00737-WCG |
| CITY OF GREEN BAY,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00819-WCG |

| | |
|---|---|
| CITY OF YONKERS,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00974-WCG |
| CITY OF TUCSON,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-00972-WCG |
| CITY OF EMERYVILLE,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01030-WCG |
| CITY OF ALBUQUERQUE,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01031-WCG |
| CITY OF TEMPE,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01098-WCG |

| | |
|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, INC., et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01099-WCG |
| CITY OF DES MOINES,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01104-WCG |
| CITY OF TACOMA,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01106-WCG |
| CITY OF TUSCALOOSA,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01119-WCG |
| CITY OF TAMPA,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01120-WCG |

| | |
|---|---|
| TOWN OF GILBERT,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01253-WCG |
| CITY OF OXNARD,<br><br>*Plaintiff*,<br>v.<br><br>REV GROUP, LLC, et al.,<br><br>*Defendants*. | Case No. 2:26-cv-01254-WCG |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

DEFENDANTS' ENTITY-SPECIFIC ARGUMENTS DO NOT WARRANT DISMISSAL ..... 1

I. Oshkosh Is a Proper Defendant to the BME Acquisition Claims ..... 4

II. Oshkosh Is a Proper Defendant to the Pierce Replacement Parts Claims ..... 6

III. Pierce Is a Proper Defendant to the Maxi-Métal Acquisition Claims ..... 7

IV. Maxi-Métal Is a Proper Defendant to the Acquisition Claims ..... 8

V. NCAPs Properly Allege a Series of Acquisitions Evaluated Together ..... 9

VI. The Oshkosh Defendants Are Proper Parties to the State-Law Claims ..... 10

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Arandell Corp. v. CenterPoint Energy Servs., Inc.*,
900 F.3d 623 (9th Cir. 2018) ........ 2

*Brown Shoe Co. v. United States*,
370 U.S. 294 (1962) ........ 3, 10

*California v. Am. Stores Co.*,
495 U.S. 271 (1990) ........ 8

*Cmty. Publishers, Inc. v. Donrey Corp.*,
882 F. Supp. 138 (W.D. Ark. 1995) ........ 3, 4, 7

*Copperweld Corp. v. Indep. Tube Corp.*,
467 U.S. 752 (1984) ........ 1, 2

*DeHoog v. Anheuser-Busch InBev SA/NV*,
2016 U.S. Dist. LEXIS 137759 (D. Or. July 22, 2016) ........ 9

*Geneva Pharms. Tech. Corp. v. Barr Lab'ys. Inc.*,
386 F.3d 485 (2d Cir. 2004) ........ 4

*In re Dealer Mgmt. Sys. Antitrust Litig.*,
2018 U.S. Dist. LEXIS 214398 (N.D. Ill. Oct. 22, 2018) ........ 3

*In re Juul Labs, Inc., Antitrust Litig.*,
555 F. Supp. 3d 932 (N.D. Cal. 2021) ........ 8

*In re Outpatient Med. Ctr. Emp. Antitrust Litig.*,
630 F. Supp. 3d 968 (N.D. Ill. 2022) ........ 4, 6

*In re Zinc Antitrust Litig.*,
2016 U.S. Dist. LEXIS 73192 (S.D.N.Y. June 6, 2016) ........ 3, 9

*Jim Walter Corp. v. FTC*,
625 F.2d 676 (5th Cir. 1980) ........ 3

*L. V. Sun v. Adelson*,
2020 U.S. Dist. LEXIS 222996 (D. Nev. Nov. 30, 2020) ........ 3

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*,
847 F.3d 1221 (10th Cir. 2017) ........ 2, 8, 9

*Mr. Frank, Inc. v. Waste Mgmt., Inc.*,
591 F. Supp. 859 (N.D. Ill. 1984) ........ 3

*Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*,
311 F. Supp. 2d 1048 (D. Colo. 2004) .......... 4, 6

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
801 F.3d 412 (4th Cir. 2015) .......... 5

*Taylor v. Salvation Army Nat'l Corp.*,
110 F.4th 1017 (7th Cir. 2024) .......... 8

*Unigestion Holding, S.A. v. UPM Tech., Inc.*,
305 F. Supp. 3d 1134 (D. Or. 2018) .......... 3

*United States v. Bestfoods*,
524 U.S. 51 (1998) .......... 6

*United States v. Coca-Cola Bottling Co. of L.A.*,
575 F.2d 222 (9th Cir. 1978) .......... 8

*United States v. Pabst Brewing Co.*,
183 F. Supp. 220 (E.D. Wis. 1960) .......... 8

*United States v. Phila. Nat'l Bank*,
374 U.S. 321 (1963) .......... 3

*United States v. Rockford Mem'l Corp.*,
898 F.2d 1278 (7th Cir. 1990) .......... 8

**Statutes**

Clayton Act § 7,
15 U.S.C. § 18 .......... 1, 2, 3, 4

Sherman Act § 1,
15 U.S.C. § 1 .......... 8

**Other Authorities**

H.R. Rep. No. 1191, 81st Cong., 1st Sess. 8-9 (1949) .......... 3, 4

## INTRODUCTION

The Complaints allege that Oshkosh, Pierce, and Maxi-Métal used illegal acquisitions and restrictive agreements to eliminate independent competition and extend their market power in the Fire Apparatus and replacement parts markets. Through the BME combination, Oshkosh and Pierce coordinated formerly independent competitive decisions and enabled BME to monopolize the Wildland Fire Apparatus market, with Oshkosh and Pierce taking a cut. Through the Maxi-Métal acquisition, Oshkosh, Pierce, and Maxi-Métal eliminated competition between Pierce and Maxi-Métal. And Oshkosh and Pierce used supplier and dealer agreements to exclude competing replacement parts and protect proprietary sales.

Defendants' formalistic, entity-by-entity arguments are a transparent attempt to evade antitrust liability. By hiding behind empty distinctions regarding which corporate entity formally acquired stock or signed a contract, Defendants ignore both the plain text and core remedial purpose of the antitrust laws and the concrete anticompetitive acts each entity committed. Clayton Act § 7 expressly reaches acquisitions made "directly or indirectly." And the law permits assessment of an enterprise's collective monopolizing conduct. Defendants cannot escape accountability merely by asserting that Pierce technically acquired the BME interest, Oshkosh acquired Maxi-Métal, and Pierce formally executed the replacement parts agreements. The Complaints comprehensively and plausibly establish that each Defendant-family engaged in unified conduct for which each member is liable.

## DEFENDANTS' ENTITY-SPECIFIC ARGUMENTS DO NOT WARRANT DISMISSAL

Courts recognize three related bases for holding affiliated entities and controlling owners liable under the antitrust laws. Under the single-enterprise theory derived from the Supreme Court's decision in *Copperweld Corp. v. Indep. Tube Corp.*, an affiliate or controlling owner that

participates in the enterprise's monopolizing conduct may be held liable under § 2. 467 U.S. 752 (1984). The Clayton Act reaches any person that makes an anticompetitive acquisition "directly or indirectly," including an indirect acquirer acting through a subsidiary or affiliate. 15 U.S.C. § 18. And under a direct liability theory, an entity that directs, controls, or encourages its subsidiary's or affiliate's anticompetitive conduct may be directly liable for its own conduct. None of these bases for liability requires veil piercing, a separate theory of derivative liability on which NCAPs do not rely. *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1237 (10th Cir. 2017) (distinguishing veil-piercing and alter-ego theories).

*First*, the single-enterprise theory examines the coordinated conduct of entities that constitute a single economic enterprise in the aggregate. In *Copperweld*, the Supreme Court held that a parent and wholly owned subsidiary have a "complete unity of interest" and cannot conspire with each other under Sherman Act § 1. 467 U.S. at 771. The resulting enterprise nevertheless necessarily remains "fully subject to § 2." *Id.* at 777. Applying that principle, the Tenth Circuit in *Lenox MacLaren* held that participating affiliates need not each independently satisfy every element of a monopolization or attempted monopolization claim. 847 F.3d at 1236-37. Rather, only the enterprise's collective conduct must satisfy those elements.

Although *Lenox MacLaren* left the precise degree of required participation unresolved, *id.* at 1238-39, *Arandell Corp. v. CenterPoint Energy Servs., Inc.* illustrates that participation may consist of commercial activities that implement or benefit from the scheme, even where the affiliate does not direct or control another affiliate's conduct. 900 F.3d 623, 634-35 (9th Cir. 2018). In *Arandell*, for example, evidence that a subsidiary sold gas at prices manipulated by other members of the enterprise and distributed the proceeds to its parent created a triable issue of the subsidiary's participation in the interenterprise conspiracy. *Id*. Courts have likewise

sustained § 2 claims against affiliates that implemented the enterprise's challenged conduct. *See, e.g.*, *In re Zinc Antitrust Litig.*, 2016 U.S. Dist. LEXIS 73192, *81-83 (S.D.N.Y. June 6, 2016) (sustaining § 2 claims against a warehousing affiliate based on its own alleged role in manipulating zinc releases and prices).[1]

*Second*, § 7 prohibits acquisitions of stock "directly or *indirectly*," where the effect "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. § 18 (emphasis added); *see United States v. Phila. Nat'l Bank*, 374 U.S. 321, 346 (1963) ("It forbids not only direct acquisitions but also indirect acquisitions . . . ." (quoting H.R. Rep. No. 1191, 81st Cong., 1st Sess. 8-9 (1949))). The text and legislative history leave no room for formalistic evasions such as those floated by Defendants, as the House Committee Report is explicit on this point: An acquisition executed by a parent, subsidiary, or sister firm is fully covered by § 7 if the acquisition by the affiliate would itself come within the terms of the statute, ensuring that corporations cannot weaponize complex organizational structures to shield anticompetitive consolidation from antitrust scrutiny. *See Jim Walter Corp. v. FTC*, 625 F.2d 676, 680 (5th Cir. 1980).[2] "[P]arent/subsidiary relationships, or any other corporate structure, ought not preclude

[1] *See, e.g.*, *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2018 U.S. Dist. LEXIS 214398, *50-57 (N.D. Ill. Oct. 22, 2018) (single-enterprise theory applied to parents' joint venture), *L.V. Sun v. Adelson*, 2020 U.S. Dist. LEXIS 222996, *29-33 (D. Nev. Nov. 30, 2020) (single-enterprise theory applied to individuals who owned or managed a corporate defendant); *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1145-46 (D. Or. 2018) (single-enterprise theory applied to sister corporation).

[2] *See Jim Walter Corp.*, 625 F.2d at 680 ("It is illogical to suggest that Congress directed section 7 'primarily at the development of holding companies,' . . . but chose a jurisdictional scheme in which holding companies could not be defendants." (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 314 (1962)); *Cmty. Publishers, Inc. v. Donrey Corp.*, 882 F. Supp. 138, 140 (W.D. Ark. 1995) ("[T]he term 'indirectly' must be broadly interpreted, lest persons and firms manipulate corporate structures in order to avoid the appearance of direct acquisition."); *Mr. Frank, Inc. v. Waste Mgmt., Inc.*, 591 F. Supp. 859, 866 (N.D. Ill. 1984) ("The economic significance of the relationship, rather than its size or form, is the relevant inquiry.").

application of the Clayton Act § 7 to any entity that had an active role in an [unlawful] acquisition." *Geneva Pharms. Tech. Corp. v. Barr Lab'ys, Inc.*, 386 F.3d 485, 510 (2d Cir. 2004).

*Third*, direct liability reflects the commonsense proposition that a parent cannot "escape antitrust liability by hiding behind its separate incorporation" when it "direct[s] and require[s] anticompetitive conduct of its subsidiaries." *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1069-70 (D. Colo. 2004); *see In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 630 F. Supp. 3d 968, 991 (N.D. Ill. 2022) (recognizing that a parent's direct involvement can be established where it "directed, controlled, or encouraged its subsidiary's participation in the scheme"). As explained below, the Complaints plausibly allege each of these bases for liability against the relevant Defendants.

## I. Oshkosh Is a Proper Defendant to the BME Acquisition Claims

Oshkosh argues that the claims arising from the BME acquisition should be dismissed against it because Pierce, not Oshkosh, formally acquired the 25% interest in BME Fire Trucks. Br. at 6-7. With respect to NCAPs' § 7 claims, that argument fails on the statute's text. Section 7 bars any person from acquiring stock "directly or indirectly" where "the effect of such acquisition may be substantially to lessen competition." 15 U.S.C. § 18. Congress explicitly used that language to reach acquisitions made "through a subsidiary or an affiliate or otherwise." *Cmty. Publishers*, 882 F. Supp. at 140 (quoting H.R. Rep. No. 81-1191, at 9 (1949)). In *Cmty. Publishers*, the court denied summary judgment in light of overlapping ownership, the defendant's substantial involvement in the purchase, and evidence that the affiliate's purchase substituted for its own. *Id.* at 139-40. Here, Pierce is Oshkosh's wholly owned subsidiary, and the Complaints allege that Oshkosh "controlled, directed, dictated, and encouraged" Pierce's conduct and "directly and actively participated in" the acquisition. NCAP CAC (ECF No. 53) ("CAC")

¶ 480; *see also* Ex. 1. Those allegations, supported by the facts below, plausibly plead that Oshkosh indirectly acquired the BME interest through Pierce.

The Sherman Act claims likewise do not turn on which corporation formally holds the BME interest. For attempted monopolization under § 2, the Complaints allege that Oshkosh and Pierce participated in the enterprise's BME combination; Oshkosh need not have acquired the stock or performed every act undertaken by Pierce. CAC ¶¶ 480, 660. Oshkosh's alleged direction and encouragement of Pierce's conduct also support direct liability. For the conspiracy claims under § 1 and § 2, the alleged conspiracy involves the independent BME Defendants—not a conspiracy between Oshkosh and Pierce alone. *Id.* ¶¶ 280-81, 841, 849-51.

These allegations are not merely formulaic. Oshkosh itself told investors that the combination enabled collaboration in the Wildland market where the firms had competed, and NCAPs identify Oshkosh as a participant in the announced partnership and ongoing coordination. *Id.* ¶¶ 135, 851. The combination made Pierce BME's exclusive distributor and enabled Pierce and Oshkosh to influence BME's pricing, R&D, capacity, and marketing. *Id.* ¶¶ 280-81, 322-23. NCAPs also allege post-transaction R&D collaboration and a concrete pricing episode: after BME raised its price by more than $30,000 per unit, a municipality seeking an alternative received a Pierce quote exceeding $500,000. *Id.* ¶¶ 283, 306.

Defendants' authorities do not undermine these allegations. In *SD3, LLC v. Black & Decker (U.S.) Inc.*, a § 1 case, the complaint made no factual allegations against several corporate parents and instead alleged only that their subsidiaries were "dominated by" and were the parents' "alter ego[s]." 801 F.3d 412, 422-23 (4th Cir. 2015). Here, Oshkosh's own statements about collaboration and its alleged participation in the partnership and ongoing coordination supply the factual connection missing in *SD3*. CAC ¶¶ 135, 851. *Outpatient Med.*

*Ctr.* likewise dismissed a parent for lack of facts connecting it to the conspiracy; the court recognized direct liability where the parent "directed, controlled, or encouraged" its subsidiary's participation. 630 F. Supp. 3d at 991. And *United States v. Bestfoods* distinguishes mere ownership from direct liability for the parent's own conduct. 524 U.S. 51, 61, 64-65 (1998).

## II. Oshkosh Is a Proper Defendant to the Pierce Replacement Parts Claims

Oshkosh argues the replacement parts claims against it fail because Pierce alone formally executed the agreements. Br. at 7. But the Complaints detail Oshkosh's direct participation in the restraints. CAC ¶¶ 340-41. Oshkosh *manufactures the replacement parts*, *id*. ¶ 348, bolsters Pierce with its "technological and financial strength in sourcing," *id*. ¶ 342, touted aftermarket growth, and worked with Pierce to exclude competing parts via supplier arrangements. *Id*. ¶ 357. NCAPs allege Oshkosh "controlled, directed, dictated, and encouraged" the agreements and "directly and actively participated" in enforcing the exclusive-dealing restrictions. *Id*. ¶¶ 965, 967, 973. These restrictions forced dealers and suppliers to sell only Pierce proprietary parts, reject competitors, and void warranties if customers used competing parts. *Id*. ¶ 967.

The § 2 and Clayton Act § 3 claims allege Oshkosh's specific intent for Pierce to maintain monopoly power, and its active direction of the exclusive-dealing conspiracy through overt acts. *Id.* ¶¶ 965-67, 973. Read together, Oshkosh's manufacturing of the parts and active participation in the sales arrangements support that it helped impose and enforce these anticompetitive conditions. *Id*. ¶¶ 348, 967, 973. Pierce's mere execution of the agreements does not shield Oshkosh from liability. *See Nobody in Particular Presents*, 311 F. Supp. 2d at 1069-70 (recognizing direct liability where parent controls, directs, or encourages subsidiary's conduct). Presumably had NCAPs asserted a Sherman Act restraint-of-trade claim against Oshkosh and Pierce based on both corporations' undisputedly coordinated activity on Pierce parts, Defendants

would have raised the *Copperweld* single-entity defense. They cannot have it both ways. Either they are separate economic enterprises liable for a combination in restraint of trade, or they are a single entity such that the enterprise as a whole is liable for their collective acts.

### III. Pierce Is a Proper Defendant to the Maxi-Métal Acquisition Claims

Pierce argues that the claims fail against it because Oshkosh formally acquired Maxi-Métal and the Complaints do not adequately allege Pierce's involvement in the acquisition. Br. at 8. But Maxi-Métal was allegedly expanding in the United States and posed a competitive threat to Pierce, which knew that threat firsthand. CAC ¶¶ 278-79, 319-20. After the acquisition, Maxi-Métal was owned by Oshkosh but controlled by both Oshkosh and Pierce. *Id.* ¶ 321. Indeed, Maxi-Métal could not possibly sell Custom Pumpers in the United States without Pierce's active involvement—it is Pierce's dealer network, which Pierce controls, and which is worth $16.9 million to the Oshkosh Defendants, through which Maxi-Métal's apparatuses are sold. *Id.* ¶¶ 160, 162, 181. These facts support the express allegation that Pierce "directly and actively participated in," and "controlled, directed, dictated, and encouraged," the acquisition-related conduct. *Id.* ¶ 481. Pierce's alleged role in bringing about the acquisition and resulting control over the acquired competitor plausibly support its liability as an indirect acquirer. *See Cmty. Publishers*, 882 F. Supp. at 139-40; *Geneva Pharms.*, 386 F.3d at 510.[3]

NCAPs' claims against Pierce likewise rest on the collective conduct of Oshkosh and Pierce as a single enterprise. Pierce need not independently satisfy every element of attempted

[3] Pierce's preexisting partnership with Maxi-Métal does not negate the competitive threat. *Contra* Br. at 8. The Complaints allege that, despite using Pierce chassis and its dealer network, Maxi-Métal was expanding its U.S. business at Pierce's expense. CAC ¶¶ 277-79, 320. Maxi-Métal's growing competitive position, Pierce's firsthand knowledge of that threat, and Pierce's alleged control after the acquisition give factual support to the express allegation of Pierce's participation. *Id.* ¶¶ 279, 320-21, 481.

monopolization, provided it participated in the enterprise's scheme, which NCAPs allege. *See Lenox MacLaren*, 847 F.3d at 1236-37; CAC ¶¶ 277-79, 320-21, 481.

### IV. Maxi-Métal Is a Proper Defendant to the Acquisition Claims

Maxi-Métal is a proper defendant to the § 7 claim for several reasons. First, NCAPs seek to undo the completed acquisition and restore Maxi-Métal as an independent competitor. *Id.* ¶¶ 279, 1098(c); *see California v. Am. Stores Co.*, 495 U.S. 271, 281-82 (1990). In *United States v. Pabst Brewing Co.*, this Court refused to dismiss the seller of the acquired business and its parent, because relief might be necessary against them even if they did not themselves violate § 7. 183 F. Supp. 220, 221-22 (E.D. Wis. 1960); *see also In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 965 (N.D. Cal. 2021) (retaining the acquired company as a defendant in light of requested injunctive relief undoing the challenged agreement). Defendants cite *United States v. Coca-Cola Bottling Co. of L.A.*, but that case likewise recognizes that equitable relief may reach nonviolating parties when necessary to remedy an unlawful acquisition. 575 F.2d 222, 230 (9th Cir. 1978). Because NCAPs' requested relief concerns Maxi-Métal's ownership and competitive operations, Maxi-Métal is a proper defendant. Moreover, as Defendants concede, "transactions challenged under Section 1 should be evaluated by the same substantive standards as those applied under Section 7 of the Clayton Act." Joint MTD NCAP Compl. at 37 (quotation marks omitted); *see* 15 U.S.C. § 1 ("combination . . . in restraint of trade" illegal); *see United States v. Rockford Mem'l Corp.*, 898 F.2d 1278, 1281 (7th Cir. 1990). Yet Defendants cannot dispute that *both* parties to an unlawful § 1 combination are equally liable.[4]

[4] Alternatively, if Maxi-Métal were not liable under § 7 as a seller, the Court should not dismiss that claim against it, but rather construe that claim as a § 1 claim. *See Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028-29 n.23 (7th Cir. 2024)). Already, NCAPs have pled counts for violations of state-law analogues to § 1. *See* App. A, col. F.

The *DeHoog* decision recognizes this remedial basis for retaining a seller when rescission or divestiture is sought. There, the court recommended dismissing the seller because the acquisition had not yet been consummated and would not transfer the seller's U.S. assets to the acquirer. *DeHoog v. Anheuser-Busch InBev SA/NV*, 2016 U.S. Dist. LEXIS 137759, *18-19 (D. Or. July 22, 2016). Here, the acquisition is complete, and it eliminated Maxi-Métal's independent competitive expansion in U.S. markets. CAC ¶¶ 278-79, 320-21, 1098(c).

Second, NCAPs' § 7 and § 2 attempted monopolization claims against Maxi-Métal rest on its own alleged participation and are not "based solely on its role as the acquired company." Br. at 8. After the acquisition, Maxi-Métal coordinated its sales with Oshkosh's subsidiary, Pierce, through Pierce's dealer network, and the two former competitors ceased actively competing. CAC ¶ 321. The acquisition enabled that lessening of competition in which Maxi-Métal participated. These alleged facts support the allegation that all the Oshkosh Defendants—including Maxi-Métal— implemented the challenged combinations with specific intent to monopolize the relevant markets. *Id.* ¶¶ 79, 664. Read together, those allegations support that Maxi-Métal participated in implementing the enterprise's scheme by curtailing its own competitive expansion under Oshkosh's and Pierce's control. *Id.* ¶ 321; *see Lenox MacLaren*, 847 F.3d at 1236-37; *Zinc*, 2016 U.S. Dist. LEXIS 73192, *80-83.[5]

## V. NCAPs Properly Allege a Series of Acquisitions Evaluated Together

Oshkosh cites no authority for its contention that NCAPs cannot evaluate the Maxi-Métal and BME acquisitions together merely because Oshkosh formally made one acquisition and its

[5] NCAPs also seek to enjoin the threatened expansion of the parts restraints to Maxi-Métal apparatuses. CAC ¶¶ 375, 965, 970, 973, 976. The detailed allegations of existing restraints and Oshkosh's and Pierce's control of Maxi-Métal support the plausibility of that threatened extension. *Id.* ¶¶ 321, 340-75.

subsidiary Pierce made the other. Br. at 10. Congress intended § 7 to reach the cumulative anticompetitive effects of successive acquisitions. See *Brown Shoe*, 370 U.S. at 318 n.32, 333-34 (discussing Congress's concern with the cumulative effect of successive acquisitions and evaluating the challenged merger in that context).[6] As detailed in Sections I and III, the Complaints establish Oshkosh's participation in the BME combination and Pierce's participation in the Maxi-Métal acquisition. CAC ¶¶ 135-36, 279, 320-23, 480-81, 851; *see id*. ¶¶ 660-61.

The Complaints also explain why the two acquisitions together entrench Pierce's Fire Apparatus market dominance. The post-acquisition enterprise controls over 30% of the Fire Apparatus market. CAC ¶ 301. With these acquisitions, Pierce eliminated two competitive threats in this market, allowing it to avoid the need to invest in developing its own full line of apparatuses and to neutralize price competition from both BME and Maxi-Métal. *Id*. ¶¶ 324, 482, 662. Oshkosh is thus wrong that the Complaints ignore the acquisitions' combined effect.

## VI. The Oshkosh Defendants Are Proper Parties to the State-Law Claims

The Oshkosh Defendants argue in a single sentence that their state-law liability "fall[s] with" their federal antitrust liability. Br. at 10. However, they cite no authority analyzing entity-specific liability under the relevant state laws. This is insufficient to raise any additional entity-specific state-law argument, which the Court should therefore deem waived. Regardless, as discussed above, NCAPs have adequately alleged the Oshkosh Defendants' liability—including Maxi-Métal's as a party to an illegal combination under Sherman Act § 1 state-law analogues. *See supra*, p. 8 & n.4; App. A, col. F.

## CONCLUSION

The Court should deny the Oshkosh Defendants' Motion.

---

[6] See NCAP Opp. to Joint MTD NCAP Compl. at pp. 23-44, which NCAPs hereby incorporate.

Dated October 16, 2026

Respectfully Submitted,

By: /s/ Catherine S. Simonsen

Catherine S. Simonsen (CA SBN 307325)
Thomas G. Mattes (CA SBN 355010)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com
E-mail: thomas.mattes@simonsensussman.com

Shaoul Sussman (NY SBN 5820782)
Nico Gurian (NY SBN 5590591)
Nathan Soderstrom (NY SBN 4718847)
Braden Fain (NY SBN 6198287)
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: shaoul@simonsensussman.com
Email: nico.gurian@simonsensussman.com
Email: nathan@simonsensumssman.com
Email: braden.fain@simonsensussman.com

Nicolas A. Stebinger (DC SBN 984080)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com

Jason J. Julius (CA SBN 249036)
Lindsay R. Stevens (CA SBN 256811)
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jjulius@baronbudd.com
Email: lstevens@baronbudd.com

*Lead Counsel for Non-Class Action Plaintiffs People of the State of California, acting by and through the Los Angeles County Counsel, County of Los Angeles, and Consolidated Fire Protection District of Los Angeles County; People of the State of California, acting by and through the Office of County Counsel, County of San Diego, County of San Diego, and San Diego County Fire Protection District; People of the State of California, acting by and through the San Diego City Attorney's Office, and City of San Diego; Ebbetts Pass Fire Protection District; City of Santa Barbara; County of Butte; County of Shasta; City of Oakland; City of Santa Clara; Unified Fire Authority; City of Hartford; City of Portland, Oregon; City of Allentown; City of Portsmouth; City of Green Bay; City of Yonkers; City of Tucson; City of Emeryville; City of Albuquerque; City of Tempe; Mayor & City Council of Baltimore; City of Des Moines; City of Tacoma; City of Tuscaloosa; City of Tampa; Town of Gilbert; City of Oxnard*

# EXHIBIT 1

## Defendant Entities, Ownership, Affiliations, and Combinations


The REV Group Defendants
The Oshkosh and BME Defendants
AIP
AMERICAN INDUSTRIAL PARTNERS
Private equity · New York · controls the REV Group defendants
REV GROUP
formed 2010 as ASV · renamed 2015 · IPO Jan 2017
2008
E-ONE
2016
KME
APR 2017
FERRARA
FEB 2020
SPARTAN EMERGENCY RESPONSE
CAME WITH SPARTAN EMERGENCY RESPONSE
2019
DETROIT TRUCK MANUFACTURING
2017
SMEAL
2014
LADDER TOWER
UST
OSHKOSH CORPORATION
BOISE MOBILE EQUIPMENT
co-owns
2022
MAXIMETAL
An Oshkosh Corporation Business
SUBSIDIARY
PIERCE
co-owns
2021
FIRE TRUCKS
BME FIRE TRUCKS
Co-owned by Pierce and Boise Mobile Equipment
Pierce holds 25% · exclusive distributor

# APPENDIX A

## NCAP Claims

# APPENDIX A

| Row | Column | A | B | C | D |
|---|---|---|---|---|---|
| | | | Apparatus | | |
| 1 | | | Clayton § 7 | | |
| 2 | **Plaintiff** | **State Law** | **AIP & REV Group Defs.** | **Oshkosh Defs.** | **BME Defs.** |
| 3 | People of the State of California | CA | [redacted] | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 5 | County of San Diego and San Diego County Fire Protection District | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 6 | City of San Diego | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 7 | City of Oakland | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 8 | City of Santa Barbara | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 9 | County of Shasta | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 10 | County of Butte | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 11 | Ebbetts Pass Fire Protection District | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 12 | City of Santa Clara | CA | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 13 | City of Emeryville | CA | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 14 | City of Oxnard | CA | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 15 | Unified Fire Authority | UT | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 16 | City of Hartford | CT | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 17 | City of Portland | OR | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 18 | City of Allentown | WI | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 19 | City of Portsmouth | WI | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 20 | City of Green Bay | WI | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 21 | City of Tacoma | WI | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 22 | City of Tuscaloosa | WI | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 23 | City of Tampa | WI | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 24 | City of Yonkers | NY | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 25 | City of Tucson | AZ | CAC Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | CAC Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 26 | City of Tempe | AZ | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 27 | Town of Gilbert | AZ | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 28 | City of Albuquerque | NM | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 29 | City of Baltimore | MD | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |
| 30 | City of Des Moines | IA | Count 1 (Clayton Act § 7, 15 U.S.C. § 18) | Count 2 (Clayton Act § 7, 15 U.S.C. § 18) | Count 3 (Clayton Act § 7, 15 U.S.C. § 18) |

## APPENDIX A

| Row \ Column | | E | F | G |
|---|---|---|---|---|
| Row | | Apparatus | | |
| 1 | | State-Law Sherman § 1 | | |
| 2 | **Plaintiff** | **AIP & REV Group Defs.** | **Oshkosh Defs.** | **BME Defs.** |
| 3 | People of the State of California | [redacted] | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | | | |
| 5 | County of San Diego and San Diego County Fire Protection District | | | |
| 6 | City of San Diego | | | |
| 7 | City of Oakland | | | |
| 8 | City of Santa Barbara | | | |
| 9 | County of Shasta | | | |
| 10 | County of Butte | | | |
| 11 | Ebbetts Pass Fire Protection District | | | |
| 12 | City of Santa Clara | | | |
| 13 | City of Emeryville | | | |
| 14 | City of Oxnard | | | |
| 15 | Unified Fire Authority | CAC Count 4 (Utah Code Ann. § 76-16-510(1)) | CAC Count 5 (Utah Code Ann. § 76-16-510(1)) | CAC Count 6 (Utah Code Ann. § 76-16-510(1)) |
| 16 | City of Hartford | CAC Count 7 (Conn. Gen. Stat. §§ 35-26, 35-28) | CAC Count 8 (Conn. Gen. Stat. §§ 35-26, 35-28) | CAC Count 9 (Conn. Gen. Stat. §§ 35-26, 35-28) |
| 17 | City of Portland | CAC Count 10 (Oregon Antitrust Law, Or. Rev. Stat. § 646.725) | CAC Count 11 (Oregon Antitrust Law, Or. Rev. Stat. § 646.725) | CAC Count 12 (Oregon Antitrust Law, Or. Rev. Stat. § 646.725) |
| 18 | City of Allentown | CAC Count 13 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 14 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 19 | City of Portsmouth | CAC Count 13 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 14 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 20 | City of Green Bay | CAC Count 13 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 14 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | CAC Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 21 | City of Tacoma | Count 4 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 5 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 6 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 22 | City of Tuscaloosa | Count 4 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 5 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 6 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 23 | City of Tampa | Count 4 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 5 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) | Count 6 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 24 | City of Yonkers | CAC Count 16 (Donnelly Act, N.Y. Gen. Bus. Law § 340(1)) | CAC Count 17 (Donnelly Act, N.Y. Gen. Bus. Law § 340(1)) | CAC Count 18 (Donnelly Act, N.Y. Gen. Bus. Law § 340(1)) |
| 25 | City of Tucson | CAC Count 19 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | CAC Count 20 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | CAC Count 21 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 26 | City of Tempe | Count 7 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | Count 8 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | Count 9 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 27 | Town of Gilbert | Count 4 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | Count 5 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) | Count 6 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 28 | City of Albuquerque | Count 4 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1) | Count 5 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1) | Count 6 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1) |
| 29 | City of Baltimore | Count 17 (Maryland Antitrust Act § 11-204(a)(1)) | Count 18 (Maryland Antitrust Act § 11-204(a)(1)) | Count 19 (Maryland Antitrust Act § 11-204(a)(1)) |
| 30 | City of Des Moines | Count 17 (Iowa Competition Law § 553.4) | Count 18 (Iowa Competition Law § 553.4) | Count 19 (Iowa Competition Law § 553.4) |



Case 2:26-md-03179-WCG Filed 10/16/26 Page 27 of 33 Document 236

# APPENDIX A

| Row | Column | H | I | J |
|---|---|---|---|---|
| | | Apparatus | | |
| 1 | | Sherman § 2 Attempt | | |
| 2 | **Plaintiff** | **AIP & REV Group Defs.** | **Oshkosh Defs.** | **BME Defs.** |
| 3 | People of the State of California | [redacted] | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 5 | County of San Diego and San Diego County Fire Protection District | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 6 | City of San Diego | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 7 | City of Oakland | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 8 | City of Santa Barbara | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 9 | County of Shasta | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 10 | County of Butte | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 11 | Ebbetts Pass Fire Protection District | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 12 | City of Santa Clara | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 13 | City of Emeryville | Count 4 (Sherman Act § 2, 15 U.S.C. § 2) | Count 5 (Sherman Act § 2, 15 U.S.C. § 2) | Count 6 (Sherman Act § 2, 15 U.S.C. § 2) |
| 14 | City of Oxnard | Count 4 (Sherman Act § 2, 15 U.S.C. § 2) | Count 5 (Sherman Act § 2, 15 U.S.C. § 2) | Count 6 (Sherman Act § 2, 15 U.S.C. § 2) |
| 15 | Unified Fire Authority | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 16 | City of Hartford | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 17 | City of Portland | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 18 | City of Allentown | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 19 | City of Portsmouth | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 20 | City of Green Bay | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 21 | City of Tacoma | Count 7 (Sherman Act § 2, 15 U.S.C. § 2) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Sherman Act § 2, 15 U.S.C. § 2) |
| 22 | City of Tuscaloosa | Count 7 (Sherman Act § 2, 15 U.S.C. § 2) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Sherman Act § 2, 15 U.S.C. § 2) |
| 23 | City of Tampa | Count 7 (Sherman Act § 2, 15 U.S.C. § 2) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Sherman Act § 2, 15 U.S.C. § 2) |
| 24 | City of Yonkers | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 25 | City of Tucson | CAC Count 22 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 23 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 24 (Sherman Act § 2, 15 U.S.C. § 2) |
| 26 | City of Tempe | Count 4 (Sherman Act § 2, 15 U.S.C. § 2) | Count 5 (Sherman Act § 2, 15 U.S.C. § 2) | Count 6 (Sherman Act § 2, 15 U.S.C. § 2) |
| 27 | Town of Gilbert | Count 7 (Sherman Act § 2, 15 U.S.C. § 2) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Sherman Act § 2, 15 U.S.C. § 2) |
| 28 | City of Albuquerque | Count 7 (Sherman Act § 2, 15 U.S.C. § 2) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Sherman Act § 2, 15 U.S.C. § 2) |
| 29 | City of Baltimore | Count 4 (Sherman Act § 2, 15 U.S.C. § 2) | Count 5 (Sherman Act § 2, 15 U.S.C. § 2) | Count 6 (Sherman Act § 2, 15 U.S.C. § 2) |
| 30 | City of Des Moines | Count 4 (Sherman Act § 2, 15 U.S.C. § 2) | Count 5 (Sherman Act § 2, 15 U.S.C. § 2) | Count 6 (Sherman Act § 2, 15 U.S.C. § 2) |

# APPENDIX A

| Row | Column | K | L | M |
|---|---|---|---|---|
| | | Apparatus | | |
| 1 | | State-Law Sherman § 2 Attempt | | |
| 2 | **Plaintiff** | **AIP & REV Group Defs.** | **Oshkosh Defs.** | **BME Defs.** |
| 3 | People of the State of California | [redacted] | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | | | |
| 5 | County of San Diego and San Diego County Fire Protection District | | | |
| 6 | City of San Diego | | | |
| 7 | City of Oakland | | | |
| 8 | City of Santa Barbara | | | |
| 9 | County of Shasta | | | |
| 10 | County of Butte | | | |
| 11 | Ebbetts Pass Fire Protection District | | | |
| 12 | City of Santa Clara | | | |
| 13 | City of Emeryville | | | |
| 14 | City of Oxnard | | | |
| 15 | Unified Fire Authority | CAC Count 25 (Utah Code Ann. § 76-16-510(2)) | CAC Count 26 (Utah Code Ann. § 76-16-510(2)) | CAC Count 27 (Utah Code Ann. § 76-16-510(2)) |
| 16 | City of Hartford | CAC Count 28 (Connecticut Antitrust Act, Conn. Gen. Stat. § 35-27) | CAC Count 29 (Connecticut Antitrust Act, Conn. Gen. Stat. § 35-27) | CAC Count 30 (Connecticut Antitrust Act, Conn. Gen. Stat. § 35-27) |
| 17 | City of Portland | CAC Count 31 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) | CAC Count 32 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) | CAC Count 33 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) |
| 18 | City of Allentown | CAC Count 34 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 35 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 36 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 19 | City of Portsmouth | CAC Count 34 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 35 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 36 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 20 | City of Green Bay | CAC Count 34 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 35 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 36 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 21 | City of Tacoma | Count 10 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 11 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 12 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 22 | City of Tuscaloosa | Count 10 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 11 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 12 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 23 | City of Tampa | Count 10 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 11 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 12 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 24 | City of Yonkers | [redacted] | | |
| 25 | City of Tucson | CAC Count 37 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | CAC Count 38 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | CAC Count 39 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) |
| 26 | City of Tempe | Count 10 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | Count 11 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | Count 12 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) |
| 27 | Town of Gilbert | Count 10 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | Count 11 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | Count 12 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) |
| 28 | City of Albuquerque | Count 10 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) | Count 11 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) | Count 12 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) |
| 29 | City of Baltimore | Count 7 (Maryland Antitrust Act § 11-204(a)(2)) | Count 8 (Maryland Antitrust Act § 11-204(a)(2)) | Count 9 (Maryland Antitrust Act § 11-204(a)(2)) |
| 30 | City of Des Moines | Count 7 (Iowa Competition Law § 553.5) | Count 8 (Iowa Competition Law § 553.5) | Count 9 (Iowa Competition Law § 553.5) |

# APPENDIX A

| Row \ Column | | N | O | P |
|---|---|---|---|---|
| | | Apparatus | Apparatus | Apparatus |
| 1 | | Sherman § 1 Combination | Sherman § 2 Conspiracy | State-Law Sherman § 1 |
| 2 | **Plaintiff** | **Pierce, Oshkosh, BME Defs.** | **Pierce, Oshkosh, BME Defs.** | **Pierce, Oshkosh, BME Defs.** |
| 3 | People of the State of California | [redacted] | [redacted] | [redacted] |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 5 | County of San Diego and San Diego County Fire Protection District | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 6 | City of San Diego | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 7 | City of Oakland | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 8 | City of Santa Barbara | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 9 | County of Shasta | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 10 | County of Butte | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 11 | Ebbetts Pass Fire Protection District | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 12 | City of Santa Clara | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 13 | City of Emeryville | Count 7 (Sherman Act § 1, 15 U.S.C. § 1) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 14 | City of Oxnard | Count 7 (Sherman Act § 1, 15 U.S.C. § 1) | Count 8 (Sherman Act § 2, 15 U.S.C. § 2) | Count 9 (Cal. Bus. & Prof. Code § 16720 et seq.) |
| 15 | Unified Fire Authority | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 43 (Utah Code Ann. § 76-16-510(1)) |
| 16 | City of Hartford | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 45 (Connecticut Antitrust Act, Conn. Gen. Stat. §§ 35-26, -28) |
| 17 | City of Portland | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 47 (Oregon Antitrust Law, Or. Rev. Stat. § 646.725) |
| 18 | City of Allentown | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 49 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 19 | City of Portsmouth | CAC Count 40 (Sherman Act § 1, 15 U.S.C. § 1) | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 49 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 20 | City of Green Bay | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 49 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 21 | City of Tacoma | Count 13 (Sherman Act § 1, 15 U.S.C. § 1) | Count 14 (Sherman Act § 2, 15 U.S.C. § 2) | Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 22 | City of Tuscaloosa | Count 13 (Sherman Act § 1, 15 U.S.C. § 1) | Count 14 (Sherman Act § 2, 15 U.S.C. § 2) | Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 23 | City of Tampa | Count 13 (Sherman Act § 1, 15 U.S.C. § 1) | Count 14 (Sherman Act § 2, 15 U.S.C. § 2) | Count 16 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(1)) |
| 24 | City of Yonkers | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 51 (Donnelly Act, N.Y. Gen. Bus. Law § 340(1)) |
| 25 | City of Tucson | [redacted] | CAC Count 41 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 53 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 26 | City of Tempe | [redacted] | Count 13 (Sherman Act § 2, 15 U.S.C. § 2) | Count 15 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 27 | Town of Gilbert | [redacted] | Count 13 (Sherman Act § 2, 15 U.S.C. § 2) | Count 14 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1402) |
| 28 | City of Albuquerque | [redacted] | Count 13 (Sherman Act § 2, 15 U.S.C. § 2) | Count 15 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1) |
| 29 | City of Baltimore | [redacted] | Count 11 (Sherman Act § 2, 15 U.S.C. § 2) | Count 10 (Maryland Antitrust Act § 11-204(a)(1)) |
| 30 | City of Des Moines | [redacted] | Count 11 (Sherman Act § 2, 15 U.S.C. § 2) | Count 10 (Iowa Competition Law § 553.4) |

## APPENDIX A

| Row | Column | Q | R | S |
|---|---|---|---|---|
| | | Apparatus | Pierce Parts | Pierce Parts |
| 1 | | State-Law Sherman § 2 Conspiracy | Clayton § 3 | State-Law Clayton § 3 |
| 2 | **Plaintiff** | **Pierce, Oshkosh, BME Defs.** | **Oshkosh Defs.** | **Oshkosh Defs.** |
| 3 | People of the State of California | | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 5 | County of San Diego and San Diego County Fire Protection District | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 6 | City of San Diego | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 7 | City of Oakland | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 8 | City of Santa Barbara | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 9 | County of Shasta | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | | |
| 10 | County of Butte | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | | |
| 11 | Ebbetts Pass Fire Protection District | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 12 | City of Santa Clara | CAC Count 42 (Cal. Bus. & Prof. Code § 16720 et seq.) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | CAC Count 57 (Cal. Bus. & Prof. Code § 16727) |
| 13 | City of Emeryville | Count 9 (Cal. Bus. & Prof. Code § 16720 et seq.) | Count 11 (Clayton Act § 3, 15 U.S.C. § 14) | Count 12 (Cal. Bus. & Prof. Code § 16727) |
| 14 | City of Oxnard | Count 9 (Cal. Bus. & Prof. Code § 16720 et seq.) | Count 11 (Clayton Act § 3, 15 U.S.C. § 14) | Count 12 (Cal. Bus. & Prof. Code § 16727) |
| 15 | Unified Fire Authority | CAC Count 44 (Utah Code Ann. § 76-16-510(2)) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 16 | City of Hartford | CAC Count 46 (Connecticut Antitrust Act, Conn. Gen. Stat. § 35-27) | | |
| 17 | City of Portland | CAC Count 48 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 18 | City of Allentown | CAC Count 50 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | |
| 19 | City of Portsmouth | CAC Count 50 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 20 | City of Green Bay | CAC Count 50 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 21 | City of Tacoma | Count 16 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 18 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 22 | City of Tuscaloosa | Count 16 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 18 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 23 | City of Tampa | Count 15 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | Count 18 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 24 | City of Yonkers | CAC Count 52 (Donnelly Act, N.Y. Gen. Bus. Law § 340(1)) | | |
| 25 | City of Tucson | CAC Count 54 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | CAC Count 56 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 26 | City of Tempe | Count 14 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | | |
| 27 | Town of Gilbert | Count 15 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | Count 17 (Clayton Act § 3 15 U.S.C. § 14) | |
| 28 | City of Albuquerque | Count 14 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) | Count 17 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 29 | City of Baltimore | Count 12 (Maryland Antitrust Act § 11-204(a)(2)) | Count 14 (Clayton Act § 3, 15 U.S.C. § 14) | |
| 30 | City of Des Moines | Count 12 (Iowa Competition Law § 553.5) | Count 14 (Clayton Act § 3, 15 U.S.C. § 14) | |

# APPENDIX A

| Row | Column | T | U | V |
|---|---|---|---|---|
| | | Pierce Parts | Pierce Parts | Pierce Parts |
| 1 | | Sherman § 2 Conspiracy | State-Law Sherman § 1 (Unlawful Trust) | State-Law Sherman § 2 Monopolization |
| 2 | **Plaintiff** | **Oshkosh Defs.** | **Oshkosh Defs.** | **Oshkosh Defs.** |
| 3 | People of the State of California | | | |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 5 | County of San Diego and San Diego County Fire Protection District | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 6 | City of San Diego | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 7 | City of Oakland | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 8 | City of Santa Barbara | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 9 | County of Shasta | | | |
| 10 | County of Butte | | | |
| 11 | Ebbetts Pass Fire Protection District | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 12 | City of Santa Clara | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | CAC Count 58 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 13 | City of Emeryville | Count 10 (Sherman Act § 2, 15 U.S.C. § 2) | Count 13 (Cal. Bus. & Prof. Code § 16720 et seq.) | |
| 14 | City of Oxnard | Count 10 (Sherman Act § 2, 15 U.S.C. § 2) | Count 13 (Cal. Bus. & Prof. Code § 16720 et seq. ) | |
| 15 | Unified Fire Authority | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | | CAC Count 59 (Utah Code Ann. § 76-16-510(2)) |
| 16 | City of Hartford | | | |
| 17 | City of Portland | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | | CAC Count 61 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) |
| 18 | City of Allentown | | | |
| 19 | City of Portsmouth | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | | CAC Count 63 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 20 | City of Green Bay | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | | CAC Count 63 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 21 | City of Tacoma | Count 17 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 19 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 22 | City of Tuscaloosa | Count 17 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 19 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 23 | City of Tampa | Count 17 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 19 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) |
| 24 | City of Yonkers | | | |
| 25 | City of Tucson | CAC Count 55 (Sherman Act § 2, 15 U.S.C. § 2) | | CAC Count 65 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) |
| 26 | City of Tempe | | | |
| 27 | Town of Gilbert | Count 16 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 18 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) |
| 28 | City of Albuquerque | Count 16 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 18 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) |
| 29 | City of Baltimore | Count 13 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 15 (Maryland Antitrust Act § 11-204(a)(2)) |
| 30 | City of Des Moines | Count 13 (Sherman Act § 2, 15 U.S.C. § 2) | | Count 15 (Iowa Competition Law § 553.5) |

# APPENDIX A

| Row | Column | W | X | Y | Z |
|---|---|---|---|---|---|
| | | Pierce Parts | Apparatus + Parts | | |
| 1 | | State-Law Sherman § 2 Attempt | UCL/UTPA | | |
| 2 | **Plaintiff** | **Oshkosh Defs.** | **AIP & REV Group Defs.** | **Oshkosh Defs.** | **BME Defs.** |
| 3 | People of the State of California | | CAC Count 67 (UCL - Cal. Bus. & Prof. Code § 17200) | CAC Count 68 (UCL - Cal. Bus. & Prof. Code § 17200) | CAC Count 69 (UCL - Cal. Bus. & Prof. Code § 17200) |
| 4 | County of Los Angeles and Consolidated Fire Protection District of Los Angeles | | | | |
| 5 | County of San Diego and San Diego County Fire Protection District | | | | |
| 6 | City of San Diego | | | | |
| 7 | City of Oakland | | | | |
| 8 | City of Santa Barbara | | | | |
| 9 | County of Shasta | | | | |
| 10 | County of Butte | | | | |
| 11 | Ebbetts Pass Fire Protection District | | | | |
| 12 | City of Santa Clara | | | | |
| 13 | City of Emeryville | | | | |
| 14 | City of Oxnard | | | | |
| 15 | Unified Fire Authority | CAC Count 60 (Utah Code Ann. § 76-16-510(2)) | | | |
| 16 | City of Hartford | | CAC Count 70 (Conn. Gen. Stat. § 42-110g(a)) | CAC Count 71 (Conn. Gen. Stat. § 42-110g(a)) | CAC Count 72 (Conn. Gen. Stat. § 42-110g(a)) |
| 17 | City of Portland | CAC Count 62 (Oregon Antitrust Law, Or. Rev. Stat. § 646.730) | | | |
| 18 | City of Allentown | | | | |
| 19 | City of Portsmouth | CAC Count 64 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | | |
| 20 | City of Green Bay | CAC Count 64 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | | |
| 21 | City of Tacoma | Count 20 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | | |
| 22 | City of Tuscaloosa | Count 20 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | | |
| 23 | City of Tampa | Count 20 (Wisconsin Antitrust Law, Wis. Stat. Ann. § 133.03(2)) | | | |
| 24 | City of Yonkers | | | | |
| 25 | City of Tucson | CAC Count 66 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | | | |
| 26 | City of Tempe | | | | |
| 27 | Town of Gilbert | Count 19 (Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1403) | | | |
| 28 | City of Albuquerque | Count 19 (New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-2) | | | |
| 29 | City of Baltimore | Count 16 (Maryland Antitrust Act § 11-204(a)(2)) | | | |
| 30 | City of Des Moines | Count 16 (Iowa Competition Law § 553.5) | | | |