**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | Case No. 26-MD-3179 |
| THIS DOCUMENT RELATES TO:<br>*City of Providence v. Oshkosh Corp., et al.*,<br>Case No. 2:26-cv-01198-WCG | |

**PLAINTIFF CITY OF PROVIDENCE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF ANTITRUST STANDING**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 1

A. Providence Adequately Pleads Standing................................................................. 1

B. Providence Purchased Custom Fire Trucks ............................................................ 2

C. Providence Has Antitrust Standing Even Without Recent Custom Fire Truck Purchases.................................................................................................................. 3

III. CONCLUSION .......................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2

*Chapman v. Yellow Cab Coop.*,
875 F.3d 846 (7th Cir. 2017) .......... 2

*Hughes v. Nw. Univ.*,
63 F.4th 615 (7th Cir. 2023) .......... 2

*McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*,
937 F.3d 1056 (7th Cir. 2019) .......... 3

*Serfecz v. Jewel Food Stores*,
67 F.3d 591 (7th Cir. 1995) .......... 4

*Viamedia, Inc. v. Comcast Corp.*,
951 F.3d 429 (7th Cir. 2020) .......... 3

## I. INTRODUCTION

Defendants assert that Providence lacks standing to challenge Oshkosh's acquisitions of Maxi-Métal and Boise Mobile Equipment based on the absence of a single word—"custom"—in the Complaint's description of the fire trucks it purchased. Even though Providence purchased four fire trucks after the two mergers, according to Defendants, Providence lacks standing in an alleged Custom Fire Trucks market because Providence does not explicitly allege it purchased custom fire trucks.

Based on the allegations in the complaint, it is more than reasonable to infer that Providence bought custom firetrucks; otherwise, why would Providence allege this narrower market in addition to an all-firetruck market. Providence is attaching the invoice showing it purchased a custom fire truck and has provided the invoice to the defendants.[1]

Regardless, even if Providence had purchased a stock, or "commercial," fire truck, it would have standing to bring antitrust claims based on a custom fire truck market because the anticompetitive acquisitions would have priced Providence out of the Custom Fire Trucks market, forcing it to buy a significantly inferior product.

## II. ARGUMENT[2]

### A. Providence Adequately Pleads Standing

Providence's complaint adequately pleads facts sufficient to maintain standing to bring claims in the alleged Custom Fire Trucks market. "It is enough to plead a plausible claim, after which 'a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with

---

[1] At a meet-and-confer on October 15, Providence offered to and did send a copy of the invoice to the defendants. Providence hopes this will resolve defendants' concerns on this issue and eliminating this issue of contention. *See* Decl. of M. Kades ¶ 6.

[2] Providence incorporates its description of the relevant legal standard in its Memorandum of Law in Opposition to Defendants' Individual Motions to Dismiss.

the complaint.'" *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where alternative inferences are in equipoise—that is, where they are all reasonable based on the facts—the plaintiff is to prevail on a motion to dismiss." *Hughes v. Nw. Univ.*, 63 F.4th 615, 629 (7th Cir. 2023) (citation omitted).

Providence alleges purchases of several fire trucks. Compl. ¶¶ 4-5, 201-203. Subsequently, Providence alleges that the relevant market for its Sherman Act, Clayton Act, and analogous state law claims is "no broader than all fire trucks, and may be as narrow as custom fire trucks." *Id.* at ¶ 140. Defendants' argument redounds to asserting that simply because Providence did not specifically use the word "custom" in its description of the trucks purchased, it lacks standing. This argument fails. Here, Providence's allegation of fire trucks purchases, in combination with an alleged Custom Fire Trucks market, requires the reasonable inference that at least one of the fire truck purchases was custom. At most, whether any of the purchases were custom or commercial is a factual ambiguity for which the competing inferences are equally reasonable. Providence still prevails under this characterization. *See Hughes*, 63 F.4th at 629.

**B. Providence Purchased Custom Fire Trucks**

Even if the Court held that it is unreasonable to infer that at least one of the trucks purchased was custom, Providence still prevails on standing because it purchased custom fire trucks. As stated in the Complaint, Providence recently purchased an aerial ladder truck. Compl. ¶ 203. This truck was purchased in 2024. *See* Decl. of M. Kades, Ex. 1, Sales Invoice. This truck includes, among other customizations, an extended cab, an emergency medical services compartment in the

cab, an upgraded engine, a heavy-duty metal dash, a six-kilowatt hydraulic generator, upgraded driving safety management systems, a heavy-duty HVAC system, and myriad other, smaller customizations. *See* Ex. 1. Because Providence purchased a custom fire truck, it has suffered an injury and has standing to bring antitrust claims under a custom fire trucks market.

### C. Providence Has Antitrust Standing Even Without Recent Custom Fire Truck Purchases

Even if Providence had not purchased a custom fire truck, Providence would still have standing to bring a claim under a custom fire trucks market. As alleged in the Complaint, Defendants conduct and acquisitions have raised prices in the custom fire trucks market. Compl. ¶¶ 214-218. If the increased prices for custom fire trucks forced Providence to shift purchases from custom fire trucks to less-preferred commercial trucks, that is a reduction in quality sufficient to constitute antitrust injury.

"The general rule is that customers and competitors in the affected market have antitrust standing." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 482 (7th Cir. 2020). Defendants rely on *McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.* for their argument that Providence lacks standing. 937 F.3d 1056 (7th Cir. 2019). This case is inapposite. In *McGarry*, an unsecured creditor of an estate brought a Sherman Act claim against a banking and software services firm for alleged price-fixing. *Id.* at 1065. The Plaintiff's theory of harm was that the Defendant's conspiracy "caused the estate to pay a higher fee for the combined banking and software services, which reduced the funds available in the Chapter 7 estate to pay claims" thereby reducing the distribution that unsecured creditors, such as the plaintiff, could receive. *Id.*

Defendants' application of *McGarry* to the present circumstance is without merit. As the "second oldest continuously operating paid professional fire department in the United States," Compl. ¶ 28, Providence is a longstanding participant in the market and has purchased myriad fire

trucks spanning back decades. "When the plaintiff's injury is linked to the injury inflicted upon the market, such as when consumers pay higher prices because of a market monopoly or when a competitor is forced out of the market, the compensation of the injured party promotes the designated purpose of the antitrust law—the preservation of competition." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 597 (7th Cir. 1995). Here, if Providence was forced to purchase a less-preferred inferior substitute good as a function of Defendants' anticompetitive information exchange and acquisitions, that is injury sufficient to constitute antitrust standing.

## III. CONCLUSION

For all the reasons set forth above, Providence requests that Defendants' motion to dismiss be denied. Purely for the sake of argument, if the Court were to be persuaded to the contrary, then Providence would request to seek leave to amend its complaint to adequately allege standing in the market for Custom Fire Trucks.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Jeff Dan Herrera*

Michael Kades
mkades@ntrial.com
Jeff Dan Herrera
jherrera@ntrial.com
Nachawati Law Group
5489 Blair Rd.
Dallas, TX 75231
Tel: (214) 890-0711

*Counsel for the City of Providence*