**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**IN RE: FIRE APPARATUS ANTITRUST LITIGATION** **Case No. 26-MD-3179**

This document relates to all cases.

---

## ORDER GRANTING MOTION TO CLARIFY SOLICITATION ORDER

---

This multi-district Fire Apparatus Antitrust Litigation is proceeding on three separate tracks: a proposed class of Direct Purchaser Plaintiffs (DPPs), a proposed class of Indirect Purchaser Plaintiffs (IPPs), and several dozen Non-Class Action Plaintiffs (NCAPs). On May 29, 2026, DPPs filed a motion for a curative communication. Dkt. No. 89. The memorandum accompanying the motion explained that Simonsen Sussman, LLP, and Baron & Budd, P.C. (collectively, SSBB)—the two firms acting as lead counsel for the NCAPs—were engaged in a marketing campaign to solicit potential plaintiffs for this litigation. Dkt. No. 90. DPPs argued that SSBB was failing to inform potential clients of the existence of the proposed classes and that their solicitation and marketing efforts were therefore potentially misleading.

On July 13, 2026, the Court granted the motion and entered an order (the Solicitation Order) directing SSBB to provide a curative communication to all recipients of SSBB's solicitation efforts up to that point. Dkt. No. 126. The curative communication would inform the recipients of the existence of the two proposed classes of plaintiffs and provide contact information of counsel for the DPPs. *Id.* at 4–5. The Court further ordered that any future solicitation materials disseminated by SSBB "or their agent(s)" be amended to include or be accompanied by the same information. *Id.* at 6–7.

On September 30, 2026, DPPs and IPPs (collectively, "Class Plaintiffs") filed a joint motion requesting that the Court clarify its Solicitation Order as applying to all counsel soliciting non-class action plaintiffs in this case. Dkt. No. 196. The motion alleges that, after the Court had entered the Solicitation Order, two law firms, Jinks Crow (JC) and Prince Glover Hayes (PGH), who were co-counsel with SSBB in one of the NCAP actions, had continued to engage in marketing efforts in violation of the Solicitation Order. Specifically, Class Plaintiffs allege that JC and PGH hosted a booth at a firefighting and fire apparatus industry tradeshow and presented a slideshow in which they discussed the ongoing fire apparatus litigation but did not provide the language required by the Solicitation Order. *Id.* at 2. Class Plaintiffs argue that the continued solicitation efforts by JC and PGH are "at odds with the letter and spirit of the Solicitation Order" and request that the Court enter an order "expressly stating that the Solicitation Order applies to all non-governmental, non-class action plaintiffs' counsel of record, including JC and PGH, and requiring JC to produce the full slide deck that it presented at the conference." *Id.*

JC and PGH filed a response arguing that the Solicitation Order was directly exclusively at SSBB and did not apply to JC and PGH because they are not agents of SSBB. Dkt. No. 209 at 1. Even assuming the Solicitation Order did apply to them, JC and PGH contend that they had not violated it. *Id.* at 8. They note that the attorney who had presented at the tradeshow had explained what a class action was and that there were proposed classes consolidated in one court. *Id.* at 4. JC and PGH had provided a QR code linking to a webpage where interested persons could leave contact information, but they had not distributed any written materials. *Id.* Instead, they encouraged interested parties to contact their city attorneys. *Id.* JC and PGH contend that this conduct was sufficient to comply with the requirements of the Solicitation Order, assuming it applied to them. *Id.* at 9. They further argue that the motion to clarify is "an imperious and

speculative overstepping into the rights of law firms and parties to freely discuss all potential causes of action" and should therefore be denied. *Id.* at 2. Counsel representing other plaintiffs have offered similar responses.

The Court finds that the rationale underlying its July 13, 2026 Solicitation Order applies equally to all attorneys of record and their firms engaged in soliciting clients in relation to this Fire Apparatus Antitrust Litigation. Class Plaintiffs' motion to clarify is therefore granted. Any solicitation communication to be disseminated by attorneys of record in this case to develop additional clients for this MDL must be amended to include, or accompanied by writing containing, the following language:

> There is a matter that may be of interest to you pending in U.S. District Court for the Eastern District of Wisconsin, in the cases called "In Re: Fire Apparatus Antitrust Litigation, 2:26-md-03179 (E.D. Wis.)" ("the Case").
>
> There are class actions filed on behalf of a proposed class of direct purchasers of fire apparatus and on behalf of a proposed class of indirect purchasers of fire apparatus. You, or the municipality or public entity you represent, may be member of one or both classes. The Court has not yet decided whether those cases may proceed as class actions. Until the Court decides whether those cases may proceed as class actions, the statute of limitations has been suspended on any antitrust claim you may have within the scope of the proposed class actions. The Court has appointed interim co-lead counsel to represent those putative classes.
>
> While the proposed class action is pending, you do not need to file a complaint asserting the same claims against the same parties as are asserted in the class action complaints in the Case because you may be part of a proposed class. If there is a recovery for the class(es) in which you may be a member, you may only need to file a claim form at an appropriate time to get your share of any such recovery without taking any other action in the Case. If there is a recovery, the Court will decide whether and in what amount to award the lawyers for the classes attorneys' fees and reimbursement of expenses out of the recovery. There will be no additional or specific cost to you. If the Court certifies a class that includes you, there will be a notice to the class and you will have a choice to remain in the class or to opt out of it. If you prefer, you have the right to retain your own attorneys to file an individual lawsuit, if you believe that is in your best interest.

Since this order applies to all such firms, there is no need to provide an opportunity for a hearing to each attorney or law firm affected by this order.

With regard to Class Plaintiffs' request that JC and PGH produce the complete slide deck used at the tradeshow, Class Plaintiffs in their joint reply do not dispute that JC and PGH's tradeshow presentation complied with the requirements of the Solicitation Order, and in fact admit that "there is no way to know whether Jinks and Prince provided the detail in the Solicitation Order." Dkt. No. 245 at 3. Absent concrete allegations rebutting JC and PGH's claims that they complied with the Solicitation Order, the Court finds no cause to compel production of the slide decks.

**IT IS THEREFORE ORDERED** that Class Plaintiffs' motion (Dkt. No. 196) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The request for clarification is granted. The request for an order compelling production of the presentation materials used by JC and PGH at the tradeshow is denied.

Dated at Green Bay, Wisconsin this 6th day of November, 2026.

William C. Griesbach
United States District Judge